UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:24-cv-05607-GW-BFM | Date: | July 30, 2024 |

Title:   Move, Inc., et al. v. CoStar Group, Inc., et al.

================================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:   (In Chambers) Order Re: Plaintiffs' Ex Parte Application for Protective Order (ECF 20)**

On July 23, 2024, Plaintiffs Move, Inc., Move Sales, Inc., and RealSelect, Inc., filed an ex parte Application seeking entry of a protective order governing the disclosure of confidential and trade secret information in this case. (ECF 20.) Defendants CoStar Group, Inc. and James Kaminsky oppose entry of Plaintiffs' proposed protective order, and propose their own competing version. (ECF 36, 37.)

By way of background, Plaintiffs allege trade secret misappropriation against Defendants, alleging that Mr. Kaminsky (1) emailed Move's confidential files from his work email to a Gmail account without authorization during his last days of work at Move, (2) repeatedly accessed core trade secret files from Move's secure electronic cloud storage service after he left Move and began working for competitor CoStar; and (3) deleted nearly a thousand electronic files and his entire browser history from a computer before returning it to Move, "to cover his tracks." (Appl. at 2 (citations omitted).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:24-cv-05607-GW-BFM | Date: | July 30, 2024 |

Title:    Move, Inc., et al. v. CoStar Group, Inc., et al.

Plaintiffs, before filing their Motion for Preliminary Injunction (ECF 12), proposed a confidentiality protective order to Defendants. (Appl. at 3.) After some back and forth, it became clear that Defendants would not agree to the draft protective order "unless it included language providing a pathway for Mr. Kaminsky to view Move's trade secret documents at the heart of this litigation"—something to which Plaintiffs refused to agree. (Appl. at 5.) The preliminary injunction hearing is currently scheduled for September 23, 2024, and as of the close of briefing on this Application, Plaintiffs had not yet provided Defendants with unredacted versions of the preliminary injunction motion papers. (Appl. at 5.) Plaintiffs offered to send Defendants' counsel copies of the unredacted version so long as Defendants' counsel confirmed in writing that they would not show their clients those papers in the meantime. (Appl. at 5.) Defendants would not so confirm.

Plaintiffs contend that the quickly approaching deadlines provide good cause for considering their Application ex parte; Defendants do not appear to refute that claim. The Court finds that good cause exists to consider the Application on an ex parte basis.

The dispute focuses on whether Mr. Kaminsky should have access to certain documents deemed to be confidential. The parties appear to agree that certain "especially sensitive documents" may be designated as Attorneys' Eyes Only (AEO) or Outside Counsel Eyes Only (OCEO). (Appl. at 10; CoStar Opp'n Ex. B[1] ¶¶ 2.3.2, 2.3.3.) Plaintiffs argue that this multi-tier confidentiality

---

[1] This Exhibit is the redlined version of Plaintiffs' proposed protective order (Appl. Baldridge Decl. Ex. A), with only the issues remaining unresolved by the parties' meet and confer efforts showing as redlined. The bulk of these issues are found in paragraphs 7.2 and 7.3 of the draft protective order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:24-cv-05607-GW-BFM | Date: | July 30, 2024 |

Title:    Move, Inc., et al. v. CoStar Group, Inc., et al.

protection is warranted, as Defendant CoStar is a direct competitor of Move, and Move has a legitimate fear of competitive harm from the disclosure of trade secrets and other proprietary material to Defendants, including to Mr. Kaminsky *and* CoStar's in-house counsel. (Appl. at 10.) Plaintiffs' version of the proposed protective order thus specifically precludes Mr. Kaminsky from receiving documents designated as either Outside Counsel Eyes Only or Attorneys' Eyes Only. (*See* CoStar Opp'n Ex. B ¶¶ 7.2(f), 7.3(g) (both excluding Mr. Kaminsky from the category of "author or recipient" of a document).)

Defendants propose the same two designations, but the import of each designation differs from Plaintiffs' proposal. With respect to the Outside Counsel Eyes Only designation, Defendants' proposal excludes in-house counsel from receiving such documents, but would permit disclosure—subject to certain parameters[2]—to "the author or recipient of a document containing the information," without exception. (CoStar Opp'n Ex. B ¶ 7.2(f).) Thus, under Defendants' version, Mr. Kaminsky may review such documents, if he authored or received them, but CoStar's in-house counsel may not.

