JENNER & BLOCK LLP
Brent Caslin (SBN 198682)
bcaslin@jenner.com
David R. Singer (SBN 204699)
dsinger@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
Carolyn Small (SBN 304938)
csmall@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:   +1 213 239 5100
Facsimile:   +1 213 239 5199

*Attorneys for Plaintiffs*

*Additional counsel for other parties*
*identified on signature page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MOVE, INC., a Delaware corporation; MOVE SALES, INC., a Delaware corporation; REALSELECT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COSTAR GROUP, INC., a Delaware corporation; JAMES KAMINSKY, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-05607-GW-BFM<br><br>**JOINT STIPULATION RE: DEFENDANTS' EXPEDITED DISCOVERY UNDER L.R. 37-2**<br><br><br>Judge: Hon. George H. Wu<br>Magistrate Judge: Hon. Brianna Fuller Mircheff<br><br>Complaint filed: July 2, 2024 |

## I.   INTRODUCTORY STATEMENTS

Pursuant to the Court's minute order dated July 29, 2024 (ECF No. 38) (the "July 29 Order"), the Court's instructions from the bench on July 29, 2024, and Local Rule 37-2, the parties hereby submit the following joint stipulation concerning Defendants CoStar Group, Inc. ("CoStar") and James Kaminsky's (together, "Defendants") expedited discovery.

### A. <u>Plaintiffs' Introductory Statement</u>

On Sunday, August 4—one, non-business day before the court-ordered deadline for filing objections to discovery requests—Defendants, for the first time, sent discovery requests to Plaintiffs Move, Inc., Move Sales, Inc., and RealSelect, Inc. (collectively, "Move").  By waiting until the eve of the objections deadline to serve their discovery requests, Defendants have not only given Move insufficient time to evaluate the requests, they have also squandered a week during which discovery efforts could have been underway.  Defendants' dilatory tactics, or at minimum lack of diligence, warrant reconsideration of the Court's order granting expedited discovery.

Move has consistently stated no expedited discovery is necessary before the preliminary injunction hearing (ECF No. 31 (Brief Opposing Exp. Discovery); Declaration of Elizabeth Baldridge ("Baldridge Decl.") ¶ 8)) and does not intend to seek any discovery because it is not necessary and will serve only to cause delay. To the extent the Court permits Defendants to seek discovery despite their delay, Defendants' current requests should be narrowed significantly.  In, in an effort to maintain an expedited schedule and comply with the Court's order, Move has done its best on an extremely compressed timeline to assess and respond to Defendants' belated discovery requests.  Any request for additional time to respond to Move's objections to the discovery requests or continue the hearing date to accommodate Defendants' discovery requests should be denied.  Granting them any additional time would serve only to reward their improper conduct and result in further delay and

prejudice to Move.  The remedy for Defendants' delay and lack of diligence should be to limit their ability to seek discovery.

Move's positions on Defendant's discovery requests (set forth in Section II, *infra*), as well as additional background on the parties' discovery discussions, are set forth below.

**1.     Defendants Ignored the July 29 Order, the Local Rules, and Local Practice.**  One week ago today, the Court granted Defendants' *Ex Parte* Application for Expedited Discovery over Move's objection.  ECF No. 38.  Among other things, Move objected that Defendants' application failed to identify the specific discovery being sought.  ECF No. 31 at 15.  In granting Defendants' application, the Court ordered the parties to meet and confer during the week of July 29 to "discuss the issues of what discovery would be requested."  Baldridge Decl. Ex. A (Reporter's Transcript ("RT")) 14:1-4.  The Court further ordered the parties to file a joint brief regarding any unresolved issues by no later than Monday, August 5.  ECF No. 38.  The Court explained that the joint filing should be presented in the form of "a regular discovery dispute telling [the Court] what has been asked for, what the opposition is, and a response to the opposition or objection[.]"  RT 14:6-9.  *See* C.D. Cal. L.R. 37-1-3 (setting forth the local rules for raising a discovery dispute with the Court).  To maintain an expedited schedule and avoid delay, the Court deviated from its standard procedure of requiring discovery motions to be calendared before the Magistrate Judge and agreed to resolve the initial discovery disputes related to the preliminary injunction.  RT 13:6-9.  The path forward, as instructed by the Court, was clear.[1]

---

[1] The Court also suggested the parties spend some of the additional time attempting to resolve the case, noting that the parties "probably could have agreed to an injunction at this point in time, at least with defendant indicating they are not going to concede any wrongdoing."  RT 10:15-20.  Following the hearing, consistent with the Court's suggestion, Move promptly sent Defendants a proposed stipulated preliminary injunction that was narrowly tailored and did not require Defendants to admit any wrongdoing.  Baldridge Decl. Ex. B (proposed stipulated preliminary injunction sent within a day of the hearing).  Defendants rejected the proposed

Instead of timely sending discovery requests, however, Defendants did nothing for four days. Then, on the afternoon of Thursday, August 1, Defendants sent Move a proposed joint stipulation setting forth a discovery schedule under which Defendants' discovery requests would not be served until Monday, August 5—the same day the Court ordered the parties to file a joint brief identifying any discovery disputes. Baldridge Decl. ¶ 7, Ex. D; RT 14:6-9. The joint stipulation asked Move to commit to dates for the production of documents and responses to Defendants' interrogatories without sending Move those requests such that Move could understand whether Defendants' proposed timeline was feasible. Baldridge Decl. Ex. D. Defendants also asked Move to commit to a window of time for depositions that covered just 20 days in August—when many people are on vacation—without telling Move which witnesses Defendants would seek to depose. *Id.*

After Move responded that Defendants' proposed discovery schedule violated the July 29 Order, the parties met and conferred on Friday, August 2. Baldridge Decl. ¶ 9; Ex. E. During the meet and confer, Move again pointed out that Defendants' proposed discovery timeline did not comply with the Court's instruction, which required the parties to exchange discovery requests, meet and confer about the requests, and file any objections on Monday, August 5. Baldridge Decl. ¶ 10. Move also said it could not agree to deadlines for responding to discovery requests when Defendants had not yet informed Move of the discovery they were seeking. *Id.* In response, Defendants reiterated that they would serve their discovery requests on Monday, August 5 as set forth in their proposed schedule—a proposal that was plainly inconsistent with the Court's instruction, as Move repeatedly pointed out. *Id.* Defendants still provided no information about the specific discovery they were seeking. *Id.*

stipulation, refused to make any counter proposal, and instead threatened Move. Baldridge Decl. Ex. C (emails threatening sanctions and "tort" liability for seeking an injunction in this case).

**2.    *Defendants' Discovery Requests Are Not Tailored to the Narrow Scope and Time Frame at Issue.*** Defendants not only ignored the Court's clear instruction, waiting until Sunday, August 4 to send Move their written discovery requests and deposition notices, they then sent sweeping requests that far exceed the limited discovery ordered by the Court based on the narrow injunction Move requested.   Baldridge Decl. ¶ 11.   For example, Defendants request documents relating to *all* trade secret files potentially implicated in Move's Complaint, even though the preliminary injunction request pertains only to three critical files and the employee documents CoStar employee Mr. Kaminsky emailed to his Gmail account on his last day of work at Move.  *See*, *e.g.*, *infra*, Section II, Request for Production Nos. 5, 6.   This is an important distinction.   Move has not sought to enjoin the development of a product, a transaction, or a business line, and thus the scope of expedited discovery should not be a product, a transaction, or a business line.   Move only seeks to enjoin Defendants from use of the trade secret information contained in three critical electronic files that CoStar employee Mr. Kaminsky accessed electronically after leaving Move and Move employee compensation information that Mr. Kaminsky sent to his Gmail account on his last day of work at Move.  *See* ECF No. 12.  The scope of expedited discovery is thus appropriately framed by those documents.   Defendants also request a Federal Rule of Civil Procedure 30(b)(6) deposition on numerous broad topics that go far beyond the subject of the Motion for Preliminary Injunction.   Moreover, although Defendants purport to have served ten interrogatories, they in fact have served over twenty interrogatories given the compound nature of their requests.

Given the number and scope of Defendants' discovery requests, combined with Defendants' inexplicable delay in serving them, it would be infeasible for Move to respond to all the requests in the short time frame available.

**3.    *Defendants Have Not Been Diligent in Seeking Discovery.*** Defendants' lack of diligence in seeking discovery warrants either reconsidering the

4

order granting their request for discovery, or significantly narrowing Defendants' current requests. Courts routinely examine a party's diligence when determining how to control the discovery process. *See*, *e.g.*, *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification [of a scheduling order] was not diligent, the inquiry should end and the motion to modify should not be granted") (citations omitted); *Williams v. James River Group Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022) ("A complete failure to engage in the discovery process is antithetical to the diligence requirement") (denying stipulation to extend discovery).

Defendants' refusal to reveal their discovery requests until Sunday, August 4 can be explained only by either intentional delay or lack of diligence. Defendants should have attached their discovery requests to their July 23 motion seeking expedited discovery. They did not. Defendants should have promptly served their discovery requests after the July 29 hearing. They did not. Defendants should have told Move their discovery requests before the August 2 meet and confer. They did not. Baldridge Decl. ¶ 6. Although it would have still been improper, Defendants should have articulated their discovery requests at the parties' meet and confer on Friday, August 2 (the business day before this brief was due to the Court). Inexplicably, again, they did not. *Id.* at ¶ 10. Defendants did not even identify the names of their deponents at the meet and confer, a disclosure that should have taken minutes and could have been done a few hours after the Court ordered expedited discovery. *Id.* Their repeated refusals to comply with the Court's instruction and resulting delay is the opposite of diligence and should not be rewarded.

