JENNER & BLOCK LLP
Brent Caslin (SBN 198682)
bcaslin@jenner.com
David R. Singer (SBN 204699)
dsinger@jenner.com
Carolyn Small (SBN 304938)
csmall@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:  +1 213 239 5100
Facsimile:   +1 213 239 5199
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MOVE, INC., a Delaware corporation; MOVE SALES, INC., a Delaware corporation; REALSELECT, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>COSTAR GROUP, INC., a Delaware corporation; JAMES KAMINSKY, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-05607-GW-BFM<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE: JOINT STIPULATION (ECF NO. 46) PURSUANT TO LOCAL RULE 37-2.3**<br><br>Judge: Hon. George H. Wu<br>Magistrate Judge: Hon. Brianna Fuller Mircheff<br><br>Complaint filed: July 2, 2024 |

Plaintiffs Move, Inc., Move Sales, Inc., and RealSelect, Inc. (together, "Move") submit this Supplemental Memorandum pursuant to Local Rule 37-2.3. Move and Defendants CoStar Group, Inc. and James Kaminsky yesterday filed a Joint Stipulation concerning Defendants' expedited discovery (ECF No. 46).

## I. Defendants Submitted Factual Inaccuracies.

There are two factual inaccuracies in Defendants' introductory statement.

*First*, Defendants suggest they identified specific discovery topics during the parties' August 2 meet and confer. Jt. Stip. at 7:13-14 ("Move chides Defendants for meeting-and-conferring on specific topics only four days after the hearing."). Not accurate. Defendants identified no specific topics until they served their discovery requests on Sunday, August 4, two days after the meet and confer and the day before the parties were required to submit their Local Rule 37-2 Joint Stipulation to the Court. *See* Declaration of Elizabeth Baldridge filed in support of the Joint Stipulation ("Baldridge Decl."), ¶ 10. During the August 2 meet and confer, Defendants stated only that their discovery would cover the topics requested in Defendants' *ex parte* application to obtain discovery—the opposite of specific. *Id.* There were no specific discussions about Defendants' discovery requests because they refused to reveal them, holding onto them until mid-day on Sunday, August 4.

*Second*, in arguing that Defendants' discovery requests do not impose an undue burden on Move, Defendants state that, under their proposed schedule, Move would have "until August 19, 2024 to substantially complete the production of documents." Jt. Stip. at 13:11-13. This is also not accurate. In fact, the discovery requests demanded that Move produce documents and respond to interrogatories within one week, by August 12, which plainly is not feasible given the scope and breadth of their requests. Even if Move had until August 19, Move would have only two weeks to respond to the Requests, which is one week less than it should have had if Defendants had timely served their discovery requests as the Court instructed.

## II.     Defendants' Arguments About Move's Intentions Are Unfounded, Wrong, and Focused on Creating Media Soundbites.

Defendants went out of their way to argue about Move's supposed intentions. Defendants claim baselessly that Move is making an "effort to avoid the consequences of its own motion," Jt. Stip. at 46:9-12; that Move "does not want to know the facts," Jt. Stip. at 6:25-26; and that Move has "its head in the sand," Jt. Stip. at 7:1, among other deflections.  Defendants suggest that because Move is not taking discovery at this expedited phase—which Move has consistently argued is unnecessary—it must mean that Move wants this case to "go away." Jt. Stip. at 9:19.

Nothing could be further from the truth.  Indeed, Defendants' argument makes no sense.  If Move wanted this case to end, it would dismiss.  Move does not want this case to go away because it needs – and is entitled to –  a preliminary injunction. As demonstrated in Move's Preliminary Injunction Motion, Mr. Kaminsky accessed and unlawfully acquired Move's trade secret files while working for Move's competitor CoStar.   ECF Nos. 10-12.   Mr. Kaminsky has now submitted a declaration *admitting* he accessed Move's documents while employed by CoStar, acknowledging that he wanted to "see what th[e documents] were and to satisfy some basic curiosity." ECF No. 34 at 14:21-24.  This smoking gun admission at the outset of the case, combined with the forensic evidence of electronic file access and evidence destruction, demonstrates why expedited discovery (and the associated cost and delay) is unnecessary to warrant the narrow injunctive relief requested by Move. In light of all this, it strongly appears that Defendants' goal with their heavy, burdensome discovery is to overwhelm the parties and the Court.  Defendants know that a preliminary injunction is entirely justified in light of the evidence already available in the case.  Defendants' conduct threatens to create a situation where the preliminary injunction hearing is continued again, which cannot be permitted.

## III.    Defendants' Arguments and Requested Discovery Have No Bearing on the Preliminary Injunction Motion that Move Filed.

2

Defendants' statements in the Joint Stipulation are aimed at an imaginary preliminary injunction, not the actual motion sought by Move. The requested preliminary injunction is intentionally narrow. Move does not seek to stop Defendants from launching a product or service. It does not seek to stop Mr. Kaminsky from working for CoStar. There is no request to stop CoStar from publishing or marketing. The injunction would not even cover all the files accessed by Mr. Kaminsky while he was employed by CoStar. The requested preliminary injunction *only* seeks to stop further disclosure or use of specifically identified confidential files, which Move has already proven Mr. Kaminsky unlawfully acquired and accessed while working for CoStar— facts that CoStar's employee Mr. Kaminsky admitted in his recent sworn declaration filed with the Court.

