LATHAM & WATKINS LLP
NICHOLAS J. BOYLE*
nicholas.boyle@lw.com
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Tel: 202.637.2200
Fax: 202.637.2201

MATTHEW W. WALCH*
matthew.walch@lw.com
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Tel: 312.876.7700
Fax: 312.993.9767

*Admitted Pro Hac Vice

JOSEPH D. AXELRAD (SBN 274580)
joseph.axelrad@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Tel: 213.485.1234
Fax: 213.891.8763

*Attorneys for Defendant
CoStar Group, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MOVE, INC., a Delaware corporation; MOVE SALES, INC., a Delaware corporation; REALSELECT, INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>COSTAR GROUP, INC., a Delaware corporation; JAMES KAMINSKY an individual; and DOES 1 through 10, inclusive<br><br>　　　　　　　　Defendants. | CASE NO. 2:24-cv-05607-GW-BFM<br><br>**COSTAR GROUP, INC.'S SUPPLEMENTAL MEMORANDUM RE: JOINT STIPULATION (ECF NO. 46) PURSUANT TO LOCAL RULE 37-2.3**<br><br>Judge: George H. Wu<br>Magistrate Judge: Brianna Fuller Mircheff<br><br>Complaint filed: July 2, 2024 |

## I. INTRODUCTION

On July 29, 2024, the Court granted expedited discovery "that both sides are asking for" so that "both sides can ask each side for stuff which . . . hopefully will resolve the matter." (7/29/24 Tr. 9:4-12.) In the wake of that ruling, Defendants diligently attempted "to initially meet and confer and discuss the issues of what discovery would be requested, and . . . limitations in terms of the number." (*Id*. at 14:1-14.) Move, on the other hand, refused to engage and transformed what should have been a straightforward stipulation on the scope of discovery into over sixty pages of briefing re-litigating the Court's ruling. Enough is enough. Despite Move's obfuscation of what should have been a "regular discovery dispute," the reality is this: Defendants served expedited discovery and the parties then informed the Court "what has been asked for." (*Id.* at 14:1-14.) Move had sufficient time to provide its "opposition" to the scope of those requests and Defendants provided their "response." (*Id.*) No party is facing any prejudice based on the "delay" Move (incorrectly) alleges. It is time to proceed with the discovery that the Court granted, subject to any further guidance from the Court. Move's efforts to seek reconsideration, and to block or narrow discovery, should be rejected.

## II. ARGUMENT

Contrary to Move's representation that it wants to "cut to the chase," Dkt. 47 at 4, Move spills another five pages of ink seeking reconsideration of the Court's order granting expedited discovery, and arguing about the scope of that discovery. In light of the factual and legal misrepresentations and misstatements in those pages, CoStar is now forced to respond as follows.

### A. The Scope of Expedited Discovery was Clear from the Outset.

Move continues to indulge its false narrative that "Defendants identified no specific topics until they served their discovery requests on Sunday, August 4." (Dkt. 47 at 1.) This is demonstrably untrue, including because the expedited discovery sought by Defendants aligns exactly with the topics identified in their *ex*

*parte* application memoranda—namely, "the trade secrets claimed by Move, the alleged acts of Mr. Kaminsky, his work for CoStar, how Move has allegedly been harmed, and the urgency and alleged irreparable nature of any such harm," as well as "[w]hen precisely Move learned of the alleged improper access by Mr. Kaminsky or device deletion activity, what Move did in response and when, why exactly the information is competitively sensitive, and what basis Move has for claiming that CoStar is or was using Move's information to compete against Move." (Dkt. 21 at 4; Dkt. 33 at 4.) Then, during the parties' August 2 meet and confer—which Move said it did not see the need for—Defendants reiterated that they would be seeking discovery related to those topics. (Walch Decl. (Dkt. 46-2) ¶ 10.) Counsel for Plaintiffs did not seek to meet-and-confer in the first place, provided no response or objection to those topics, or raise any issue regarding timing when Defendants indicated they would be serving written requests. (*Id.*) It is now clear that this lack of response was not consideration or confusion; it was part of a larger strategy to avoid participating in the discovery that the Court already granted.

### B.     There is No Undue Burden.

The irony of Move's purported frustration with Defendants' proposed expedited discovery schedule cannot be overstated. Move contends that it does not want the preliminary injunction hearing "continued again," Dkt. 47 at 2, yet has forced the parties to spend days on lengthy briefing instead of moving expedited discovery along—in a transparent attempt to run out the clock. Move also contends that "two weeks" is not enough time to respond to expedited discovery, yet previously requested that *CoStar* provide discovery (now abandoned) on timelines as short as "four days," "seven calendar days," and "10 calendar days." (Dkt. 10-2 at 1-2.) In any event, the *expedited* timeline presented by Move's PI Motion is the very reason Defendants need *expedited* discovery. Given a hearing date of September 23 and a reply brief deadline of September 11, the deadlines proposed by Defendants are reasonable—and in fact necessary—for completion of Defendants'

tailored discovery. If those deadlines get pushed, the only party to blame is Move, which is unnecessarily complicating and elongating this process. Finally, any purported "burden" imposed on Move in connection with expedited discovery is the direct consequence of Move's filing of a meritless preliminary injunction motion—the basis for which CoStar is now entitled to probe.

