JENNER & BLOCK LLP
Brent Caslin (SBN 198682)
bcaslin@jenner.com
David R. Singer (SBN 204699)
dsinger@jenner.com
Carolyn Small (SBN 304938)
csmall@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:  +1 213 239 5100
Facsimile:   +1 213 239 5199

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MOVE, INC., a Delaware corporation; MOVE SALES, INC., a Delaware corporation; REALSELECT, INC., a Delaware corporation,<br><br>           Plaintiffs,<br><br>     v.<br><br>COSTAR GROUP, INC., a Delaware corporation; JAMES KAMINSKY, an individual; and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No. 2:24-cv-05607-GW-BFM<br><br>**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL PURSUANT TO L.R. 79-5**<br><br>[Filed concurrently with Sealed Declaration of Carolyn S. Small; and [Proposed] Order Granting Application to Seal] |

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 79-5, Plaintiffs Move, Inc., Move Sales, Inc., and RealSelect, Inc. (collectively, "Move") file this Application to File Under Seal:

- The unredacted version of Move's reply in support of its motion for preliminary injunction (the "Reply").
- Exhibit A to the Declaration of Carolyn S. Small in support of the Reply ("Small Reply Declaration").
- Exhibit B to the Small Reply Declaration.
- Exhibit C to the Small Reply Declaration.
- Exhibit D to the Small Reply Declaration.
- Exhibit E to the Small Reply Declaration.
- Exhibit A to the Declaration of Carl Gruenberg in support of the Reply ("Gruenberg Reply Declaration").
- Exhibit B to the Gruenberg Reply Declaration.
- Exhibit C to the Gruenberg Reply Declaration.
- Exhibit D to the Gruenberg Reply Declaration.
- Exhibit E to the Gruenberg Reply Declaration.
- Exhibits F and G to the Gruenberg Reply Declaration.
- Exhibit A to the Declaration of Mickey Neuberger in support of the Reply.

//
//
//
//
//
//
//

1  This Application is based on this Notice of Application to File Under Seal,
2  the following Memorandum of Points and Authorities, the Declaration of Carolyn S.
3  Small, and the concurrently lodged Proposed Order.

Dated: September 11, 2024          JENNER & BLOCK LLP

By: /s/ Brent Caslin
Brent Caslin
David R. Singer
Elizabeth Baldridge
Carolyn S. Small

*Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

Good cause exists to seal the unredacted version of Plaintiffs Move, Inc., Move Sales, Inc., and RealSelect, Inc.'s (collectively, "Move") reply in support of its motion for preliminary injunction (the "Reply"), along with certain exhibits supporting the Motion. The limited material[1] that Move seeks to seal reflects confidential business and trade-secret information that warrants protection.

Preliminary injunction motion materials may be sealed if there are "compelling reasons" to protect the information therein. *See* L.R. 79-5.2.2; *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (articulating "compelling reasons" standard for dispositive motions and attachments thereto); *Innovative Coatings Technology Corp. v. Adapon*, 2021 WL 8820861, at *3–4 (C.D. Cal. Sept. 3, 2021) (interpreting *Kamakana*'s "compelling reasons" standard to apply to documents accompanying a motion for preliminary injunction).

Courts in the Ninth Circuit seal trade secret information and other confidential business information when its release would "harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). The Ninth Circuit has also stated clearly that a "compelling reason" to seal exists when failure to seal the material would result in the release of trade secrets. *Id.* (finding information in a confidential license agreement to be a trade secret; the "precise sort of information" that should be kept off public dockets).

Broader than trade secrets, the Ninth Circuit also finds "compelling reasons" to seal "business information that might harm a litigant's competitive standing." *Id.* (quoting *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978)). As a result,

---

[1] Move is requesting to seal as little material as possible while still protecting its confidential and trade secret information. As illustrated by the redacted version of the Reply, Move seeks to omit only certain portions of the Reply that describe Move's trade-secret information or reveal Move's confidential business contracts. If the Court grants this Application, the majority of the Reply and the declarations in support of the Reply will still be public.