Under Defendants' proposal, documents designated as Attorneys' Eyes Only may be disclosed to outside counsel and up to two in-house counsel—subject to the same parameters previously outlined, as can the author or

---

[2] The parameters include the identification of the in-house counsel, author of, or prior recipient of a document, to whom the receiving party intends to disclose the document; a three-day period to object after such disclosure during which time the intended recipient may not review the document or information; a mechanism for bringing any dispute over an objection to the Court; and a provision that the individual(s) identified may not keep any of the material, and must sign the protective order's Acknowledgement and Agreement to Be Bound. (CoStar Opp'n Ex. B ¶¶ 7.2(f), 7.3(b), 7.3(g).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| **Case No.:** | 2:24-cv-05607-GW-BFM | **Date:** | July 30, 2024 |
| **Title:** | Move, Inc., et al. v. CoStar Group, Inc., et al. | | |

recipient of such documents. (CoStar Opp'n Ex. B ¶ 7.3(b); *see infra* n.2.) Again, this designation would permit review of Attorneys' Eyes Only documents by Mr. Kaminsky.

Defendants believe that their modifications to Plaintiffs' proposal are necessary to protect Defendants' interests in assisting his attorneys (and his new employer's attorneys) in defending against Plaintiffs' allegations.

## Discussion

Federal Rule of Civil Procedure 26(c) allows the court, on motion of a party, to "issue an order to protect a party or person from . . . undue burden," including an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c). Under this Rule, courts may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order bears the burden of showing "specific prejudice or harm will result if no protective order is granted." *Phillips ex. rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) (citing *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").

Where trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). The court may order that trade secret or commercial information not be revealed or be revealed only in a designated way. *Nutratech, Inc. v. Syntech*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:24-cv-05607-GW-BFM | Date: | July 30, 2024 |

Title:   Move, Inc., et al. v. CoStar Group, Inc., et al.

*(SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007) (citing Fed. R. Civ. P. 26(c)(7)).

After conducting the required balancing, the Court generally agrees with Defendants that Mr. Kaminsky should not be walled off from reviewing the documents that are at the heart of the case. His interest in contributing to his own (and CoStar's) defense is weighty; it is his conduct that is at issue, and his knowledge and perspectives are therefore crucial to the defense. *Wisc Aero LLC v. Archer Aviation Inc.*, No. 21-cv-02549-WHO-DMR, 2022 WL 3754521, at *5 (N.D. Cal. Aug. 30, 2022) ("[I]t is not fair to completely block [the defendant] from obtaining relevant information from key percipient witnesses," given the former employees alleged to have misappropriated trade secrets "may have different facts and perspectives that conflict with [the plaintiff's] position.").

On the other side of the balance, the business risk to Plaintiffs is mitigated as to documents that Mr. Kaminsky authored or received: Mr. Kaminsky's review of those documents now would not reveal much, if anything, he did not at one point know. (CoStar Opp'n Ex. B ¶ 7.2(f); *Ho v. Marathon Pat. Grp., Inc.*, No. 5:21-cv-339-PSG (SPx), 2021 WL 10862800, at *3 (C.D. Cal. June 23, 2021). Moreover, Defendants have presented sworn declarations reflecting that Mr. Kaminsky has been placed on leave, and that even before he was placed on leave, his current role at CoStar is not as a "competitive decisionmaker," but in a division that has nothing to do with news. And Defendants have proposed limitations that would further protect Plaintiffs' interests in ensuring that Defendants do not abuse their access to documents, including requiring the receiving party to identify the intended recipient(s), permitting the producing party to object to the identified recipient(s), and preventing the identified recipient(s) from *keeping* documents that he or she reviews.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:   2:24-cv-05607-GW-BFM                Date:   July 30, 2024

Title:   Move, Inc., et al. v. CoStar Group, Inc., et al.

The Court views Defendants' proposal as striking an appropriate balance for the disputed documents the Application contemplates —that is, in general, Mr. Kaminsky should be permitted to review documents that he authored or received, subject to the access limitations that Defendants have proposed. Because the precise documents at issue are not before the Court, the Court declines to say more about the protection that should be afforded any particular document. Neither this Order nor the protective order forecloses arguments that (1) a party has mis-designated a particular document as AEO or OCEO; or (2) a particular document requires greater or a different combination of protections than the two-tiered system affords. And the protective order itself provides for Court intervention should the producing party make a *reasonable* objection to the intended disclosure of a document or documents to a recipient, if the parties have been unable to resolve the dispute after good faith meet and confer efforts.

The Court **grants Plaintiffs' Application (ECF 20) in part and denies it in part.** The Court finds that entry of a protective order is appropriate, with the edits proposed by Defendants. The Court Clerk is directed to separately docket ECF 36-2 (Defendants' proposed protective order) as the approved protective order in this action.

**IT IS SO ORDERED.**

cc:   Counsel of Record

Initials of Preparer:   ch