## B. Defendants' Introductory Statement

Move has, from the outset of this matter, sought to hide the facts and block pre-hearing discovery, and it continues to do so today. First, Move objected to Defendants' proposal that both sides engage in expedited pre-hearing discovery. Second, Move opposed Defendants' *ex parte* application seeking such discovery, an

application that this Court granted over such opposition on Monday, July 29.  Third, following such hearing, it did nothing regarding setting a schedule for expedited discovery or attempting to meet and confer regarding such discovery for four days, while Defendants were busy drafting interrogatories, requests for production, a 30(b)(6) deposition notice, and a stipulation to govern discovery.  Shortly after noon on August 1, Defendants' counsel sent Move's counsel a proposed stipulation specifying a schedule for such discovery, including a deadline for the exchange of the parties' respective expedited written discovery requests and scheduling for depositions after document production was substantially complete.  (Declaration of Matthew W. Walch ("Walch Decl.") ¶ 8.)  In that same email, Defendants requested a meet and confer consistent with this Court's July 29 order.  (*Id.* ¶ 8.)  Move reluctantly concurred.  It did not argue that the meet-and-confer was late; it did not demand specific discovery requests in advance; rather it expressed confusion and said that it would meet if *Defendants* wanted to do so.  (*Id.* ¶ 9.)  Move's counsel wrote: "I am happy to have a meet and confer today, if *you* think that would be helpful . . . ." (*Id.* ¶ 9, Ex. E (emphasis added).)  Move then participated in the Court-ordered meet-and-confer on Friday August 2.  During that call, Move did not engage in Defendants proposal to discuss the scope of expedited discovery, and Move then stated—incredibly—that it did not expect to seek *any* discovery of its own.  (*Id.* ¶ 10.)  Today, when it provided this draft filing, Move confirmed it would not seek any expedited discovery of Defendants.

Move, a plaintiff claiming trade secret misappropriation, with a pending demand for injunctive relief to protect its purported confidential and critical business information, and the opportunity to determine who has its information and how such information was used, if at all, has decided that on reflection *it does not want to know the facts*.  The reason is plain.  This litigation was filed to gin up adverse press, and Defendants have produced declarations making clear that Move's claims—in particular its allegation that CoStar is using Move trade secrets to compete against

Move—are baseless.  Move thus seeks to stick its head in the sand with respect to discovery from Defendants, and to fight harder to block the discovery of Move that this Court already granted.  That discovery will further underscore that Move's case was knowingly built on falsehoods, and Move is doing everything it can to make sure it does not proceed.[2]

Move's fourth gambit is to seek reconsideration of this Court's July 29 order permitting pre-hearing discovery to proceed, by asking the Court to block or significantly narrow such discovery through this Joint Stipulation.  That request should be denied.  Move's core argument is that Defendants have taken too long to formulate precise discovery requests.  But this Court set a one week deadline to bring discovery disputes to the Court's attention, and together the parties are doing just that, in this Joint Stipulation.  There is therefore no delay, and certainly no prejudice to Move: its objections are set forth in detail below.  Move chides Defendants for meeting-and-conferring on specific topics only four days after the hearing, for preparing a stipulation with specific deadlines that Move failed to prepare or counter, and for working through the weekend to serve every piece of requested discovery in order to comply with the one week deadline.  Defendants have ensured the Court-ordered deadline could be met.  On its part, Move worked no faster or harder.  In fact, Move did nothing.  It decided, unlike virtually every plaintiff before it in this position, not to draft or seek any discovery.  And it did nothing else, not even preparing or proposing a stipulated timeline for objecting to Defendants' proposed stipulation setting forth an August 5 deadline for the exchange of initial written discovery requests or any other deadlines for expedited discovery.

---

[2] This is one of many reasons why Defendants will not agree to the entry of an injunction.  Indeed, Move's puzzling response to the July 29 hearing and Court's Order—to request that CoStar agree to an injunction but not otherwise engage on discovery—may be a case of 'filer's remorse.'  To the extent that Move desires to bring this lawsuit to an end, CoStar explained that while the sworn declarations of Mr. Noe and Mr. Kaminsky are proof positive that this lawsuit (and any relief) are not necessary, CoStar would be willing to provide additional declarations from other CoStar employees to that same end.  Move did not engage on that proposal.  (Walch Decl. ¶ 6.)

In short, there is no delay, as evidenced by the filing of this Joint Stipulation. And as the specific expedited discovery prepared by Defendants indicates, that discovery is narrowly tailored. Indeed, the discovery sought aligns with the very topics Defendants identified in their *ex parte* application requesting leave for expedited discovery, namely "the trade secrets claimed by Move, the alleged acts of Mr. Kaminsky, his work for CoStar, how Move has allegedly been harmed, [] the urgency and alleged irreparable nature of any such harm" (Dkt. 21, at 4), "[w]hen precisely Move learned of the alleged improper access by Mr. Kaminsky or device deletion activity, what Move did in response and when, why exactly the information is competitively sensitive, and what basis Move has for claiming that CoStar is or was using Move's information to compete against Move" (Dkt. 33, at 4). Moreover, Defendants have proposed a reasonable schedule pursuant to which the discovery can be completed well in advance of the hearing scheduled by the Court for September 23, 2024. (Walch Decl. ¶ 13, Ex. M.) Defendants are, as previewed in their *ex parte* application, seeking information that pertains directly to the pending request for an injunction. And Defendants are seeking this discovery in a targeted fashion using only ten interrogatories, ten requests for production and notice for three depositions totaling in the aggregate only ten hours of testimony time. This is on its face both limited and expedited discovery, and—with Move's co-operation— will proceed apace.

Move's specific gripes show only that it wants to suppress plainly relevant evidence that will undermine its injunction request. To take one example, in their fifth request for documents, Defendants seek information about the steps Move took to protect its alleged trade secrets, a core topic of indisputable relevance: if Move did not itself adequately protect such information, the basis for an injunction is undermined. Yet Move is refusing entirely to provide *any* documents about that topic. Similarly, Move asks the Court to bless its refusal to produce *any* documents about who can and did access the supposedly confidential information (RFP No. 6);

about Move's knowledge of Mr. Kaminsky's role at CoStar (RFP No.8) (despite Move's argument about irreparable harm being built on the baseless claim that Kaminsky is leading a team competing with Move); or about Move's claim that CoStar is building a news product to compete with Move (the supposed predicate for its injunction-justifying fear that CoStar will misuse its confidential information). These positions are facially indefensible, and raise a bright red flag regarding the weakness of Move's injunction request.

Move filed a lawsuit, and sought an injunction, telling this Court that CoStar is building a rival business based on trade secrets stolen by Mr. Kaminsky. *See, e.g.*, Compl. ¶ 6 ("CoStar apparently wants to create a rival News & Insights platform for Homes.com, copying the success of the News & Insights team at Realtor.com.); *id.* ¶ 7 ("CoStar, through its employee, Mr. Kaminsky, has been brazenly and repeatedly misappropriating Move's confidential and trade secret information to give Homes.com a massive jump start in setting up its new offering."). That accusation is false. And Move knew it—multiple senior Move managers met with Mr. Kaminsky after he left the company and discussed his new job at CoStar—running a team writing about New York condos. Kaminsky Decl. at ¶ 35 (Dkt. 34-1). Yet Move filed the lawsuit and sought an injunction anyway. Having obtained the press coverage it sought, Move would now like the case to go away as quickly as possible. Certainly, it wants to ensure that Defendants—and the Court—do not confirm in discovery that the information at issue is nothing close to a secret formula, that Move did not protect it, that Move sat on its hands for weeks, and that Move's supposed need for a preliminary injunction is built on sand. The truth should come out, and Move's renewed requests to block or unduly narrow discovery should be rejected.

## II.   PARTIES' POSITIONS AS TO SPECIFIC DISCOVERY REQUESTS

### A. <u>Plaintiffs' General Objections Applicable to All Discovery Requests</u>

Move makes the below objections ("General Objections"), which apply to the Requests for Production, Interrogatories, and Notices of Deposition (collectively,

9

"Discovery Requests") in their entirety.  Although Move will respond specifically to the Discovery Requests, Definitions, and Instructions (collectively, "Specific Objections"), all responses are made subject to these General Objections and no response should be considered, or is, a waiver of any General Objection.  All objections and responses below are based only upon information and materials presently available and specifically known to Move based on Move's reasonable, good-faith investigation at this time.  Move reserves the right to supplement, amend, or otherwise revise these objections and responses.

1.      The Discovery Requests were untimely served.  Defendants ignored the Court's instruction, the Local Rules, and local practice, and refused to serve their discovery until Sunday, August, 4, 2024, the day before this submission is due to the Court.  As a result, Move has had insufficient time either to fully consider or produce the requested information.  Given the untimeliness of Defendants' requests, Move reserves the right to raise additional objections upon further review of the requested discovery.

2.      Move objects to the Discovery Requests to the extent they seek information from other companies.

3.      Move objects to the Discovery Requests to the extent that they purport to impose obligations on Move that are broader than and/or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any other applicable law, rule, or Court order.

4.      Move objects to Defendants' demands that it produce documents and respond to their Interrogatories by August 12.  Given that Defendants only served their Discovery Requests on August 4, far after they should have, Move requires additional time to assess the requests and determine a reasonable timeline for responding.

5.     Move reserves the right to designate any materials it produces as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL EYES ONLY" under the Confidentiality Protective Order (ECF No. 40), and to utilize the protections and procedures set forth in that Confidentiality Protective Order.