Because of that narrowness, the *extent* of Defendants' use of Move's trade secrets, or the details of that use, are irrelevant at this preliminary injunction stage. Move has shown that Defendants unlawfully acquired and accessed Move's trade secret files (via Mr. Kaminsky's access while working for CoStar), which is all that is needed. <u>California's trade secret statute "*does not require [use] allegations.*"</u> *Dealtrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1184 (C.D. Cal. 2006) (emphasis added). "Instead, the UTSA provides that misappropriation may be demonstrated by alleging the '[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means." *Id.*; *see also* Cal. Civ. Code § 3426.1(b). The federal Defend Trade Secrets Act mirrors the California statute. *See* 18 U.S.C. § 1839(5). Move has already established the unlawful acquisition of its trade secret files, and Move should be entitled to the requested preliminary injunction based on that fact alone.

If anyone has their head in the sand, it is Defendants. They appear to be in denial about what has happened here. Move does not need discovery to prove that one of CoStar's employees acquired Move's trade secrets and repeatedly accessed them. Move has already shown that its trade secret documents were wrongfully

3

1  acquired and disclosed by CoStar's employee, and the employee in question has
2  admitted to his conduct (though claims it was just due to curiosity). The idea that
3  Move is acting inappropriately by not spending money on expedited discovery
4  requests and risking more delay—where it simply wants to cut to the chase and get
5  its preliminary injunction entered, to protect the status quo—is unreasoned.

### IV.    Defendants Fail to Support Portions of Their Requests.

6
7  After serving their discovery requests a week late, Defendants—incredibly—
8  try to put the blame for the delay on Move, who is not even seeking any discovery
9  before the preliminary injunction hearing. Defendants complain that in the week
10 following the July 29 hearing, Move "did nothing regarding setting a schedule for
11 expedited discovery or attempting to meet and confer regarding such discovery." Jt.
12 Stip. at 6:1-4. That attempted blame-shifting is stunning. Move could not reach out
13 to Defendants to meet and confer about discovery Move had not received. Nor can
14 Move hold Defendants' hands and drag them through this expedited discovery
15 process—*their* process that *they* asked for and the Court issued clear instructions on.
16 Defendants should have served their expedited discovery the day after the Cour's
17 ruling. They forfeited their ability to do so by wasting nearly a quarter of the
18 expedited period without a single discovery request served, playing games and
19 serving documents on a Sunday, the day before the parties' dispute briefing was due.

20 Defendants' missteps continued with their portions of the Joint Stipulation,
21 where they failed to rebut many of Move's arguments and objections to the discovery
22 Move finally received on August 4, 2024.

23 ***First***, Defendants fail to meaningfully respond to Move's objection that the
24 Interrogatories are compound and amount to far more than the ten they requested.
25 Instead, Defendants simply say that the numerous questions per interrogatory are
26 "directly relevant," Jt. Stip. at 14:25, and "provide more specificity," Jt. Stip. at 16:3-
27 4. Even if true, that does not make them not compound, nor fair or balanced within
28 the context of the very narrow and limited expedited discovery the Court ordered.

The Court should therefore issue a protective order limiting Defendants' Interrogatories to, at most, the discrete subparts Move identified in the Joint Stipulation. *See* Jt. Stip. at 45:2-20.

***Second***, Defendants fail to address Move's objections that Interrogatories seeking information about Move's investigation into the facts of this case, as well as Move's bases underlying the timing of its Complaint, are irrelevant (Interrogatory Nos. 3, 5, 8, 10). To be clear, there is zero support for the notion that information about Move's investigation or filing of its Complaint (which would largely be privileged) has any bearing on whether Move is entitled to a preliminary injunction based on the information available at the outset of the case. The Court should consider these Interrogatories abandoned. The same is true of Defendants' Request for Production No. 4, which also seeks documents related to Move's investigation into the facts. If Defendants cannot articulate any basis for seeking that information in the context of the narrow, expedited discovery phase, Move should not be required to respond.

***Third***, Defendants have no good answer to Move's objections to the deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6). They claim Move's objection was premature, because Defendants reserved their right to notice a different deposition. Jt. Stip. at 44:16-18. But that makes no sense. And Defendants sent Move the 30(b)(6) notice on Sunday August 4 with *objections / arguments due to the Court on August 5*. Defendants also suggest they might serve an amended deposition notice on August 20, 2024—just one week before Defendants suggested that the next round of briefing would be due. *See* Baldridge Decl., Ex. D. The assertion is incredible. Defendants continue to demonstrate that their plan for expedited discovery is untenable, with the real goal likely being delay, and they have no real basis for a deposition pursuant to Rule 30(b)(6). Defendants have known the names of Move's witnesses since July 15 when the preliminary injunction motion was filed with their declarations.

Dated:  August 6, 2024

JENNER & BLOCK LLP

By:

Brent Caslin (SBN 198682)
bcaslin@jenner.com
David R. Singer (SBN 204699)
dsinger@jenner.com
Carolyn Small (SBN 304938)
csmall@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:   +1 213 239 5100
Facsimile:   +1 213 239 5199

*Attorneys for Plaintiffs*

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE: JOINT STIPULATION PURSUANT TO LOCAL
RULE 37-2.3