### C. CoStar is Entitled to Test the Merits of Move's Claim for Relief.

Move claims *CoStar* is focused on "media soundbites," Dkt. 47 at 2, rather than defending against Move's claimed need for an injunction against a company that did not seek, does not have, and has not used Move's alleged trade secrets. Chutzpah. While *CoStar* was drafting discovery and attempting to convince a reluctant Move to meet and confer, *Move* was dragging this Court into its PR war, issuing a press release about last week's hearing that falsely stated: "[T]he judge acknowledged CoStar's conduct appears to have been improper."[1] After CoStar wrote a letter about this plain untruth, Move issued an (inadequate) retraction, but of course the damage had been done, the PR goal achieved, and even today the falsehood still appears in multiple media outlets online. In any event, Move's assertion that it "needs" and "is entitled to" a preliminary injunction (without discovery) does not render those claims true. (Dkt. 47 at 2.) Move now argues that expedited discovery (the relief it previously sought) is "unnecessary" in part because of the "associated cost." Move, part of the multi-billion-dollar Murdoch-owned NewsCorp empire, having hired an international law firm, spilled gallons of ink in briefing, and pursued a national PR campaign, is now purportedly counting pennies rather than seeking to uncover the facts. The argument needs no further response.

### D. CoStar's Discovery is Narrow and Targeted.

Move's emphasis on the alleged "intentionally narrow" nature of its proposed injunction misses the mark. (Dkt. 47. at 3.) Of course, a narrow claim without merit

---

[1] Marian McPherson, *Judge rules in favor of CoStar, grants expedited discovery*, Inman (July 30, 2024), www.inman.com/2024/07/30/judge-rules-in-favor-of-costar-grants-expedited-discovery/.

is no more deserving of an injunction than a broad one.  Moreover, if the injunction is as narrow as Move alleges, then it begs the question: what about the disclosure of *any* of the information at issue would cause Move, a multi-billion dollar company, irreparable harm?  That is one of the subject matters upon which CoStar seeks discovery, that Move is seeking to block, and about which the Court expressed skepticism.  (*See* Tr. at 5:4-5 ("[W]hat exactly is the harm that is being produced by the alleged improper conduct?"); *accord id.* at 5:17-19.)

Tellingly, Move also seeks to block any discovery into the basis for its core claim that the documents at issue are being used by CoStar to compete against Move, arguing that Defendants' "use" of the documents is "irrelevant at this preliminary injunction stage" because Move has shown Kaminsky "repeatedly accessed them." (Dkt. 47. at 3.)  That is no response.  Move has no evidence that *CoStar* has (or has ever had) access, or that Kaminsky does any more, and more importantly Move's PI Motion squarely puts *use* by Defendants at issue.  Indeed, Move's core asserted basis for irreparable harm is that "Defendants are stealing this hard-earned information to support their competing business.  They are free-riding on Move's investment…." (Dkt. 12 at 19; *see also id*. at 2 (PI sought to "stop further unlawful *use* of specific misappropriated files" (emphasis added)); *id*. at 21 (PI is in the public interest because "[i]t is detrimental…if former employees are permitted to take confidential materials from employers…and *use* them for competing businesses" (emphasis added)). Move put use at issue, alleging that CoStar is using the information, and that an injunction is therefore required.  Move has no evidence of such use and, remarkably, it is not seeking such evidence. But that does not mean CoStar is prohibited from testing the veracity of the use claims that permeate Move's Motion.

### E.     Defendants Responded Appropriately to Move's Objections

Endorsement of Move's objections would mean Defendants cannot take discovery regarding, for example: (1) measures Move took to protect the alleged trade secrets; (2) the economic value derived from those documents; (3) the basis for

Move's claim that Defendants are using Move trade secrets to compete; (4) who at CoStar allegedly used the trade secrets; and (5) Move's investigation into the allegations underlying its PI Motion. For the reasons explained in the Joint Stipulation, the topics are relevant to Move's PI Motion. CoStar provides the following additional responses to specific objections Move has re-raised:

**Compound Interrogatories.** Interrogatories are not compound as a matter of law when any purported subparts "are subsumed within or necessarily related to the primary question." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444-45 (C.D. Cal. 1998) (cleaned up and citation omitted). Defendants' Interrogatories meet this standard. For example, Interrogatory No. 1 asks Move to identify its alleged trade secrets, including what make them trade secrets: measures to keep the information secret, its economic value, and the basis for Move's claim that the information is protectable. *See* Dkt. 46 at 13-14. This requests simply asks Move to identify the alleged trade secrets and provide minimal substantiation for its assertion that they are, in fact, trade secrets. *See* 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d).

**Move's Investigation.** Move contends that it should not be required to provide information about Move's pre-complaint investigation. (Dkt. 47 at 5.) The caselaw establishes the opposite. A "delay in seeking injunctive relief," including a "delay in filing suit," demonstrates an absence of irreparable harm. *Playboy Ent., Inc. v. Netscape Comms. Corp.*, 55 F. Supp. 2d 1070, 1090 (C.D. Cal.) (citation omitted), aff'd, 202 F.3d 278 (9th Cir. 1999).

**30(b)(6) Objections.** Move objects to a 30(b)(6) deposition on the conclusory grounds that it has "no real basis." (Dkt. 47 at 5.) But a 30(b)(6) deposition is the most efficient vehicle to obtaining evidence relevant to Plaintiffs' Motion. The topics set forth in the notice align with the topics covered in the written discovery requests, and the proposed schedule affords adequate time to meet and confer regarding those topics.

Defendants respectfully request that the Court enter their proposed order.

Dated: August 7, 2024

Respectfully submitted,

**LATHAM & WATKINS LLP**

By <u>/s/ Joseph D. Axelrad</u>
Nicholas J. Boyle
Matthew Walch
Joseph D. Axelrad

*Attorneys for Defendant*
CoStar Group, Inc.