1  district courts in the circuit routinely determine that under-seal filing is appropriate
2  to limit the disclosure of sensitive business information that could be used by a
3  competitor.  *See, e.g.*, *Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2
4  (N.D. Cal. Sept. 17, 2020) ("confidential business and proprietary information"
5  warrants sealing).

6        Here, the Reply contains descriptions of trade-secret and confidential business
7  information that should not be filed on the public docket of this case.  Trade secret
8  information is plainly the sort of information for which a "compelling reason" to
9  seal exists, and the Court should seal any information related to Move's trade secrets.
10 Exhibits A and B of the Small Reply Declaration contain excerpts of confidential
11 deposition testimony describing trade secret documents at the heart of this litigation,
12 and they have been withheld in their entirety from the publicly filed version of the
13 Reply materials.  Exhibits C through E of the Small Reply Declaration and Exhibits
14 A through F of the Gruenberg Reply Declaration contain Move's template business
15 agreements, executed confidentiality agreements with current and former Move
16 employees and independent contractors, and confidentiality notices, which
17 constitute confidential business information that should not be filed on the public
18 docket.  Exhibit A to the Neuberger Reply Declaration is a page from one of Move's
19 trade secret documents at the center of this litigation, over which the Court already
20 granted sealing.  *See, e.g.*, *Jam Cellars*, 2020 WL 5576346, at *2.  The Court should
21 permit the sealing of these documents, the disclosure of which would result in the
22 release of Move's confidential business and trade secret information.  *See In re Elec.*
23 *Arts, Inc.*, 298 F. App'x at 569.

24       For the foregoing reasons, Move respectfully requests leave to file under seal:
25         • The unredacted version of the Reply.
26         • Exhibit A to the Small Reply Declaration, which contains the
27           unredacted version of excerpts from the August 29, 2024 confidential
28

deposition transcript of the deposition of Mickey Neuberger as 30(b)(6) witness for Move.

- Exhibit B to the Small Reply Declaration, which contains the unredacted version of excerpts from the August 28, 2024 confidential deposition transcript of Howard Pence as a 30(b)(6) witness for Move.
- Exhibit C to the Small Reply Declaration, which contains a true and correct copy of Move's template mutual nondisclosure agreement produced in this action to Defendants at Bates No. MOVE_0000434-36.
- Exhibit D to the Small Reply Declaration, which contains a true and correct copy of Move's template independent contractor agreement produced in this action to Defendants at Bates No. MOVE_0001115-27.
- Exhibit E to the Small Reply Declaration, which contains a true and correct copy of Move's confidentiality warnings produced in this action to Defendants at Bates No. MOVE_0000432-33.
- Exhibit A to the Gruenberg Reply Declaration, which contains current Move employee Amy Maas's signed confidentiality agreement.
- Exhibit B to the Gruenberg Reply Declaration, which contains former Move employee Eric Hodge's signed confidentiality agreement.
- Exhibit C to the Gruenberg Reply Declaration, which contains independent contractor Claudine Zap Friedberg's signed agreement containing confidentiality provisions protecting Move's confidential and trade secret material.
- Exhibit D to the Gruenberg Reply Declaration, which contains independent contractor Natalie Richley's signed agreement containing

- confidentiality provisions protecting Move's confidential and trade secret material.
- Exhibit E to the Gruenberg Reply Declaration, which contains independent contractor Heather Donahoe's signed agreement containing confidentiality provisions protecting Move's confidential and trade secret material.
- Exhibits F and G to the Gruenberg Reply Declaration, which contain the Optimist Collective's original and amended agreements containing confidentiality provisions protecting Move's confidential and trade secret material.
- Exhibit A to the Declaration of Mickey Neuberger in support of the Reply, which is a single page from one of Move's trade secret documents at issue in Move's Preliminary Injunction Motion (the entire document was previously granted sealing).

Dated: September 11, 2024

JENNER & BLOCK LLP

By: *Brent Caslin*
Brent Caslin
David R. Singer
Elizabeth Baldridge
Carolyn S. Small

*Attorneys for Plaintiffs*