6.     Move objects to Defendants' demands to the extent they call for the disclosure of information or documents protected by the attorney client privilege, the attorney work product doctrine, or any other applicable privilege.

**B. <u>Defendants' Responses to Plaintiffs' General Objections</u>**

Defendants' Written Discovery Requests Were Timely Served.  Despite Move's claims to the contrary, the Court did not set a deadline for the parties' service of their respective written discovery requests and Move had not specified or requested that such requests be served by any specific deadline in advance of the parties' meet and confer.  Furthermore, Defendants never "refused" to serve their full written discovery requests by any specific date as Plaintiffs never demanded that Defendants serve their discovery by any such date.  Rather, after meeting-and-conferring on August 2 regarding the topics of discovery (which had already been set forth in Defendants' *ex parte* briefing), and Defendants' proposal as to how such discovery would be taken (*i.e.,* the number of document requests, interrogatories, and depositions) and on what timeline, Defendants affirmatively served their requests on August 4, 2024.  (Walch Decl. ¶ 11.)

So that the Court has it readily available, the following is the Court's discussion of the timing for expedited discovery, the parties' meet and confer and the Court's request for this joint filing, during the July 29 hearing:

> Let me do this, it seems to me this is stuff you can talk about, and what I will do is this: I will allow expedited discovery.
> It can be assuredly granted if both sides agree on what the expedited discovery is.

If there is a disagreement as to what the expedited discovery will cover, I will allow the parties to come back to me, and I will resolve that issue.

I won't go through the Magistrate Judge because it would take too much time insofar as getting up to speed.

So I won't do that, but I will do the initial discovery disputes.

After a preliminary injunction phase, then you will be going to the Magistrate Judge for discovery disputes.

For purposes of this thing, I will do it myself, but just to make sure that both sides are in agreement as to what the expedited discovery -- how much I will allow and what the subject matter will be.

\*       \*       \*

So what I want you guys to do, ***I want you to initially meet and confer and discuss the issues of what discovery would be requested, and obviously, it has to be limitations in terms of the number and, et cetera, et cetera***.

To the extent you can agree, then you let me know what you guys agree to. If you can't agree, then what I want is both sides to give me a joint filing, like, a regular discovery dispute telling me what has been asked for, what the opposition is, and a response to the opposition or objection, rather.

I will make a ruling when you guys come back.

So I presume you guys can meet and confer this week and it seems to me that I will ask you guys to give me a report by the 5th of August as to what you can agree on, and what you cannot agree on insofar as expedited discovery is concerned.

7/29/24 Tr. 12:23-13:15; 14:1-14:14 (emphasis added).

Consistent with their understanding of the Court's instructions as set forth above, Defendants' counsel promptly requested a meeting with Move's counsel "to initially meet and confer and discuss the issues of what discovery would be requested, and . . . limitations in terms of the number." (*Id.*; Walch Decl. ¶ 8.) Defendants sent a proposed stipulation addressing these topics on August 1, 2024. The parties' counsel then met and conferred on the afternoon of August 2, 2024 and, despite Move's claims to the contrary, Defendants' counsel made clear during the

meet and confer that the subjects of Defendants' requested discovery sought by Defendants were the same subject matters for discovery identified in its *ex parte* applications.  (Walch Decl. ¶ 10.)  Defendants went ahead and voluntarily served its written discovery requests on Move on August 4, 2024.

In any event, there is no prejudice imposed by the timing of Defendants' service of its discovery as compared to whatever unspecified deadline Move claims should have applied for the service of such requests.  As set forth in this substantial document, Move had sufficient time to prepare and provide objections to these requests.  To be clear, Defendants had proposed that Move could assert objections on or before the proposed August 12, 2024 deadline for written responses and that Move did not need to serve such specific objections today.  Moreover, Defendants are proposing that Move has until August 19, 2024 to substantially complete the production of documents.  Defendants submit that their proposed timeframes for expedited discovery are more than reasonable given Move's purported claim for urgency in its request that the Court hold a preliminary injunction hearing as soon as possible.

With respect to Move's other general objections to all discovery requests, Defendants note that they are not seeking information from other companies or privileged information, seeking to impose obligations beyond those imposed by the applicable rules, or requiring Move to provide information or produce documents without designating them properly under the Confidentiality Protective Order (ECF No. 40).

**A. <u>Parties' Positions on Defendants' Interrogatories</u>**

<u>INTERROGATORY NO. 1:</u>

Identify all ALLEGED TRADE SEC[RE]TS forming the basis of the PRELIMINARY INJUNCTION MOTION, what measures were taken to keep each ALLEGED TRADE SECRET confidential, the economic value YOU derived from

each ALLEGED TRADE SECRET, and the basis for YOUR claim that the ALLEGED TRADE SECRETS are protectable under the DTSA and CUTSA.

### *Move's Objections and Position*

Move objects to this Interrogatory because it seeks information already provided in Move's Preliminary Injunction Motion and attached affidavits and exhibits.  The information is therefore already in Defendants' possession, custody, or control, and available to Defendants through a more convenient, more efficient, less burdensome, or less expensive means.  Move also objects to this Interrogatory because it contains compound and conjunctive questions, which, when read as discrete subparts, exceed ten interrogatories.

Subject to the above objections, to the extent Move is required to respond to Defendants' untimely discovery requests, Move will respond to the first inquiry in the compound interrogatory, which requests that Move identify the trade secrets that form the basis for its preliminary injunction motion..  Because this Interrogatory contains compound and conjunctive questions, which, when read as discrete subparts, constitute four interrogatories, this Interrogatory should constitute four of Defendants' ten interrogatories.

### *Defendants' Response*

Move's objections are improper and should be overruled.   With this interrogatory, Defendants seek information that is essential to Move's ability to prevail on the merits of its DTSA and CUTSA claims.  Move must show that the information taken constitutes trade secrets, which entails showing that Move has taken adequate measures to protect the purported trade secrets and that they derive economic value from their secrecy.  The "subparts" to this question to which Move takes issue are directly relevant to whether Move's information constitutes trade secrets subject to protection under the DTSA and CUTSA.  This request thus tracks the most basic information that would be required for Move to establish a likelihood

of success on its DTSA and CUTSA claims.  Defendants' request is thus, specific, clear, and proper.

**INTERROGATORY NO. 2:**

For each ALLEGED TRADE SECRET, identify which of YOU owns the trade secret, where it was stored (including but not limited to the file path and hash value), each PERSON that had access to the ALLEGED TRADE SECRET and their employer, and all security measures, password protection, permissions, or other authentications required to access the ALLEGED TRADE SECRET.

*Move's Objections and Position*

Move objects to this Interrogatory because it is overbroad, unduly burdensome, and seeks information that is irrelevant to Move's motion for preliminary injunction.  Move also objects to this Interrogatory because it seeks information already provided in Move's Preliminary Injunction Motion and attached affidavits and exhibits, and therefore already in Defendants' possession, custody, or control, and available to Defendants through a more convenient, more efficient, less burdensome, or less expensive means.  Move further objects to this Interrogatory because it contains compound and conjunctive questions, which, when read as discrete subparts, exceed ten interrogatories.

Subject to the above objections, to the extent it is required to respond to Defendants' untimely discovery requests, Move will respond to the first inquiry in the compound interrogatory, which requests that Move identify which party owns each of the trade secrets that are the basis of Move's Motion for Preliminary Injunction.  Because this Interrogatory contains four questions, it should count as four of Defendants' ten interrogatories.

*Defendants' Response*

Move's objections are improper and should be overruled.  Defendants seek information that is essential to Move's ability to prevail on the merits of its DTSA and CUTSA claims.  To qualify as "trade secret" information, Move must show,

among other things, that its rights in the trade secrets and that it "has taken reasonable measures to keep such information secret." 18 U.S.C. § 1839(3); *see also* Cal. Civ. Code § 3426.1(d).  The "subparts" to this question simply provide more specificity regarding the information that Move needs to provide regarding the measures it has taken to protect and keep secret each alleged trade secret.  This is directly relevant to the Court's assessment of the likelihood of success on the merits of Move's claim.

Moreover, Move has not provided of the full range of the requested information in the Preliminary Injunction Motion and related supporting documents despite its claims to the contrary.

## INTERROGATORY NO. 3:

State with particularity all facts supporting YOUR claim that KAMINSKY and COSTAR are "working to build up a new digital product similar to Realtor.com's News & Insights platform" including what that product is and any steps tak[en] to verify or investigate that claim. See Complaint ¶ 6; Motion for Preliminary Injunction at 6.

### *Move's Objections and Position*

Move objects to this Interrogatory to the extent it seeks information about "steps tak[en] to verify or investigate" allegations in the Complaint or Motion for Preliminary Injunction.  Such information is irrelevant and seeks information protected from disclosure by the attorney-client privilege and/or work-product doctrine.  Move further objects to this Interrogatory because it seeks information in Defendants' possession, custody, or control – Defendants are in possession of information about their own products and need no such information from Move to defend against the Motion for Preliminary Injunction.  Finally, Move again objects that this Interrogatory seeks information beyond the scope of Move's Motion for Preliminary Injunction, which is narrowly focused on a discrete set of documents and does not seek to enjoin Defendants from building their competing product.

Given the compound nature of Defendants' interrogatories, they have also propounded more than ten interrogatories, which exceeds the scope of the limited discovery granted..

Move should not be required to respond to this Interrogatory.

***Defendants' Response***

Move's objections are improper and should be overruled. Move's objections underscore its desire to suppress evidence that is not only relevant to, but goes to the heart of its Motion for a Preliminary Injunction. Move seeks to "enjoin Defendants from further misappropriating trade secrets," Dkt. 12 at 22, predicated on allegations that CoStar and Mr. Kaminsky are, in fact, working to build a competing platform. *See, e.g.*, Dkt. 12 at 19 ("Irreparable harm will continue to occur. Move's trade secrets have been taken by an employee of its competitor CoStar. . . . Now, Defendants are stealing this hard-earned information to support their competing business."). Evidence related to the basis for Move's allegations is squarely within the scope of information relevant to Move's Motion for a Preliminary Injunction, and is not already within Defendants' possession, custody, or control. If Move does not have any such evidence, it should be required to state as much.

Defendants do not seek privileged information. Any responsive, nonprivileged information should be produced.

## INTERROGATORY NO. 4:

State with particularity all facts supporting YOUR claim that COSTAR has accessed or is using YOUR ALLEGED TRADE SECRETS, including but not limited to when and by who that access occurred and how YOUR ALLEGED TRADE SECRETS were used. For the avoidance of doubt, this Interrogatory encompasses, but is not limited to, YOUR factual basis, if any, for YOUR allegations that "Defendants are stealing this hard-earned information to support their competing business" (Motion for Preliminary Injunction at 19) and that "CoStar, through its employee, Mr. Kaminsky, has been brazenly and repeatedly

17

misappropriating Move's confidential and trade secret information to give Homes.com a massive jump start in setting up its new offering" (Complaint ¶ 7).

### *Move's Objections and Position*

Move objects to this Interrogatory because it seeks information in Defendants' possession, custody, or control. Move also objects to this Interrogatory to the extent it also seeks information about allegations in the Complaint that are irrelevant to Move's motion for preliminary injunction. Again, not all of Move's trade secrets are the subject of the Motion for Preliminary Injunction and the scope of expedited discovery is limited to the narrow subject of the Motion for Preliminary Injunction. Move further objects that this Interrogatory is comprised of four interrogatories and seeks the factual basis for multiple contentions and thus should count as more than one interrogatory.

Subject to the above objections, to the extent it is required to respond to Defendants' untimely discovery requests, Move will respond to the first question, which seeks facts about CoStar's use or access to Move's trade secret information. Move also objects to this Interrogatory because it contains compound and conjunctive questions, which, when read as discrete subparts, exceed ten interrogatories.

### *Defendants' Response*

Move's objections are improper and should be overruled. Move's objections underscore its desire to suppress evidence that is not only relevant to, but goes to the heart of its Motion for a Preliminary Injunction. Move seeks to "enjoin Defendants from further misappropriating trade secrets," Dkt. 12 at 22, predicated on allegations that CoStar is "accessing" and "using" its trade secrets. Any and all facts relating to the basis for Move's allegations in this regard is squarely within the scope of information relevant to Move's Motion for a Preliminary Injunction, and is not

already within Defendants' possession, custody, or control.  If Move does not have any such evidence, it should be required to state as much.

## INTERROGATORY NO. 5:

State with particularity when and how YOU discovered KAMINSKY's alleged access to YOUR GOOGLE DRIVE after his employment at MOVE ended, any steps taken as a result of such discovery, and why MOVE waited until July 2 to file the COMPLAINT.

### *Move's Objections and Position*

Move objects to this Interrogatory to the extent it seeks information about the timing of the filing of Move's Complaint, which is irrelevant to Move's motion for preliminary injunction and also seeks information protected from disclosure by the attorney-client privilege and/or work-product doctrine.  Move also objects to this Interrogatory because it seeks information already provided in Move's Preliminary Injunction Motion and attached affidavits and exhibits.  It is therefore already in Defendants' possession, custody, or control, and available to Defendants through a more convenient, more efficient, less burdensome, or less expensive means.  Finally, Move objects to this Interrogatory because it contains compound and conjunctive questions, which, when read as discrete subparts, exceed ten interrogatories.

Subject to the above objections, and to the extent Move is required to respond to Defendants' untimely discovery requests, Move will provide non-privileged information that is responsive to the questions in this Interrogatory, that seek information about when and how Move discovered Defendant Kaminsky's access to Move's Google Drive after his employment at Move ended.  Because this Interrogatory is comprised of three interrogatories, it should count as more than one interrogatory.

### *Defendants' Response*

Move's objections are improper and should be overruled.  Information related to the discovery of Mr. Kaminsky's "alleged access to [MOVE's] GOOGLE DRIVE

19

after his employment at MOVE ended" is directly relevant to Move's Motion for a Preliminary Injunction insofar as Move must show it will suffer immediate irreparable harm as a result of such access. A delay in Move's response to this discovery, including the filing of its Complaint, would undermine Move's ability to make such a showing, and is therefore plainly relevant.

Moreover, Move has not sufficiently provided this information—specifics regarding when and how Move learned about Mr. Kaminsky's alleged access and any steps taken as a result—in its Preliminary Injunction Motion and supporting materials. As just one example, in the declaration of Amy Maas in support of Move's motion for a preliminary injunction, Maas indicates she received a screenshot showing that Mr. Kaminsky had accessed a file after his termination. However, Move has provided no information on how Maas was informed, who Maas informed, the immediate next steps taken, any investigation of team members to determine any prior access or views of Mr. Kaminsky allegedly in Move documents, and more. Move's brief overview provided in its Motion and supporting materials are not a substitute for reasonable discovery on a critical issue relating to the urgency and immediacy of the claimed harm.

Defendants do not seek privileged information. Any responsive, nonprivileged information should be produced.

## INTERROGATORY NO. 6:

State with particularity all facts supporting YOUR contention that YOU will suffer irreparable harm as a result of Defendants' alleged misappropriation of YOUR ALLEGED TRADE SECRETS, including but not limited to any "loss of market position" attributable to Defendants' actions. *See* Motion for Preliminary Injunction at 16.

***Move's Position***

Move objects to this Interrogatory to the extent it seeks information about allegations in the Complaint that are irrelevant to Move's motion for preliminary injunction.

Subject to the above objections, to the extent it is required to respond to Defendants' untimely discovery requests, Move will provide non-privileged information related to the trade secret information at issue in the Motion for Preliminary Injunction.

### Defendants' Response

Move's objections are improper and should be overruled.  Move's objections underscore its desire to suppress evidence that is not only relevant to, but goes to the heart of, Move's Motion for a Preliminary Injunction.  The *fundamental showing* Move must make to obtain a preliminary injunction is that it will suffer immediate and irreparable harm.  Information supporting Move's contention that it will suffer such harm is therefore not only relevant but inextricably linked to Move's Motion for a Preliminary Injunction, and should be produced.  Move appears to agree to provide such information assuming its general objections are overruled notwithstanding its baseless relevant objection.  In any event, it needs to provide this information as it is fundamental to the issues raised by its Motion.

## INTERROGATORY NO. 7:

State with particularity all facts supporting YOUR claim that KAMINSKY'S alleged misappropriation of YOUR ALLEGED TRADE SECRETS was "within the scope of his employment," "meant to aid CoStar," or was otherwise "attributable" to COSTAR.  *See* Motion for Preliminary Injunction at 15, 18.

### Move's Objections and Position

Move objects to this Interrogatory because it seeks information in Defendants' possession, custody, or control.

Subject to the above objections, to the extent it is required to respond to Defendants' untimely discovery requests, Move will respond to this request.

*Defendants' Response*

Move's objections are improper and should be overruled.  As detailed above in Defendants' Responses to Plaintiffs' General Objections, Defendants' requests were timely served and Defendants are not seeking any documents not within Move's possession, custody or control.

## INTERROGATORY NO. 8:

State with particularity all facts supporting YOUR contention that KAMINSKY's role at COSTAR relates to "building a new digital production" to compete with MOVE's News & Insights platform, including any investigation related to that allegation and all individuals YOU spoke to regarding their understanding of KAMINSKY's role, responsibilities, and employment at CoStar, including but not limited to MOVE employees.

*Move's Objections and Position*

Move objects to this Interrogatory to the extent it seeks information about Move's investigation into the allegations in the Complaint or Motion for Preliminary Injunction.  Such information is irrelevant and seeks information protected from disclosure by the attorney-client privilege and/or work-product doctrine.  Move further objects to this Interrogatory because it (a) seeks information in Defendants' possession, custody, or control, and (b) seeks information that is irrelevant to Move's motion for preliminary injunction, going far beyond the limited issues addressed by that motion.  Finally, Move objects to this Interrogatory because it contains compound and conjunctive questions, which, when read as discrete subparts, exceed ten interrogatories.

Move should not be required to respond to this Interrogatory..

*Defendants' Response*

Move's objections are improper and should be overruled.  Move's objections underscore its desire to suppress evidence that is not only relevant to, but goes to the heart of, both this case and Move's Motion for a Preliminary Injunction.  Move seeks

to "enjoin Defendants from further misappropriating trade secrets," Dkt. 12 at 22, predicated on allegations that CoStar and Mr. Kaminsky are, in fact, working to build a competing platform. *See, e.g.*, Dkt. 12 at 19 ("Irreparable harm will continue to occur. Move's trade secrets have been taken by an employee of its competitor CoStar. . . . Now, Defendants are stealing this hard-earned information to support their competing business."). Information related to the basis for Move's "contention that KAMINSKY's role at COSTAR relates to 'building a new digital production'" is therefore directly relevant to the core allegations underlying Move's Motion for a Preliminary Injunction. If Move does not have any such evidence, it should be required to state as much.

Defendants do not seek privileged information. Any responsive, nonprivileged information should be produced.

## INTERROGATORY NO. 9:

State with particularity when and how YOU discovered that KAMINSKY allegedly deleted electronic files and browsing history from his MOVE laptop, identifying any policy prohibiting such conduct and any steps taken after such discovery to recover the allegedly deleted files and history.

### *Move's Objections and Position*

Move objects to this Interrogatory because it seeks information already provided in Move's Preliminary Injunction Motion and attached affidavits and exhibits. It is therefore already in Defendants' possession, custody, or control, and available to Defendants through a more convenient, more efficient, less burdensome, or less expensive means. Move also objects to this Interrogatory to the extent it seeks information about "any steps taken after such discovery to recover the allegedly deleted files and history" because such information is irrelevant to Move's motion for preliminary injunction. Finally, Move also objects to this Interrogatory because it contains compound and conjunctive questions, which, when read as discrete subparts, exceed ten interrogatories.

Subject to the above objections, to the extent Move is required to respond to Defendants' untimely discovery requests, Move will provide non-privileged information that is responsive to the questions in this Interrogatory that seek information about how Move discovered that Defendant Kaminsky deleted electronic files and browsing history.  Because this Interrogatory contains at least three questions, it should count as at least three of Defendants' ten interrogatories.

### Defendants' Response

Move's objections are improper and should be overruled.  Information related to the discovery of Mr. Kaminsky's alleged deletion of files is directly relevant to Move's Motion for a Preliminary Injunction insofar as Move relies extensively on Mr. Kaminsky's alleged activity to support its injunction request.  The timing of Move's discovery of this information is similarly related to Move's ability to show it will suffer immediate and irreparable harm, which entails an absence of undue delay by Move.

Moreover, to qualify as "trade secret" information, Move must show, among other things, that it "has taken reasonable measures to keep such information secret." 18 U.S.C. § 1839(3); *see also* Cal. Civ. Code § 3426.1(d).  Information about Move's policies prohibiting the deletion of electronic files and browsing history relates directly to its ability to make this showing and thus Move's ability to prove its likelihood of success on the merits.

## INTERROGATORY NO. 10:

State with particularity all facts supporting YOUR claim that COSTAR is "free-riding on Move's investment, years of analysis, trial and error, and hard work," as well as all steps taken to verify or investigate that claim. See Motion for Preliminary Injunction at 19, Complaint ¶ 24.

### Move's Objections and Position

Move objects to this Interrogatory because it seeks information that is irrelevant to Move's motion for preliminary injunction and is protected from

24

disclosure by the attorney-client privilege and/or work-product doctrine. Move objects that the interrogatory is duplicative of other interrogatories and is not narrowly tailored to the subjects of the Motion for Preliminary Injunction. Move also objects to this Interrogatory because it contains compound and conjunctive questions, which, when read as discrete subparts, exceed ten interrogatories.

Move should not be required to respond to this Interrogatory..

### Defendants' Response

Move's objections are improper and should be overruled. For the reasons stated above, Move should be required to state all facts relating to a fundamental claim that it is making in support of its preliminary injunction motion—namely that CoStar is "free-riding on Move's investment, years of analysis, trial and error, and hard work." If Move does not have any facts to support such allegation, it should be required to state as much. Moreover, this is not an improper compound or conjunctive interrogatory as it addresses one of the arguments made by Move in its Motion for a Preliminary Injunction and simply requires that Move provide all facts that it has to support that argument.

Finally, Defendants do not seek privileged information. Any responsive, nonprivileged information should be produced.

### B. Parties' Positions on Defendants' Requests for Production

### REQUEST FOR PRODUCTION NO. 1:

All NAMED DOCUMENTS and ALLEGED TRADE SECRETS that YOU contend in the PRELIMINARY INJUNCTION MOTION were accessed or misappropriated by KAMINSKY, including each DOCUMENT listed in Exhibit A and Exhibit B to the Declaration of Howard Pence in Support of Plaintiff's Motion for Preliminary Injunction, in the form(s) or version(s) that each DOCUMENT(s) existed at the time(s) that KAMINSKY's allegedly improper access occurred for such DOCUMENT(s).

### Move's Objections and Position

Move objects to this Request to the extent it seeks the production of documents that were referenced in Move's motion for preliminary injunction but do not form the basis of Move's request for injunctive relief.

Subject to and without waiving its objections, Move will produce complete copies of the following four documents:

   a.   The "Comms + Econ + N&I Project Call" file, excerpts of which are attached as Exhibit A to the Declaration of Alexandra Holbert;

   b.   The "Editorial Budget" file, excerpts of which are attached as Exhibit B to the Declaration of Alexandra Holbert;

   c.   The "N&I Audience and Revenue for PMDLT" file, attached as Exhibit A to the Declaration of Max Zimbert; and

   d.   The employment summaries of several individuals at Move, including job titles, descriptions, and compensation, that Mr. Kaminsky sent to a personal Gmail account on January 12, 2024, and attached as Exhibit A to the Declaration of Carl Gruenberg.

**Defendants' Response**

Move's objections are improper and should be overruled. Move references throughout its Motion for a Preliminary Injunction and supporting materials, specifically in the Pence Declaration in support of Move's Motion for a Preliminary Injunction (Dkt. 12-6), many documents beyond those listed above in Move's objections and position. Move also routinely relies on the number of documents and access to all referenced documents in its Motion for a Preliminary Injunction in its efforts to convey Mr. Kaminsky in a bad light. *See, e.g.*, Dkt. 12 at 6 & n.3. As such, Defendants are entitled to the production of all at issue documents. However, Defendants are willing to accept the limited production Move has offered above so long as Move commits it is not seeking a preliminary injunction based on any documents other than those encompassed by the limited production, and commits to

not relying on the allegations or any argument regarding any alleged access to the documents that "do not form the basis of Move's request for injunctive relief."

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS relating to YOUR discovery and investigation of KAMINSKY's alleged deletion of electronic files and browsing history from his MOVE laptop before returning that laptop to MOVE, as well as any policy, procedure, or practice: (1) prohibiting such deletion, and (2) governing the return of any electronic devices by YOUR employees to YOU at the end of their employment with YOU.

### *Move's Objections*

Move objects to this Request because it is overbroad and vague in that it is not limited to Defendant James Kaminsky and does not specify a timeframe for the Request.  Move further objects to this Request because it seeks information already provided in Move's Preliminary Injunction Motion and attached affidavits and exhibits.  It is therefore already in Defendants' possession, custody, or control, and available to Defendants through a more convenient, more efficient, less burdensome, or less expensive means.  Finally, Move objects to this Request to the extent it seeks documents related to Move's investigation, which are irrelevant to the Motion for Preliminary Injunction and may be protected from disclosure by the attorney-client privilege or work-product doctrine.

### *Defendants' Response*

Move's objections are improper and should be overruled.  Defendants have not limited their request to information related to "Defendant James Kaminsky" because any practice or policy of Move prohibiting deletion of files or governing the return of electronic devices by anyone who is employed by Move and/or has had access to the alleged trade secrets is relevant to Move's treatment of its confidential information and electronic security, and thus is directly relevant to Defendants'

defense of Move's Motion for a Preliminary Injunction. Specifically, Move's treatment of such information is directly relevant to Move's DTSA claim.

 In addition, such information regarding documents related to the "discovery and investigation" of Mr. Kaminsky's deletion as well as general employment policies regarding deletion of files or return of electronic devices is not contained in any requisite level of detail or specificity in the Motion for a Preliminary Injunction or supporting materials.

Documents related to Move's investigation are highly relevant to the Motion for Preliminary injunction as it goes directly to the basis of Move's claim that it has been irreparably harmed by the actions of Defendants.  Such claims of irreparable harm are entirely linked to Move's request for a preliminary injunction.

Defendants limit their request to the time frame of January 1, 2024 through the present.

Finally, Defendants do not seek privileged documents. Any responsive, nonprivileged documents should be produced.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS relating to YOUR discovery and investigation (whether performed by YOU or a third party on YOUR behalf) of KAMINSKY's alleged access to the GOOGLE DRIVE after January 12, 2024, including KAMINSKY's alleged access, transmission, and/or dissemination of the NAMED DOCUMENTS.

*Move's Objections and Position*

Move objects to this Request because it seeks information already provided in Move's Preliminary Injunction Motion and attached affidavits and exhibits, and therefore already in Defendants' possession, custody, or control.  It is therefore available to Defendants through a more convenient, more efficient, less burdensome, or less expensive means.  Move objects to this Request to the extent it seeks documents related to Move's investigation, which are irrelevant to the Motion for

Preliminary Injunction and may be protected from disclosure by the attorney-client privilege or work-product doctrine.

### *Defendants' Response*

Move's objections are improper and should be overruled.  Documents related to the "discovery and investigation" of Mr. Kaminsky's "alleged access to the GOOGLE DRIVE after January 12, 2024" is not sufficiently provided in Move's Motion for a Preliminary Injunction and supporting materials.  As just one example, in the declaration of Amy Maas in support of Move's motion for a preliminary injunction, Maas indicates she received a screenshot showing that Mr. Kaminsky had accessed to file after his termination. However, Move has provided no information on how Maas was informed, who Maas informed, the immediate next steps taken, any investigation of team members to determine any prior access or views of Mr. Kaminsky allegedly in Move documents, and more.  Move's brief overview provided in its Motion and supporting materials are not a substitute for discovery.

Further, documents related to Move's investigation are highly relevant to the Motion for a Preliminary Injunction as it goes directly to the basis of Move's claim that Mr. Kaminsky has appropriated Move's trade secrets and the irreparable harm Move suffered as a result.  Finally, Defendants do not seek privileged documents. Any responsive, nonprivileged documents should be produced.

### REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS relating to KAMINSKY's and/or COSTAR's alleged transmission, possession, and/or use of the NAMED DOCUMENTS and/or ALLEGED TRADE SECRETS after January 12, 2024, including any investigation into such conduct.  For the avoidance of doubt, this Request encompasses, but is not limited to, DOCUMENTS reflecting YOUR basis, if any, for YOUR allegations that "Defendants are stealing this hard-earned information to support their competing business" (Motion for Preliminary Injunction at 19) and that "CoStar, through its

29

employee, Mr. Kaminsky, has been brazenly and repeatedly misappropriating Move's confidential and trade secret information to give Homes.com a massive jump start in setting up its new offering" (Complaint ¶ 7).

### *Move's Objections and Position*

Move objects to this Request because it seeks the production of documents that are irrelevant to Move's motion for preliminary injunction and are protected from disclosure by the attorney-client privilege and/or work-product doctrine. Additionally, this Request seeks documents related to trade secret files that do not form the basis of Move's request for injunctive relief.  It also seeks documents related to Move's investigation, which are not only irrelevant, but may also be protected from disclosure by the attorney-client privilege and work-product doctrine.

### *Defendants' Response*

Move's objections are improper and should be overruled.  Move's objections underscore its desire to suppress evidence that is not only relevant to, but goes to the heart of, both this case and Move's Motion for a Preliminary Injunction.  Move seeks to "enjoin Defendants from further misappropriating trade secrets," Mot. (Dkt. 12) at 22, predicated on allegations that CoStar and Mr. Kaminsky are "stealing [Move's] hard-earned information to support [CoStar's] competing business."  *Id.* at 19.   Evidence related to the basis for Move's allegations is squarely within the scope of information relevant to Move's Motion for a Preliminary Injunction.

With regard to Move's objection that Defendants are seeking "documents related to trade secret files that do not form the basis of Move's request for injunctive relief," Move routinely relies on *all* of the allegedly trade secret materials at issue in this case in its Motion for a Preliminary Injunction.  *See e.g.* Mot. at 6 & n.3.  As such, Defendants are entitled to the production of Move's evidence that CoStar is using, relying on, possessing, or transmitting any referenced document.  However, Defendants are willing to accept a limited production of only the responsive materials related to the documents Move argues are "subject of Move's preliminary

30

injection motion," *see* Move's Objections and Position to RFP 1, so long as Move commits it is not seeking a preliminary injunction based on any documents other than those encompassed by the limited production, and commits to not relying on the allegations or arguments regarding any alleged access to the documents that "do not form the basis of Move's request for injunctive relief."

Finally, Defendants do not seek privileged documents. Any responsive, nonprivileged documents should be produced.

## REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS that relate to any effort by YOU to maintain the confidentiality of the ALLEGED TRADE SECRETS including but not limited to any DOCUMENTS relating to the monitoring and security of YOUR GOOGLE DRIVE.

### *Move's Objections and Position*

Move objects to this Request because it is unduly burdensome, overbroad, and seeks the production of documents that are irrelevant to Move's motion for preliminary injunction and are protected from disclosure by the attorney-client privilege and/or work-product doctrine. This Request is not limited to the time frame or documents at issue in Move's preliminary injunction motion, and it would not be possible to provide a complete response to this Request as framed on the expedited timeline here.

### *Defendants' Response*

Move's objections are improper and should be overruled. Defendants' request that Move produce "All Documents" that relate to its efforts to "maintain the confidentiality of the ALLEGED TRADE SECRETS" does not seek documents that "are irrelevant to Move's motion for preliminary injunction." Move itself acknowledges such documents are only trade secret if it can establish that Move has "taken reasonable measures to keep such information secret." Dkt. 12 (Mot.) at 12, citing 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d).

31

Defendants' request is not limited to a time frame.  Instead, Defendants seek "All Documents" related to Move's protection of its trade secrets for so long as the alleged trade secret documents were created.  Such a request itself is as narrow in time as feasible as Move's confidentiality measures are highly relevant to establishing its protection of its trade secrets under the DTSA for the entirely of the life of Move's trade secret.  Contrary to Move's assertion, Defendants have limited their request only to the confidentiality at issue to the specific alleged trade secret documents at issue in Move's Motion for a Preliminary Injunction, and thus such a request is narrowly tailored in response to Move's allegations in its Motion.

Finally, Defendants do not seek privileged documents. Any responsive, nonprivileged documents should be produced.

## REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS relating to and reflecting access logs to the ALLEGED TRADE SECRETS dating back to their creation, or otherwise reflecting the individuals that reviewed or had access to those ALLEGED TRADE SECRETS.

### *Move's Objections and Position*

Move objects to this Request because it is unduly burdensome, overbroad, and seeks the production of documents that are irrelevant to Move's motion for preliminary injunction and are protected from disclosure by the attorney-client privilege and/or work-product doctrine. This Request is not limited to the time frame or documents at issue in Move's preliminary injunction motion, and it would not be possible to provide a complete response to this Request as framed on the expedited timeline here.

### *Defendants' Response*

Move's objections are improper and should be overruled.  Move's objections underscore its desire to suppress evidence that is not only relevant to, but goes to the heart of, both this case and Move's Motion for a Preliminary Injunction.  Move itself acknowledges that documents are only trade secret if it can establish that Move has

"taken reasonable measures to keep such information secret." Dkt. 12 (Mot.) at 12, citing 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d).  As such, access logs dating back to the creation of Move's alleged trade secret documents are necessary for Defendants to properly refute Move's claim.  It is imperative that Defendants know who had access to such information to evaluate whether such information is actually trade secret.

With regard to Move's objection that Defendants are seeking "documents related to trade secret files that are irrelevant to Move's request for injunctive relief," Move references throughout its Motion for a Preliminary Injunction and supporting materials, specifically in the Pence Declaration in support of Move's Motion for a Preliminary Injunction (Dkt. 12-6). Move routinely relies on *all* of the allegedly referenced documents in its motion for a preliminary injunction in its efforts to convey that Mr. Kaminsky stole Move's trade secret information.  *See e.g.* Mot. at 6 & n.3.  As such, Defendants are entitled to the production Move's access logs for all such information.  However, Defendants are willing to accept a limited production of only the responsive materials related to  the documents Move argues are "subject of Move's preliminary injunction motion," *see* Move's Objections and Position to RFP 1, so long as Move commits it is not seeking a preliminary injunction based on those documents, and commits to not relying on the allegations and arguments regarding any alleged access to the documents that "do not form the basis of Move's request for injunctive relief."

## REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS relating to and reflecting KAMINSKY's scope of employment at MOVE and his termination, including relating to his employment file, job responsibilities, performance reviews/evaluations, disciplinary actions taken against KAMINSKY, and MOVE's decision to terminate KAMINSKY.

*Move's Objections and Position*

Move objects to this Request because it is overbroad, unduly burdensome, and seeks the production of documents that are irrelevant to Move's motion for preliminary injunction and are protected from disclosure by the attorney-client privilege and/or work-product doctrine. The decision to terminate Mr. Kaminsky is entirely irrelevant to the preliminary injunction motion. This Request is not limited to the time frame or the issues in Move's preliminary injunction motion.

### *Defendants' Response*

In an effort to compromise, Defendants are willing to narrow RFP 7 to seek documents relating to Mr. Kaminsky's job responsibilities at Move and Move's decision to terminate Kaminsky. Move's other objections are improper and should be overruled.

Documents related to Mr. Kaminsky's job responsibilities at Move are not overbroad and are directly relevant to the Motion for a Preliminary Injunction because one of Defendants' defenses to Move's misappropriation claim is that Mr. Kaminsky did not misappropriate trade secrets because he did not and could not have used Move confidential information or trade secrets at CoStar because his job responsibilities were entirely different. Moreover, Defendants contend that Mr. Kaminsky was not acting within the scope of employment when he accessed Move's files because his job responsibilities at CoStar (writing lifestyle and architecture pieces about condominium buildings in Manhattan) are entirely different than they were at Move (writing real estate "news" stories). *See* Kaminsky Decl. (Dkt. No. 34-1) at ¶¶ 28-34. Accordingly, this RFP seeks documents related to the scope of Mr. Kaminsky's employment at Move to show that there was no overlap with his scope of work at CoStar, facts which among other things are relevant to negate an element of Move's misappropriation claim and liability under a theory of respondeat superior.

Further, Defendants seek all documents related to Mr. Kaminsky's termination to corroborate Mr. Kaminsky's testimony that his layoff was

unexpected, that he granted himself access to the documents to conduct a job search, and that he had no intention of using the documents in any capacity at CoStar because he was not even contemplating a job at CoStar when he granted himself access to the documents.  Kaminsky Decl. (Dkt. No. 34-1) ¶¶ 6-14.

Finally, Defendants do not seek privileged documents. Any responsive, nonprivileged document should be produced.

## REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS relating to or reflecting YOUR knowledge of, inquiry into, or investigation performed by YOU or on YOUR behalf into KAMINSKY's employment at COSTAR, including KAMINSKY's roles and responsibilities at COSTAR and any communications with YOUR employees regarding such roles and responsibilities.

### *Move's Objections and Position*

Move objects to this Request because documents relating to Move's knowledge of or investigation into Defendant Kaminsky's employment at Defendant CoStar are irrelevant to Move's motion for preliminary injunction and are protected from disclosure by the attorney-client privilege and/or work-product doctrine.  Such documents may also be protected from disclosure by the attorney-client privilege and/or work-product doctrine.

### *Defendants' Response*

Move's objections are improper and should be overruled. Move's objections underscore its desire to suppress evidence that is not only relevant to, but goes to the heart of, both this case and Move's Motion for a Preliminary Injunction.  Move seeks to "enjoin Defendants from further misappropriating trade secrets," Mot. (Dkt. 12) at 22,  predicated on allegations that CoStar and Mr. Kaminsky are working to build a competing platform and that Mr. Kaminsky is working for CoStar to accomplish such task. *Id.* at 6.   Evidence related to the basis for Move's allegations is squarely

35

within the scope of information relevant to Move's Motion for a Preliminary Injunction.

Finally, Defendants do not seek privileged documents. Any responsive, nonprivileged document should be produced.

## REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS relating to your claim that COSTAR and KAMINSKY are "working to build up a new digital product similar to Realtor.com's News & Insights platform" including what that product is and any investigation or inquiries undertaken related to that claim. See Complaint ¶ 6; Motion for Preliminary Injunction at 6.

### *Move's Objections and Position*

Move objects to this Request because it seeks information that is irrelevant to Move's motion for preliminary injunction, which does not depend on Mr. Kaminsky's precise role at CoStar and does not seek to preclude CoStar's development of a competing product, but instead is limited to specifically identified trade secrets contained in files identified in the preliminary injunction motion. Move further objects that the documents sought may be protected from disclosure by the attorney-client privilege and/or attorney work product.

### *Defendants' Response*

Moves objections are improper and should be overruled. Move's objections underscore its desire to suppress evidence that is not only relevant to, but goes to the heart of, both this case and Move's Motion for a Preliminary Injunction. Move seeks to "enjoin Defendants from further misappropriating trade secrets," Mot. (Dkt. 12) at 22, predicated on allegations that CoStar and Mr. Kaminsky are working to build a competing platform. *Id.* at 6. Evidence related to the basis for Move's allegations is squarely within the scope of information relevant to Move's Motion for a Preliminary Injunction specifically as such evidence goes to the heart of whether or not Move can demonstrate irreparable harm.

36

Finally, Defendants do not seek privileged documents. Any responsive, nonprivileged document should be produced.

## REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS relating to or establishing any irreparable harm that MOVE has suffered or will suffer as a result of Defendants' alleged misappropriation of YOUR ALLEGED TRADE SECRETS, including but not limited to any "loss of market position" attributable to Defendants' actions. See Motion for Preliminary Injunction at 16.

### *Move's Objections and Position*

Move objects to this Request to the extent it seeks the production of documents that relate to trade secret files that are not the subject of Move's preliminary injunction motion. Move further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or work-product doctrine.

To the extent it is required to respond to Defendants' untimely discovery requests, Move will produce documents responsive to this Request to the extent the documents relate to trade secret files that form the basis of Move's request for injunctive relief.

### *Defendants' Response*

Move's objections are improper and should be overruled. Move references throughout its preliminary injunction motion and in the supporting materials, specifically in the Pence Declaration in support of Move's Motion for a Preliminary Injunction (Dkt. 12-6), many documents beyond those Move's argues are "subject of Move's preliminary injunction motion." *See* Move's Objections and Position to RFP 1. Move also routinely relies on the number of documents and access to all referenced documents in its motion for a preliminary injunction in its efforts to convey Mr. Kaminsky in a bad light. *See, e.g.*, Mot. at 6 & n.3.

However, Defendants are willing to accept the limited production Move has offered above so long as Move commits it is not seeking a preliminary injunction based on any documents other than those encompassed by the limited production, and commits not to rely on the allegations and arguments regarding any alleged access to the documents that "do not form the basis of Move's request for injunctive relief."

Defendants do not seek privileged documents. Any responsive, nonprivileged documents should be produced

## C. <u>Parties' Positions on Defendants' Deposition Notices</u>

### 1. Notice of Deposition of Mickey Neuberger

***Move's Objections and Position***

Defendants refused to provide the names of any individuals they wished to depose until a week after the Court's July 29 Order granting Defendants expedited discovery.  The names of the deponents sought by CoStar could have and should have been provided to Move immediately, at most within a day or two of the Court's order allowing for expedited discovery.  CoStar's delay cost Move a week of preparation time, as well as time to confer with the individuals noticed for deposition to determine availability in August.  Defendants sent a deposition notice for Mr. Neuberger for the first time on Sunday, August 4, 2024, despite knowing Mr. Neuberger's identity as a declarant in support of Move's Preliminary Injunction Motion since July 15, 2024.  The parties' joint stipulation pursuant to Rule 37-2 was due Monday, August 5, 2024.  In the intervening hours (primarily over a weekend), Move has not had an opportunity to determine when in August Mr. Neuberger and counsel will be available for deposition.  For the reasons stated herein, Defendants should forfeit their ability to take any discovery at this expedited phase because of their lack of diligence.

If the Court requires Move to make witnesses available for deposition in the 20 days between today and the date additional briefing is due, Move respectfully

requests that the Court limit the deposition of Mr. Neuberger to two hours of time on the record with the topics of examination strictly limited to the issues in the motion for preliminary injunction. Moreover, Move reserves all rights given that it has not had time to determine whether Mr. Neuberger will be available during the requested timeframe.

***Defendants' Response***

Defendants never "refused" to identify the witnesses that it may seek to depose. To the contrary, Plaintiffs have not requested that Defendants identify such witnesses. In any event, Defendants have now identified such witnesses, although they have reserved their right to request different witnesses and/or amend their notice after they receive Plaintiffs' responses to the written requests and production of documents. Plaintiffs are the parties that are claiming that they are entitled to emergency relief and, in support of such request, they have provided declarations from certain of its witnesses. It is entirely appropriate to request that at least certain of those declarants be made available for deposition in advance of the deadline for Defendants' opposition brief. In any event, under Defendants' proposed discovery schedule, these depositions would not take place until after Plaintiffs substantially complete the production of their documents and in advance of the proposed September 5, 2024 deadline for Defendants' Motion. Defendants remain ready and willing to meet and confer with Plaintiffs regarding the scheduling of this deposition and will be prepared to revisit this issue with the Court if the parties are unable to resolve their disputes relating to the scheduling of this deposition. Regardless, under no circumstances should the Court find that Defendants have waived their right to take any depositions for the various reasons set forth in Defendants' portions of this Joint Stipulation.

Defendants do not object to limiting Mr. Neuberger's deposition to two hours of deposition time and that such deposition be limited to the issues in the Motion for

a Preliminary Injunction.  If Plaintiffs had raised this issue beforehand, Defendants would have advised Plaintiffs of its position with respect to this demand.

### 2.  Notice of Deposition of Howard Pence

***Move's Objections and Position***

Move's incorporates by reference its objections and position with respect to the Notice of Deposition of Mickey Neuberger.

As with Mr. Neuberger, if the Court still requires Move to make witnesses available for deposition in the 20 days between today and the date additional briefing is due, Move respectfully requests that the Court limit the deposition of Mr. Pence to two hours of time on the record with the topics of examination strictly limited to the issues in the motion for preliminary injunction.  Moreover, Move reserves all rights given that it has not had time to determine whether Mr. Pence and counsel will be available at all during the requested timeframe.

***Defendants' Response***

Defendants never "refused" to identify the witnesses that it may seek to depose.  To the contrary, Plaintiffs have not requested that Defendants identify such witnesses.  In any event, Defendants have now identified such witnesses, although they have reserved their right to request different witnesses and/or amend their notice after it receives Plaintiffs' responses to the written requests and production of documents.  Plaintiffs are the parties that are claiming that they are entitled to emergency relief and, in support of such request, they have provided declarations from certain of its witnesses.  It is entirely appropriate to request that at least certain of those declarants be made available for deposition in advance of the deadline for Defendants' opposition brief.  In any event, under Defendants' proposed discovery schedule, these depositions would not take place until after Plaintiffs' substantially complete the production of their documents and in advance of the proposed September 5, 2024 deadline for Defendants' Motion.  Defendants remain ready and willing to meet and confer with Plaintiffs regarding the scheduling of this deposition

and will be prepared to revisit this issue with the Court if the parties are unable to resolve their disputes relating to the scheduling of this deposition.  Regardless, under no circumstances should the Court find that Defendants have waived their right to take any depositions for the various reasons set forth in Defendants' portions of this Joint Stipulation.

Defendants do not object to limiting Mr. Pence's deposition to two hours of deposition time and that such deposition be limited to the issues in the motion for preliminary injunction.  If Plaintiffs had raised this issue beforehand, Defendants would have advised Plaintiffs of its position with respect to this demand.

### 3.  Rule 30(b)(6) Deposition of Move Sales, Inc.

**30(b)(6) TOPICS OF EXAMINATION**

**TOPIC NO. 1**

All NAMED DOCUMENTS and ALLEGED TRADE SECRETS that YOU contend in the PRELIMINARY INJUNCTION MOTION were accessed or misappropriated by KAMINSKY, including each DOCUMENT listed in Exhibit A and Exhibit B to the Declaration of Howard Pence in Support of Plaintiff's Motion for Preliminary Injunction, in the form(s) or version(s) that each DOCUMENT(s) existed at the time that KAMINSKY's allegedly improper access occurred.

**TOPIC NO. 2**

YOUR discovery and investigation of KAMINSKY's alleged deletion of electronic files and browsing history from his MOVE laptop before returning that laptop to MOVE, as well as any policy, procedure, or practice: (1) prohibiting such deletion, and (2) governing the return of any electronic devices by YOUR employees to YOU at the end of their employment with YOU.

**TOPIC NO. 3**

YOUR discovery and investigation (whether performed by YOU or a third party on YOUR behalf) of KAMINSKY's alleged access to the GOOGLE DRIVE

after January 12, 2024, including KAMINSKY's alleged access, transmission, and/or dissemination of the NAMED DOCUMENTS.

## TOPIC NO. 4

YOUR policies, practices, and efforts to maintain the confidentiality of the NAMED DOCUMENTS and ALLEGED TRADE SECRETS, including but not limited to the monitoring and security of YOUR GOOGLE DRIVE.

## TOPIC NO. 5

Any and all confidentiality, non-disclosure, or other agreements that YOU require any PERSON (including non-employees) to enter or sign before that PERSON is given or provided access to the NAMED DOCUMENTS, ALLEGED TRADE SECRETS, and/or GOOGLE DRIVE.

## TOPIC NO. 6

KAMINSKY's scope of employment at MOVE and his termination, including his job responsibilities, performance reviews/evaluations, disciplinary actions taken against KAMINSKY, and MOVE's decision to terminate KAMINSKY.

## TOPIC NO. 7

KAMINSKY's and/or COSTAR's alleged transmission, possession, and/or use of the NAMED DOCUMENTS and/or ALLEGED TRADE SECRETS after January 12, 2024, including any investigation into such conduct. For the avoidance of doubt, this Topic encompasses, but is not limited to, YOUR basis, if any, for YOUR allegations that "Defendants are stealing this hard-earned information to support their competing business" (Motion for Preliminary Injunction at 19) and that "CoStar, through its employee, Mr. Kaminsky, has been brazenly and repeatedly misappropriating Move's confidential and trade secret information to give Homes.com a massive jump start in setting up its new offering" (Complaint ¶ 7).

## TOPIC NO. 8

YOUR knowledge of, inquiry into, or investigation performed by YOU or on YOUR behalf into KAMINSKY's employment at COSTAR, including

42

KAMINSKY's roles and responsibilities at COSTAR and any communications with YOUR employees regarding such roles and responsibilities.

## TOPIC NO. 9

All facts and circumstances related to YOUR claim that COSTAR and KAMINSKY are "working to build up a new digital product similar to Realtor.com's News & Insights platform" including what that product is and any investigation or inquiries undertaken related to that claim.  *See* Complaint ¶ 6; Motion for Preliminary Injunction at 6.

## TOPIC NO. 10

Any and all irreparable harm that YOU have suffered or contend you will suffer as a result of Defendants' alleged misappropriation of YOUR ALLEGED TRADE SECRETS, including but not limited to any "loss of market position" attributable to Defendants' actions.  *See* Motion for Preliminary Injunction at 16.

### *Move's Objections and Position*

Move objects to Defendants' notice of a Rule 30(b)(6) deposition as overbroad; unduly burdensome; and seeking irrelevant information and/or information that could be obtained through less burdensome means.  Move further objects that the notice seeks information protected by the attorney-client privilege and the attorney work product.  Defendants seek a corporate deposition covering ten topics, which vastly expands the scope of discovery and far exceeds the limited topics that are relevant to Move's motion for preliminary injunction.  Mr. Kaminsky knows the names of persons he worked with at Move who have information relevant to the preliminary injunction motion.  Indeed, Defendants have known the identity of the declarants who provided sworn declarations since they were filed and served on July 15, 2024.  Defendants could have and should have identified a third person for deposition.  There is no need for a Rule 30(b)(6) deposition unless its purpose is to greatly expand the number of deponents or increase the cost of this litigation, or both.  Moreover, given that Defendant's proposed Rule 30(b)(6) would likely require

multiple witnesses, it would be infeasible to prepare witnesses and conduct depositions on the expedited discovery timeline here.  Move requests that the Court issue a protective order eliminating the Rule 30(b)(6) deposition notice.

### Defendants' Response

Move's objections to Defendants' draft Rule 30(b)(6) deposition notice are premature and, in any event, should be overruled as the topics set forth in that notice are consistent with the topics covered in the various written discovery requests above and are all tied to the issues of Plaintiffs' Motion for a Preliminary Injunction. Defendants incorporate their responses to those various requests herein as and for their response to those objections.  By providing a 30(b)(6) designee on specific topics, Defendants will be able to quickly and effectively get to the heart of the issues raised by Plaintiffs' Motion.  With respect to Plaintiffs' claim that it is infeasible to prepare witnesses and conduct depositions on the timeline proposed, Defendants note that it is Plaintiffs that have claimed the urgency requiring such an expedited timeline and they should be required to provide a witness to testify regarding these topics.  In any event, Defendants submit that this issue is premature as Defendants have reserved the right to amend their 30(b)(6) notice based on the other written discovery responses and documents produced by Plaintiff.  Defendants are willing to serve such a notice promptly on August 20, 2024 by noon PT and then meet and confer with Defendants that afternoon regarding the scope of the demanded Rule 30(b)(6) deposition and present any objections to the Court that exist at that time promptly.

Finally, Defendants do not agree to limit the duration of this deposition beyond the permitted 7 hours, given the agreement to limit the other two deposition times and the importance of this deposition.  Of course, Defendants will attempt to take this deposition efficiently and in a manner that minimizes any inconvenience to Plaintiffs.

### III.   CONCLUSIONS

#### A. **Plaintiffs' Conclusion**

Defendants lack of diligence, at best, and intentional delay, at worst, warrants either reconsidering allowing Defendants to conduct expedited discovery, or significantly narrowing the scope and volume of their requests.

If the Court continues to permit discovery, Move would agree to provide information responsive to the following: one question in Interrogatory No. 1; one question in Interrogatory No. 2; one question in Interrogatory No. 4; two questions in Interrogatory No. 5; one question in Interrogatory No. 6; Interrogatory No. 7; and two questions in Interrogatory No. 9.   Move would further agree to produce documents in response to Document Production No. 1 and Document Production No. 10; and, schedules permitting, make Mickey Neuberger and Howard Pence available for depositions for two hours each of time on the record for examination on topics strictly limited to the issues raised in the Preliminary Injunction Motion. Given the narrow preliminary injunction Move is seeking, the evidence that is already in the record, Defendants' delay in serving their discovery requests until Sunday August 4 (the day before this document was due to the Court), and the fact that much of the information Defendants seek is already in Defendants' possession, no additional discovery should be permitted.

#### **Defendants' Conclusion**

Move has sought at every turn to hide the facts, and has taken positions that are at odds with those of a bona fide trade secrets plaintiff.  It waited a month to bring suit.  It waited another two weeks to seek an injunction.  And, perhaps most remarkably, it is declining the Court's invitation to take discovery in support of its own injunctive request.  Move knows that as each new piece of information comes to light, its scheme to use the legal system to score PR points against a rival will come into sharper focus.  When it comes to the truth, Move dare not look.

In the same vein, Move seeks to avoid, or unduly narrow, the discovery that Defendants seek, asking that the Court reconsider its prior ruling.  There is no basis. Defendants have acted on a compressed timeline, Move has made its objections herein, and discovery should proceed.  Nor is there any basis to further narrow the limited discovery sought.  That discovery is focused on issues implicated by Move's motion for injunctive relief, such as whether the information is truly secret, what steps Move took to protect it, who accessed it, and whether there is any basis for Move's claim of harm, including whether Move has any basis to believe that CoStar or Mr. Kaminsky are using its secrets against it.  That Move is asking the Court to permit Move to avoid discovery on these topics—indisputably at issue—underscores that its request for injunctive relief is without merit.  Move's effort to avoid the consequences of its own motion should be rejected.

Defendants look forward to taking narrow discovery on an expedited basis (on the schedule it has proposed) and holding Move to account.  Defendants are submitting that schedule as a proposed order and providing it as Exhibit M to the Declaration of Matthew W. Walch submitted separately.


Dated:  August 5, 2024                    JENNER & BLOCK LLP


                                   By:      */s/ Brent Caslin*
                                            Brent Caslin (SBN 198682)
                                            bcaslin@jenner.com
                                            David R. Singer (SBN 204699)
                                            dsinger@jenner.com
                                            Carolyn Small (SBN 304938)
                                            csmall@jenner.com
                                            Elizabeth Baldridge (SBN 313390)
                                            ebaldridge@jenner.com
                                            515 South Flower Street, Suite 3300
                                            Los Angeles, CA  90071-2246
                                            Telephone:  +1 213 239 5100
                                            Facsimile:   +1 213 239 5199

                                            *Attorneys for Plaintiffs*

Dated:  August 5, 2024                    LATHAM & WATKINS LLP


                                  By:     */s/ Nicholas J. Boyle*
                                          NICHOLAS J. BOYLE*
                                          Nicholas.boyle@lw.com
                                          555 Eleventh Street, NW
                                          Suite 1000
                                          Washington, D.C. 20004
                                          Tel: 202.637.2200

                                          MATTHEW W. WALCH*
                                          matthew.walch@lw.com
                                          330 North Wabash Avenue
                                          Suite 2800
                                          Chicago, IL 60611
                                          Tel: 1.312.876.7603

                                          *Pro Hac Vice

                                          JOSEPH D. AXELRAD (SBN 274580)
                                          joseph.axelrad@lw.com
                                          355 South Grand Avenue, Suite 100
                                          Los Angeles, CA 90071
                                          Tel:  213.485.1234


                                          *Attorneys for Defendant CoStar Group, Inc.*



Dated:  August 5, 2024                    BROWN NERI SMITH & KHAN LLP


                                  By:     */s/ Ethan J. Brown*

                                          Ethan J. Brown (SBN 218814)
                                          11601 Wilshire Blvd.
                                          Suite 2080
                                          Los Angeles, CA 90025
                                          Tel: 310.593.9890

                                          *Attorneys for Defendant James Kaminsky*

47