1   LATHAM & WATKINS LLP
    NICHOLAS J. BOYLE*
2   nicholas.boyle@lw.com
    555 Eleventh Street, NW, Suite 1000
3   Washington, D.C. 20004
    Tel: 202.637.2200
4   Fax: 202.637.2201
    *Admitted Pro Hac Vice
5
    MATTHEW W. WALCH*
6   matthew.walch@lw.com
    330 North Wabash Avenue
7   Chicago, IL 60611
    Tel: 312.876.7700
8   Fax: 312.993.9767
    *Admitted Pro Hac Vice
9
    JOSEPH D. AXELRAD (SBN 274580)
10  joseph.axelrad@lw.com
    355 South Grand Avenue, Suite 100
11  Los Angeles, CA 90071
    Tel:  213.485.1234
12  Fax: 213.891.8763

13  Attorneys for CoStar Group, Inc.

14              **UNITED STATES DISTRICT COURT**
15      **CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION**

16  MOVE, INC., a Delaware                CASE NO. 2:24-cv-05607-GW-BFMx
    corporation; MOVE SALES, INC., a
17  Delaware corporation;                 **COSTAR'S NOTICE OF MOTION AND**
    REALSELECT, INC., a Delaware          **MOTION TO DISMISS FIRST**
18  corporation,                          **AMENDED COMPLAINT**

19                          Plaintiff,    Judge: George H. Wu

20      vs.                               Date: October 28, 2024

21  COSTAR GROUP, INC., a Delaware        Time: 8:30 AM
    corporation; JAMES KAMINSKY an
22  individual; and DOES 1 through 10,    Courtroom: 9D
    inclusive
23
                            Defendants.
24

25

26

27

28

# NOTICE OF MOTION

TO THE COURT AND TO PLAINTIFF AND ITS ATTORNEYS:

PLEASE TAKE NOTICE that on October 28, 2024 at 8:30 AM or as soon thereafter as this matter may be heard in the above-referenced Court, Defendant CoStar Group, Inc. ("CoStar") will and hereby does move for an order to dismiss with prejudice two of the causes of action of the First Amended Complaint ("FAC") filed by Plaintiffs Move, Inc., Move Sales, Inc., and RealSelect, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6). As explained in detail in the attached Memorandum of Points and Authorities, CoStar's Motion is made on the grounds that Move has failed to plead a claim upon which relief can be granted as to Move's Third and Fourth Claims for Relief.

This Motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities, the matters of which this Court may take judicial notice, the pleadings, records, and files in this action, and such argument as may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which commenced on September 13, 2024.

Dated: September 20, 2024            Respectfully submitted,

**LATHAM & WATKINS LLP**

By /s/
Nicholas J. Boyle, Admitted *Pro Hac Vice*
Matthew W. Walch, Admitted *Pro Hac Vice*
Joseph D. Axelrad

*Attorneys for Defendant*
CoStar Group, Inc.

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................... 1

PLAINTIFFS' FACTUAL ALLEGATIONS ........................................................... 3

    A.    Move and CoStar ...................................................................... 3

    B.    Kaminsky is Terminated from Move and Hired by
        CoStar........................................................................................ 3

    C.    Kaminsky's Access to Certain Move Documents ...................... 3

    D.    Move Sues Kaminsky and CoStar and Seeks a
        Preliminary Injunction ............................................................ 5

LEGAL STANDARD ............................................................................................ 6

ARGUMENT.......................................................................................................... 7

    A.    Move Fails to State a CFAA Claim ......................................... 7

        1.    Move Fails to Plead That a Specific CFAA
            Subsection Has Been Violated ..................................... 7

        2.    Move Has Not Sufficiently Alleged Any
            Recoverable Damages, Let Alone $5,000 in
            Damages ...................................................................... 8

        3.    Move fails to establish that CoStar is liable under
            the CFAA for Kaminsky's Alleged Actions ................ 11

    B.    Move Fails to State a CDAFA Claim ..................................... 13

        1.    Move's CDAFA Claim is Preempted By its
            CUTSA Claim. ........................................................... 13

        2.    Move Fails to State A Claim Under Any
            Subsection of the CDAFA.......................................... 15

        3.    Move Does Not Plausibly Allege "Damage or
            Loss."......................................................................... 16

        4.    Move has failed to establish that CoStar is liable
            under the CDAFA for Kaminsky's Alleged
            Actions ...................................................................... 17

    C.    Move's CFAA and CDAFA Claim Should Be Dismissed
        With Prejudice.......................................................................... 18

CONCLUSION.................................................................................................... 19

COSTAR'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Gonzalez v. Uber Techs., Inc.*,
  305 F. Supp. 3d 1078 (N.D. Cal. 2018) ............................................................ 15

*Alert Enter., Inc. v. Rana*,
  No. 22-cv-06646-JSC, 2023 WL 2541353 (N.D. Cal. Mar. 16,
  2023) ..................................................................................................... 13, 14, 18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................. 7

*AtPac, Inc. v. Aptitude Sols., Inc.*,
  730 F. Supp. 2d 1174 (E.D. Cal. 2010) ............................................................. 10

*Balu v. Lake Cnty.*,
  No. C083014 SI, 2008 WL 5234236 (N.D. Cal. Dec. 15, 2008) ......................... 8

*Becton, Dickinson & Co. v. Cytek Bioscienecs Inc.*,
  No. 18-cv-00933, 2018 WL 11434596 (N.D. Cal. Aug. 16, 2018) ................... 14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................... 6, 7

*Best Label Co. v. Custom Label & Decal, LLC*,
  No. 19-cv-03051-SI, 2022 WL 1189884 (N.D. Cal. Apr. 20, 2022) ................ 14

*Brodsky v. Apple Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) ............................................................... 10

*C&H Travel & Tours, Inc. v. Chow*,
  No. 2:18-cv-06690-RGK-MRW, 2018 WL 6427369 (C.D. Cal.
  Sept. 26, 2018) ................................................................................................... 14

*Castro v. JPMorgan Chase Bank, N.A.*,
  2021 WL 3468108 (C.D. Cal. Apr. 14, 2021) .................................................... 17

*Claridge v. RockYou, Inc.*,
  785 F. Supp. 2d 855 (N.D. Cal. 2011) ............................................................... 13

*Coste v. Fox Beverages USA Inc*,
     No. 223CV02053WLHRAOX, 2023 WL 8522987 (C.D. Cal. Oct.
     10, 2023) ................................................................................................ 12

*Cottle v. Plaid Inc.*,
     536 F. Supp. 3d 461 (N.D. Cal. 2021) ............................................. 16, 17

*Custom Packaging Supply, Inc. v. Phillips*,
     No. 2:15-cv-04584-ODW-AGR, 2016 WL 1532220 (C.D. Cal.
     Apr. 15, 2016) ........................................................................................ 9

*Erhart v. Bofi Holdings, Inc.*,
     No. 15-cv-02287-BAS-NLS, 2020 WL 1550207 (S.D. Cal. Mar.
     31, 2020) ............................................................................................... 13

*Fraser v. Mint Mobile, LLC*,
     No. C 22-00138, 2022 WL 2391000 (N.D. Cal. July 1, 2022) ............ 9

*Gerritsen v. Warner Bros. Ent. Inc.*,
     116 F. Supp. 3d 1104 (C.D. Cal. 2015) ............................................... 13

*Heieck v. Fed. Signal Corp.*,
     No. SA-CV-18-02118-AGK-ES, 2019 WL 6873869 (C.D. Cal.
     Nov. 4, 2019) ........................................................................................ 14

*Henry Schein, Inc. v. Cook*,
     No. 16-CV-03166-JST, 2017 WL 783617 (N.D. Cal. Mar. 1, 2017) ......... 14, 15

*hiQ Labs, Inc. v. LinkedIn Corp.*,
     31 F.4th 1180 (9th Cir. 2022) ................................................................ 9

*In re Carrier IQ, Inc.*,
     78 F. Supp. 3d 1051 (N.D. Cal. 2015) ............................................. 8, 16

*JEB Grp., Inc. v. San Jose III*,
     No. CV 19-04230-CJC(AGRX), 2020 WL 2790012 (C.D. Cal.
     Mar. 31, 2020) ...................................................................................... 14

*Johnson Controls, Inc. v. Therma, LLC*,
     No. SACV1800636AGKESX, 2018 WL 6133674 (C.D. Cal. Aug.
     17, 2018) ............................................................................................... 14

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
     171 Cal. App. 4th 939 (2009) ............................................................... 13

*LVRC Holdings LLC v. Brekka,*
   581 F.3d 1127 (9th Cir. 2009) ............................................................................ 7

*Margolis v. Apple Inc.,*
   No. 23-CV-03882-PCP, 2024 WL 3755364 (N.D. Cal. Aug. 6,
   2024) ................................................................................................................... 10

*Movement Mortg., LLC v. Scrima,*
   No. 2:23-cv-02904-DJC-CSK, 2024 WL 3011202 (E.D. Cal. June
   11, 2024) ............................................................................................................. 14

*NetApp, Inc. v. Nimble Storage, Inc.,*
   41 F. Supp. 3d 816 (N.D. Cal. 2014) ....................................................... 10, 11, 12

*NovelPoster v. Javitch Canfield Grp.,*
   140 F. Supp. 3d 938 (N.D. Cal. 2014) .......................................................... 9, 16

*Nowak v. Xapo, Inc.,*
   No. 5:20-cv-03643-BLF, 2020 WL 6822888 (N.D. Cal. Nov. 20,
   2020) ..................................................................................................................... 7

*Semegen v. Weidner,*
   780 F.2d 727 (9th Cir. 1985) ............................................................................. 18

*Song v. Drenberg,*
   No. 18-CV-06283-LHK, 2019 WL 1998944 (N.D. Cal. May 6,
   2019) ............................................................................................................ 7, 8, 16

*Sunbelt Rentals, Inc. v. Victor,*
   43 F. Supp. 3d 1026 (N.D. Cal. 2014) ............................................................... 13

*Synopsys, Inc. v. Ubiquiti Networks, Inc.,*
   313 F. Supp. 3d 1056 (N.D. Cal. 2018) ........................................................ 9, 16

*U.S. v. Christensen,*
   828 F.3d 763 (9th Cir. 2015) ....................................................................... 15, 18

*United States v. Ritchie,*
   342 F.3d 903 (9th Cir. 2003) ....................................................................... 10, 11

*Van Buren v. United States,*
   593 U.S. 374 (2021) ............................................................................................. 8

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ............................................................................. 7

*X Corp. v. Ctr. for Countering Digital Hate, Inc.,*
    No. 23-CV-03836-CRB, 2024 WL 1246318 (N.D. Cal. Mar. 25,
    2024) ................................................................................................................. 9, 10

## STATUTES

18 U.S.C.
    § 1030 ................................................................................................................. 2
    § 1030(a)(2)(C) .............................................................................................. 7, 11
    § 1030(c)(4)(A)(i)(I) ...................................................................................... 8, 11
    § 1030(g) ............................................................................................................ 8

Cal. Civ. Code
    § 3426.7 ....................................................................................................... 13, 14

Cal. Penal Code § 502(e)(1) .......................................................................... 13, 16

# **INTRODUCTION**

Instead of competing in the marketplace, Plaintiffs Move, Inc., Move Sales, Inc., and RealSelect, Inc. (collectively, "Move") have attempted to take a swipe against a surging real estate marketplace rival by filing—and then amending—a meritless complaint against CoStar Group, Inc. ("CoStar").  Move originally pled that CoStar had hired former Move employee Jim Kaminsky to build a cloned news division using purported Move trade secrets.  Upon receipt of a Rule 11 communication from CoStar highlighting the falsities of Move's accusations, but after having milked its story in the press, Move abandoned the core of its case, and filed a First Amended Complaint ("FAC") based on an even weaker, and equally baseless, theory.  This time, Move alleges CoStar *might* alter its content and search engine optimization ("SEO") strategy to increase web traffic—although there is no evidence or even allegation that it has—based on Kaminsky's access to purported Move trade secret documents that he authored, and that he accessed fleetingly and, with one immaterial exception, did not retain.  Move's tortured backup theory is meritless.

And Move knows this.  Unlike a genuine trade secret plaintiff that seeks to determine what happened to its documents, Move refused to take any discovery, facts being anathema to its claims.  No wonder.  Discovery pursued and evidence affirmatively provided by CoStar and Kaminsky, including a forensic report and a wealth of testimony, has already shown that: (1) CoStar does not possess any of the documents at issue, (2) neither does Kaminsky (with one exception, in an email account that he has not accessed), (3) Kaminsky has not shared any information from those documents at CoStar, (4) Kaminsky writes and edits stories about New York condos, and his CoStar role does not encompass SEO, content strategy, news, or anything in or relating to the documents at issue, (5) CoStar's Head of SEO has never heard of Kaminsky, much less relied on him to change CoStar's well-established SEO strategy, (6) Kaminsky is on leave, until the earlier of the resolution of this case

COSTAR'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

or 2025, and (7) Move's supposed trade secrets do not reflect secret information, and were not treated as such—indeed they were mixed with personal files, unmarked, and available to unsecured personal email accounts outside Move pursuant to a Move company policy of open collaboration.   To the extent necessary, CoStar intends to pursue further discovery from Move to underscore that Move does not possess, and never possessed, any facts in support of multiple crucial aspects of its claims.  Two of Move's claims, however, should not even proceed to full discovery. Taking Move's false allegations as true—as the Court must at this early juncture— Move failed to allege sufficient claims under (1) the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"); and (2) the Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502 ("CDAFA").   These claims should be dismissed under Rule 12(b)(6).

First, Move's CFAA claim fails for numerous reasons—none more striking than the fact that Move has failed to plead *any* damages or harm—let alone the specific technological harm required under the law.  In addition, Move wholly fails to allege that CoStar accessed Move's documents, computer, or information, or that it is vicariously liable for Kaminsky's alleged access of such documents, computer, or information.

Second, Move's CDAFA claim fails for these same reasons.   It is also separately preempted by Move's California Uniform Trade Secrets Act ("CUTSA") claim and wholly relies on conclusory allegations insufficient to establish that CoStar (or Kaminsky for that matter) actually *used* any information it allegedly had access to.

For these reasons and as explained in further detail below, Move's CFAA and CDAFA claims should be dismissed with prejudice.

COSTAR'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1

## PLAINTIFFS' FACTUAL ALLEGATIONS[1]

2

### A.    Move and CoStar

3      Move operates Realtor.com, a real estate marketplace.   FAC ¶¶ 13–15.
4  Defendant CoStar offers a competing marketplace, Homes.com, as well as other
5  related websites.  *Id.* ¶ 16.  In 2023, CoStar heavily invested in Homes.com and
6  began the "largest real estate platform marketing campaign in history" to "driv[e]
7  traffic to Homes.com" which has further fueled competition with Realtor.com, as
8  well as other rival sites.  *Id.*  ¶¶ 33–35.

9

### B.    Kaminsky is Terminated from Move and Hired by CoStar

10      Defendant Jim Kaminsky joined Move in June 2015 and worked in its news
11  division, called the News & Insights department.  *Id.* ¶ 51.  Move's news division
12  publishes stories on a range of topics, including celebrity homes and home
13  improvement projects.  *Id.* ¶ 28.  On or about January 10, 2024, Move notified
14  Kaminsky that he was being let go as part of a reduction in Move's workforce.  *Id.*
15  ¶ 53.  In March 2024, almost two months after his last day at Move, Kaminsky began
16  working for CoStar as a "relatively junior employee" who supervises, as a "mid-
17  level manager," a team of writers that draft "descriptions of condominium buildings
18  in New York City." *Id.* ¶ 38.  Move has not alleged—nor could it—that Kaminsky's
19  role involves dictating content or SEO strategy at CoStar, choosing what topics to
20  cover, or writing or creating any content beyond the narrow subject matter of New
21  York City condominiums.  *See id.* ¶¶ 38, 56.

22

### C.    Kaminsky's Access to Certain Move Documents

23      In June 2024, Move discovered that on January 12, 2024, his last day at Move,
24  Kaminsky sent to his personal Gmail account documents including employment
25  summaries of several individuals on the News & Insights team.  *Id.*  Move also
26  discovered that Kaminsky gave himself access, via his personal Gmail account, to

27

---

28  [1] Defendant has assumed the truth of the FAC's factual allegations solely for the purposes of this
Motion to Dismiss.

COSTAR'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

several documents stored on Move's Google Drive[2] and that on February 19, 2024,

prior to the return of his Move laptop, Kaminsky deleted files from his laptop and

his browsing history. *Id.* ¶¶ 57–58.  Kaminsky explained that he viewed the "act of

deleting [his] personal files, emails and browser history [a]s basic privacy hygiene."

*Id.*  Certain files Kaminsky deleted from his computer were business files that also

existed in Move's Google Drive.  *Id.*  Kaminsky did not delete the files from Move's

Google Drive; he deleted only those saved locally on his computer.  *See id.* ¶ 58.

Move does not allege that Kaminsky deleted any file that Move is unable to

otherwise access or recover, nor does Move allege that it has been required to expend

any resources to recover or protect any information at issue.  Moreover, all of

Kaminsky's deletion activity took place before he started working at CoStar.

Kaminsky viewed Move's documents at certain points in time following his

termination.  *Id.* ¶ 60.[3]  In early June 2024, a Move employee noticed Kaminsky's

presence in a document on Move's Google Drive.  *Id.* ¶¶ 9, 60.  Move then blocked

---

[2] Certain of the documents that Move alleges Defendants have access to, Move claims are trade secret. FAC ¶¶ 40–43, 47–48.  These documents include:
- A strategy presentation titled "N&I Audience and Revenue for PMDLT."  *Id.* ¶ 41.
- A record of decision making that takes place in meetings between departments, titled: "Comms + Econ + N&I Project Call."  *Id.* ¶ 42.
- A document planning content for Realtor.com titled "Editorial Budget."  *Id.* ¶ 43.

These documents, and others, are the basis of Move's Motion for a Preliminary Injunction. *See* Dkt. 60.  As detailed in CoStar's Opposition, *see* Dkt. 75, these documents are not trade secrets, nor were they misappropriated by CoStar. *Id.*  However, for the purpose of this motion only and no other purpose, CoStar accepts these (false) allegations as true.

[3] For additional context, the details of Kaminsky's access are included in CoStar's Opposition to Move's Motion for a Preliminary Injunction.  *See* Dkt. 75. On January 23, February 20, and February 26, Kaminsky accessed a May 2023 document he jointly prepared entitled "N&I Audience and Revenue for PMDLT" to help him draft his LinkedIn profile and resume.  *Id.* at 6 (citing Kaminsky Declaration).  On January 29, 2024, Kaminsky accessed the "JAN 2023 – 2024 EDITORIAL BUDGET" document in connection with updating his job search materials.  *Id.* From the time Kaminsky began working at CoStar on March 11 until May 30, Kaminsky accessed only one Move internal document: a staff contact list.  Kaminsky developed this list while at Move and accessed it after his employment to facilitate social contact with former colleagues.  *Id.* at 7. Then, on May 31, Kaminsky was working to resolve a tax issue relating to his work at Move. *Id.* at 8.  To assist in that work, he reviewed his Move paystubs and other personal financial documents he had emailed himself from his Move computer before leaving Move.  While doing this, he learned that Move had not deactivated the Google links he had given himself access to in January. At this time and out of sheer curiosity, he accessed 33 of the documents located at those links in rapid succession (30 of which Move does not allege are trade secrets in conjunction with its Preliminary Injunction Motion).  *Id.* at 8.

Kaminsky's access to its Google Drive.  *Id.*  Move does not allege that CoStar accessed, viewed, saw, or even learned about that document or any other document on Move's Google Drive or any other documents that Kaminsky allegedly possessed.  And, Move does not allege (beyond conclusory restatements of the legal elements of its claim) that CoStar or Kaminsky used, altered, destroyed, or otherwise contaminated any Move computer or information.

### D. Move Sues Kaminsky and CoStar and Seeks a Preliminary Injunction

On July 2, 2024,  nearly a month after Move learned about Kaminsky's access to its Google Drive, Move sued CoStar and Kaminsky, alleging the same claims at issue in the FAC, but premised on a distinct theory: that CoStar had hired Kaminsky to build a rival News & Insights division using Move trade secrets that Kaminsky briefly accessed (including those he accessed before he was even hired by CoStar).  Compl., Dkt. 1.  Based on that false theory, Move moved for a preliminary injunction and expedited discovery.  Dkt. 10-2.  Importantly, other than cutting off Kaminsky's access to its Google Drive, Move took no remedial measures in the nearly one month that followed its discovery of Kaminsky's actions: Move did not reach out to Kaminsky, did not ask him whether he had retained any documents, did not contact CoStar, did not review or change its security protocols, did not conduct a forensic review of its systems, did not hire an external forensics team to do so, and generally did not act in the way that a company whose trade secrets have been compromised acts.  Instead, Move huddled with its PR team and lawyers, and waited a month before filing a complaint alleging that CoStar was using Move trade secrets to launch a cloned news division.

CoStar responded by writing to Move demanding that it withdraw its false allegations, including its claims that CoStar had sought or received Move materials, and that Kaminsky was building a news division (or otherwise had input into strategic or content strategies at CoStar).  CoStar also asked the Court to order

expedited discovery so that it could defend itself against Move's false allegations. Dkt. 21.  In a remarkable turn of events, Move then resisted discovery that any trade secret plaintiff would take.  Over Move's (newly-lodged) objection, the Court nonetheless ordered expedited discovery.  Dkt. 38.  Move, however, continued to pursue its strategy of avoiding the facts.  Move declined to take any discovery, despite the Court's invitation, preferring not to learn what, if anything, had happened to its documents or to discover or validate any facts relating to its claims regarding the scope of Kaminsky's work for CoStar.

In response to CoStar's Rule 11 letter, Move filed its operative amended complaint on August 16, 2024.  Dkt. 54.  Move's FAC abandons the core allegation that Defendants were using Move's documents to build a rival news division. Instead, Move simply alleges that Kaminsky accessed Move documents concerning its news division, and that Move's information is potentially valuable to CoStar, and thus Kaminsky *must have* misappropriated Move's trade secrets for the purpose of his (New York condo-focused) job at CoStar, and CoStar is thereby responsible for Kaminsky's individual actions.  FAC ¶¶ 7, 49.  Based on these allegations, Move brings claims against Defendants for trade secret misappropriation under both Federal and California law, FAC ¶¶ 62–79, violation of the CFAA, *id.* ¶¶ 80–86, and violation of the CDAFA, *id.* ¶¶ 87–92.  Move then filed an Amended Motion for a Preliminary Injunction on this basis.  Dkt. 60.  CoStar and Kaminsky opposed that motion, which is currently pending.  Dkts. 72, 75.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In evaluating the sufficiency of a claim for relief, courts require "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do."  *Id.* at 555.  The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[4]  In evaluating a Rule 12(b)(6)
motion, the Court must accept as true all non-conclusory, factual allegations made
in the complaint.  *See Twombly*, 550 U.S. at 555.

## ARGUMENT

### A.    Move Fails to State a CFAA Claim

The CFAA is an anti-hacking statute that is violated by one who "intentionally
accesses a computer without authorization or exceeds authorized access, and thereby
obtains . . . information from any protected computer."  18 U.S.C. § 1030(a)(2)(C).
Importantly, the CFAA "is primarily a criminal statute," which must be interpreted
"consistently in both criminal and noncriminal contexts," and the rule of lenity
"requires courts to limit the reach of criminal statutes to the clear import of their text
and construe any ambiguity" in favor of the defendant.  *LVRC Holdings LLC v.
Brekka*, 581 F.3d 1127, 113435 (9th Cir. 2009) (citation omitted).  Move's effort to
manufacture a CFAA claim fails.  Move does not allege which subsection of the
CFAA has been violated, a deficiency that on its own requires dismissal.  Moreover,
even if Move had specified a subsection—and it did not, and may not do so in a
brief—Move's CFAA claim also fails because Move has not sufficiently alleged
damages, and has not alleged that CoStar is vicariously liable for Kaminsky's
alleged actions.

### 1.    Move Fails to Plead That a Specific CFAA Subsection Has Been Violated

Move's first, and fatal, pleading deficiency is its failure to identify which of
the thirteen categories of offenses within the CFAA that it alleges Defendants have
violated.  *See Song v. Drenberg*, No. 18-CV-06283-LHK, 2019 WL 1998944, at *5–

---

[4] To the extent Move is alleging any fraud on the part of CoStar or Kaminsky, it also fails to meet
the heightened 9(b) pleading standard.  Although fraud is not a necessary element of a CFAA or
CDAFA claim, "the pleading of [those] claim[s] as a whole must satisfy the particularity
requirement of Rule 9(b)" if Move relies on averments of fraud as the basis of each claim. *Vess v.
Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003); *see, e.g., Nowak v. Xapo, Inc*.,
No. 5:20-cv-03643-BLF, 2020 WL 6822888, at *3, 5 (N.D. Cal. Nov. 20, 2020) (applying Rule
9(b) to CFAA and CDAFA claims that "sound[ed] in fraud").

6 (N.D. Cal. May 6, 2019) (dismissing CFAA claim where Plaintiffs failed to specify "which subsection or subsections [of the CFAA] Plaintiffs claim Defendants have violated"); *see also, e.g.*, *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1098 (N.D. Cal. 2015) ("Plaintiffs' failure to specify the specific statutory basis for their § 502 action requires dismissal."); *Balu v. Lake Cnty.*, No. C083014 SI, 2008 WL 5234236, at *4 n.4 (N.D. Cal. Dec. 15, 2008) ("If plaintiff wishes to allege a § 1985 claim, the amended complaint must identify under which subsection or subsections of § 1985 plaintiff brings his claim . . . ."). Nowhere in the FAC does Move identify the supposed subsection(s) at issue, and Move cannot amend its pleading by seeking to do so in its opposition brief. *See, e.g.*, *Song*, 2019 WL 1998944, at *5 ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss."). Move's CFAA claim should be dismissed on this basis alone.

## 2. Move Has Not Sufficiently Alleged Any Recoverable Damages, Let Alone $5,000 in Damages

To have standing to bring a CFAA claim, Move must have suffered "damage or loss," caused by the alleged violation, of at least $5,000 in a one-year period. 18 U.S.C. § 1030(g), (c)(4)(A)(i)(I). Damage and loss are carefully defined: Damage is "any impairment to the integrity or availability of data, a program, a system, or information." *Id.* § 1030(e)(8). Loss is (1) "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense," or (2) "any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." *Id.* § 1030(e)(11).

The Supreme Court has made clear that the CFAA's definitions of "damage" and "loss" both "focus on ***technological harms***—such as the corruption of files—of the type unauthorized users cause to computer systems and data," because the CFAA is "aimed at preventing the typical consequences of hacking." *Van Buren v. United States*, 593 U.S. 374, 391-92 (2021) (emphasis added) (citation omitted); *see also*

*Custom Packaging Supply, Inc. v. Phillips*, No. 2:15-cv-04584-ODW-AGR, 2016 WL 1532220, *5 (C.D. Cal. Apr. 15, 2016); (dismissing CFAA claim as "[p]urely economic harm unrelated to [any alleged] computer impairment or computer damages" are "not covered by" the CFAA's definition of "loss").  Harms arising from "assess[ments] [of] damages," not from "remedying technological harms inflicted on the breached computer or system," do not qualify as "technological harms." *Fraser v. Mint Mobile, LLC*, No. C 22-00138, 2022 WL 2391000, at *2 (N.D. Cal. July 1, 2022) (holding that cost to hire expert to trace stolen digital assets was not cognizable loss under CFAA); *see also X Corp. v. Ctr. for Countering Digital Hate, Inc.*, No. 23-CV-03836-CRB, 2024 WL 1246318, at *24 (N.D. Cal. Mar. 25, 2024) (rejecting argument that attorney's fees were cognizable losses under CFAA).  Thus, Move must show that it has suffered at least $5,000 in damages arising from such *technological harms*.  *See hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1195 n.12 (9th Cir. 2022).  Move has not made such an allegation, nor can it based on the facts present here.

Move claims it has been damaged by Kaminsky's "deletion of electronic files from Move's laptop computer" and "continuing access to Move's electronic documents." FAC ¶ 86.  These "conclusory allegations, without any facts that would plausibly suggest that Defendants caused any interruption of service or impairment of data, are not enough to establish a 'loss' within the meaning of the CFAA." *Phillips*, 2016 WL 1532220, *5 (dismissing plaintiff's CFAA claim with prejudice as plaintiff failed to allege damage or loss); *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, 313 F. Supp. 3d 1056, 1071, 1071 n.11 (N.D. Cal. 2018) (dismissing CFAA claim based on conclusory allegations of "'damage and loss' from impairment of integrity of [] information" and "causing damage to protected computers"); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 949 (N.D. Cal. 2014) (rejecting "a bare legal conclusion" of loss and granting 12(c) motion for judgment on the pleadings).

To start, Move has not alleged what supposed unauthorized or excessive access led to the specific harms.  With respect to the "deletion" of materials, Kaminsky returned that laptop to Move (and therefore deleted the files) ***before*** beginning his employment at CoStar.[5]  Moreover, Move has not alleged that those files did not exist elsewhere, that Move needed access to those files, that Move had to undergo expense to recover those files, or anything similar.  And Move has not explained how either the purported "access" or the "deletion" *would* cause it monetary damage, let alone $5,000 worth of damage.  *See NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 834 (N.D. Cal. 2014) (dismissing claim because complaint only plead conclusory allegations of harm and no harm related to computer impairment or data); *X Corp.*, 2024 WL 1246318, at *24 (reiterating that under *Van Buren* and *hiQ*, both damages and losses must arise from adequately pled technological harms).  Because Move has failed to plead the requisite damages, its CFAA claim should be dismissed.  *See, e.g.*, *AtPac, Inc. v. Aptitude Sols., Inc.*, 730 F. Supp. 2d 1174, 1185 (E.D. Cal. 2010) ("Because plaintiff has not alleged that it incurred any costs . . . as a direct result of defendants' unauthorized server access, they have not alleged to have suffered a 'loss' under the CFAA. Defendants' motion to dismiss will therefore be granted in its entirety."); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 130-31 (N.D. Cal. 2020) (dismissing CFAA claim because Plaintiff failed to plead the requisite damages required under the CFAA); *Margolis v. Apple Inc.*, No. 23-CV-03882-PCP, 2024 WL 3755364, at *5 (N.D. Cal. Aug. 6, 2024) (same).

---

[5] Move alleges that Kaminsky returned his laptop in "late February 2024."  Move's Amended Complaint also credits and incorporates Mr. Kaminsky's declaration, which establishes that Kaminsky did not begin working at CoStar until March 11, 2024. Dkt. 34-1 ¶ 23; *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (discussing incorporation by reference if the plaintiff refers to a document or the document forms the basis of the claim).

### 3.    Move fails to establish that CoStar is liable under the CFAA for Kaminsky's Alleged Actions

To plead a CFAA claim under any subsection, Move must also allege—at a minimum—intentional access of "a [protected] computer without authorization" or in excess of "authorized access." 18 U.S.C. §§1030(a)(2)(C), 1030(c)(4)(A)(i)(I) (emphasis added).  Move does not make any plausible factual allegations that CoStar accessed its protected computer or information.   To sidestep that fundamental deficiency, Move alleges that CoStar is vicariously liable for Kaminsky's actions. FAC ¶¶ 38, 85.  But to succeed on this theory, Move needs to plead that Kaminsky's alleged wrongful act was within the scope of his employment at CoStar. *NetApp, Inc.*, 41 F. Supp. at 835 (dismissing CFAA claim as plaintiff did not establish it occurred within the scope of employment).  Move has not done so, and cannot do so.

Move does not plausibly allege any connection between Kaminsky's access and his role at CoStar that sufficiently establishes vicarious liability.[6]  Move's basis for its theory of vicarious liability is that the documents Kaminsky allegedly accessed were "relating to topics within the scope of [Kaminsky's] employment with CoStar."   FAC ¶ 85; *see id.* ¶ 38 ("[t]here is ***no doubt*** [Kaminsky's] position at CoStar involves creating and editing content for a residential real estate listings website, for the purpose of driving traffic to that website").  But these barebones allegations are not supported by facts, and indeed are contradicted by other concrete allegations and admissions in the FAC.[7]  Move alleges that Kaminsky's access to documents relating to its news division could "benefit and aid CoStar's high-priority objective of creating quality content and increasing online traffic to Homes.com"

---

[6] And to the extent Move is alleging Kaminsky violated the CFAA by intentionally deleting materials from his computer, *see supra*, those acts occurred before Kaminsky was even employed by CoStar, rendering vicarious liability a non-starter on that theory.

[7] *See also* Dkt. 34-1 (Kaminsky Declaration) ¶¶ 28, 32–34 (describing the narrow scope of Kaminsky's role at CoStar, and inapplicability of the alleged trade secret documents); *see Ritchie*, 342 F.3d at 908 (discussing incorporation by reference).

because CoStar would have access to "the set up and operations" of Move's News & Insights team. *Id.* ¶¶ 10, 39. Yet Move does not, because it cannot, allege that Kaminsky plays *any* role relating to that new theory of harm, or that any such harm actually occurred. Move does not allege that Kaminsky has any involvement in, or input into CoStar's news division, CoStar's content strategy, or CoStar's SEO strategy, or even that Kaminsky has any leeway whatsoever in choosing what type of content to create in order to generate traffic. To the contrary, Move acknowledges that Kaminsky simply writes and edits "descriptions of condominium buildings in New York City," *id.* ¶ 38—a job description entirely unrelated to news, SEO, or content strategy, and which by definition limits the topics that Kaminsky can even write about. (Move later even admits that it does not really know the "accurate specifics of Mr. Kaminsky's role and duties at CoStar." *Id.* ¶ 38.) In short, Move has a new theory of the case—that CoStar might use its news division documents to enhance its content/SEO strategy to increase web traffic, or determine what types of content to create—but its allegations concede that Kaminsky performs a role with a wholly different, and much narrower, scope, with no relation to news, no strategy role whatsoever, and no ability to change content. The documents do not relate to the scope of his actual, acknowledged employment, and there is no nexus between content/SEO strategy and a job limited to writing and editing articles about one limited topic: New York condos.[8]

Move's conclusory and ultimately contradictory allegations are thus insufficient to state a claim against CoStar as a matter of law. *See Coste v. Fox Beverages USA Inc*, No. 223CV02053WLHRAOX, 2023 WL 8522987, at *6 (C.D. Cal. Oct. 10, 2023) (dismissing claim premised on vicarious liability theory because conclusory allegations insufficient to support an agency theory of vicarious

---

[8] Move's observations that CoStar and Move exist in the same marketplace are unremarkable, and cannot cure this pleading deficiency. *See e.g.*, *NetApp, Inc.*, 41 F. Supp. at 835 (requiring an act take place "in the scope of employment" or at the employers "direct[ion]" to establish vicarious liability).

1  liability); *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1148 (C.D. Cal.

2  2015) (same).  Accordingly, Move's vicarious liability argument also fails.

3  **B.    Move Fails to State a CDAFA Claim**

4  The CDAFA, Cal. Penal Code Section 502, "is an anti-hacking statute

5  intended to prohibit the unauthorized use of any computer system for improper or

6  illegitimate purpose*.*" *Sunbelt Rentals, Inc. v. Victor*, 43 F. Supp. 3d 1026, 1032

7  (N.D. Cal. 2014).  It is "a penal statute, . . . to be strictly construed." *Claridge v.

8  RockYou, Inc.*, 785 F. Supp. 2d 855, 863 (N.D. Cal. 2011).  The CDAFA provides a

9  private right of action to "the owner . . . of the computer . . . or data who suffers

10  damage or loss by reason of a violation." *Erhart v. Bofi Holdings, Inc.*, No. 15-cv-

11  02287-BAS-NLS, 2020 WL 1550207, at *44 (S.D. Cal. Mar. 31, 2020) (alterations

12  in original).  As such, courts have interpreted this private right of action as allowing

13  "a civil action against the violator for compensatory damages." *Alert Enter., Inc. v.

14  Rana*, No. 22-cv-06646-JSC, 2023 WL 2541353, at *5 (N.D. Cal. Mar. 16, 2023)

15  (citing Cal. Penal Code § 502(e)(1)).  It is through this private right of action that

16  Move brings a claim against Defendants.

17  Move's CDAFA claim fails for myriad reasons, including that: (1) it is

18  preempted by its CUTSA claim; (2) Move does not sufficiently plead the elements

19  of *any* cause of action within Section 502; (3) Move fails to allege any harm as

20  required by Section 502(e)(1); and (4) Move has not sufficiently alleged CoStar's

21  vicarious liability for any purported violation of the CDAFA.

22  **1.    Move's CDAFA Claim is Preempted By its CUTSA Claim.**

23  California's trade secret statute, the CUTSA, preempts claims to the extent

24  they arise from "the same nucleus of facts as trade secret misappropriation." *K.C.

25  Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939,

26  954, 962 (2009) (stating CUTSA "implicitly preempts alternative civil remedies

27  based on trade secret misappropriation"); *see* Cal. Civ. Code § 3426.7.  It does not

28  matter that a "non-CUTSA claim requires the pleading of different elements than the

CUTSA claim"; the only question is whether the nature of the alleged wrongdoing is similar—*i.e.*, the taking or misuse of confidential information. *Becton, Dickinson & Co. v. Cytek Bioscienecs Inc.*, No. 18-cv-00933, 2018 WL 11434596, at *12 (N.D. Cal. Aug. 16, 2018). Move's claim under CDAFA rests on entirely the same conduct as its claim under the CUTSA—namely, that Kaminsky provided himself access to and continued to access Move's Google Drive after his termination. *Compare* FAC ¶¶ 80-86 (CFAA claim), *with id.* ¶¶ 75-79 (CUTSA claim). Move's CDAFA claim is thus preempted and should be dismissed.[9] *See, e.g.*, *Henry Schein, Inc. v. Cook*, No. 16-CV-03166-JST, 2017 WL 783617, at *5 (N.D. Cal. Mar. 1, 2017) ("HSI cannot plausibly allege the second 'use' element of section 502(c)(2) without relying on facts from its CUTSA claim. Therefore, the CUTSA preempts HIS's section 502 claim."); *C&H Travel & Tours, Inc. v. Chow*, No. 2:18-cv-06690-RGK-MRW, 2018 WL 6427369, at *2 (C.D. Cal. Sept. 26, 2018) (dismissing section 502 claim as preempted where "Plaintiff's section 502 claim and trade secret claim are based on the same 'nucleus of facts'"); *Johnson Controls, Inc. v. Therma, LLC*, No. SACV1800636AGKESX, 2018 WL 6133674, at *3 (C.D. Cal. Aug. 17, 2018) (similar); *Movement Mortg., LLC v. Scrima*, No. 2:23-cv-02904-DJC-CSK, 2024 WL 3011202, at *5 (E.D. Cal. June 11, 2024) (similar); *Best Label Co. v. Custom Label & Decal, LLC*, No. 19-cv-03051-SI, 2022 WL 1189884, at *4 (N.D. Cal. Apr. 20, 2022) (granting summary judgment to defendant on similar basis).[10]

---

[9] While the CDAFA is a criminal statute that contains criminal remedies, it also provides a private, civil right of action. *Alert Enter.*, 2023 WL 2541353, at *6. As such, the CUTSA does not supersede a criminal remedy here, but rather a civil claim "based on the same nucleus of facts as trade secret misappropriation." *Id.*

[10] "Although some courts have determined that California Penal Code 502 is not preempted by CUTSA because the remedy is derived from a criminal code section and criminal remedies are exempted, these courts fail to account for the plain language of CUTSA which states that 'civil remedies,' based on misappropriation are preempted." *Movement Mortg.*, 2024 WL 3011202, at *5 (citing Cal. Civ. Code § 3426.7(b)) (collecting cases); *see also JEB Grp., Inc. v. San Jose III*, No. CV 19-04230-CJC(AGRX), 2020 WL 2790012, at *4 (C.D. Cal. Mar. 31, 2020) (relying solely on language from *K.C. Multimedia* that states CUTSA preempts "common law" claims in finding that a statutory violation cannot be preempted and not referencing the language in CUTSA); *Heieck v. Fed. Signal Corp.*, No. SA-CV-18-02118-AGK-ES, 2019 WL 6873869, at *4

The overlap between Move's CUTSA trade secrets claim and its CDAFA claim is apparent on the face of the FAC. Indeed, the one section of Move's complaint that contains the factual allegations underlying Move's CDAFA claim is titled "Mr. Kaminsky Departs Move and Exfiltrates ***Trade Secrets*** to CoStar." *See* FAC at 20 (emphasis added). This overlap is just as explicit in Move's actual legal Claim for Relief under the CDAFA, *see* Fourth Claim of Relief, which copies the exact allegations Move includes in its CUTSA claim. *Compare id.* ¶¶ 66, 75 to ¶¶ 87–92. At bottom, Move alleges in support of its CDAFA claim that Kaminsky "knowingly accessed" Move's protected database "after . . . terminat[ion] [of his] employment," which allowed him to access Move's confidential information. *Henry Schein,* 2017 WL 783617, at *2. These allegations rely wholly on the "facts from its CUTSA claim"—misappropriation of confidential information—and as such, Move's CDAFA claim is superseded by its CUTSA claim and should be dismissed on that basis alone.

### 2.    Move Fails to State A Claim Under Any Subsection of the CDAFA.

Underscoring the weakness of Move's CDAFA claim, and as with its CFAA claim, Move does not specify what subsection of the CDAFA Defendants allegedly violated. This is almost certainly not an oversight by Move, as any even potentially applicable section of the CDAFA ultimately requires substantiated allegations of *use* of its trade secrets, which Move's pleading does not and cannot provide. *See, e.g., U.S. v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2015) ("A plain reading of the [CCDAFA] demonstrates that its focus is on authorized *taking or use* of information." (emphasis added)). This deficiency is fatal to Move's claim. "Neither [Defendants] nor the Court should have to guess how Plaintiff[s] contends [Section 502's] subsections were violated." *Gonzalez v. Uber Techs., Inc.*, 305 F. Supp. 3d

_____

(C.D. Cal. Nov. 4, 2019) (finding no preemption because "section 502 is a criminal statute that contains criminal remedies," without acknowledging that the plaintiff was seeking a civil remedy in that case).

COSTAR'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1078, 1090 (N.D. Cal. 2018) (dismissing Section 502 claim); *see also In re Carrier IQ, Inc.*, 78 F. Supp. 3d at 1098 ("Plaintiffs' failure to specify the specific statutory basis for their § 502 action requires dismissal."). Move cannot correct this error in an opposition brief. *See, e.g.*, *Song*, 2019 WL 1998944, at *5 ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, Move's CFAA claim should be dismissed on this basis alone.

### 3. Move Does Not Plausibly Allege "Damage or Loss."

Like the CFAA, § 502(e)(1) of the CDAFA confers standing only on plaintiffs "who suffer[ed] damage or loss by reason of a violation." Courts have routinely held that where a plaintiff fails to sufficiently allege damage or loss within the meaning of the CFAA, the plaintiff's CDAFA claim fails for the same reason. *See, e.g.*, *Synopsys*, 313 F. Supp. 3d at 1070-73 (CDAFA and CFAA claims failed because plaintiff did not allege facts supporting damage or loss caused by the violations); *NovelPoste*r, 140 F. Supp. 3d at 949-51 (same); *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 485-88 (N.D. Cal. 2021) (same). Section 502(1)(e) outlines damages as compensation for "any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access." Move has alleged no such harm.

For example, Move focuses on Kaminsky's deletion of files from his Move laptop prior to its return, FAC ¶ 90, but Move has not provided a single nonconclusory allegation that such actions harmed Move (for example, the complaint lacks an allegation that such documents were unrecoverable, that Move incurred expense to recover such documents, or that such deletion damaged Move's systems). Similarly, Move has alleged that Kaminsky continued to access Move's Google Drive after his termination and that such access "harm[ed]" Move, *id.* ¶ 91, but Move similarly has not alleged that it incurred any cost or expense to recover any documents or otherwise repair any harm occurring from that access.

At bottom, Move's FAC concludes without support that Kaminsky's alleged actions "harmed" and "substantially damaged" Move. FAC ¶¶ 91–92. Nowhere within Move's claim for violation of section 502—or any of the paragraphs incorporated therein—does Move allege facts showing that Defendants caused or attempted to cause damage to the ***database***, or that Move incurred any expenditure to ***repair or to verify that the database***. *See generally* FAC. Move's conclusory allegations do not meet the requirements of Section 502(1)(e) and instead repeat its insufficient damages claims stated in connection with its CFAA claim. *See Cottle*, 536 F. Supp. 3d at 487 (dismissing CDAFA claims because the operative complaint did "not plead facts supporting actual damage or loss to Plaintiffs as a result of [Defendant's] alleged CDAFA violations"). Thus, Move's CDAFA claim must be dismissed for this separate and independent reason.

### 4. <u>Move has failed to establish that CoStar is liable under the CDAFA for Kaminsky's Alleged Actions</u>

Under California law, employers are generally not liable for the intentional torts, fraud, or crimes of their employees, and are only liable "if there is a 'causal nexus' between the wrongful act and the employment—i.e., where the act 'arose from' the work rather than advanced the unrelated personal interest of the employee." *Castro v. JPMorgan Chase Bank, N.A.*, 2021 WL 3468108, *3 (C.D. Cal. Apr. 14, 2021) (citation omitted). In its fourth claim for relief, Move provides a single statement regarding CoStar's alleged vicarious liability under the CDAFA: that Kaminsky's employment with CoStar "related" to the documents "Kaminsky continued to access." FAC ¶ 90. Such claim under the CDAFA fails for the same reason as Move's CFAA claim: Move's new SEO-focused theory involves (potential) uses of documents by CoStar that fall outside Kaminsky's (now acknowledged) limited role at the company. *See supra* at 10–11. Further, as already established: Move would need to not only allege that Kaminsky's *access* to documents was within the scope of his employment at CoStar, but also that

Kaminsky *used* the documents within the scope of his employment.  *See, e.g., Christensen*, 828 F.3d at 789 *(*explaining the CDAFA requires use).  Move has not even sufficiently alleged that Kaminsky *used* the documents, and does not come close to alleging that any (non-alleged) use was within the scope of his employment at CoStar.  *See supra* at 10–11.

Further, Move cannot attribute Kaminsky's alleged deletion of files prior to the return of his to CoStar to allege CoStar is liable under the CDAFA.  The actions Kaminsky allegedly took to delete his files in accordance with "basic privacy hygiene" is not something CoStar can be vicariously liable for, as they occurred prior to Kaminsky working at CoStar.  FAC ¶ 58.  As one court noted in a similar context, "[h]ow can a person be acting within the scope of his employment with an entity for whom he is not yet employed?"  *Alert Enter.*, 2023 WL 2541353, at *3.  Move makes no allegation to the contrary and Move's CDAFA claim against CoStar should be dismissed.  *See* FAC ¶ 90 (tying alleged vicarious liability only to access).

## C.    Move's CFAA and CDAFA Claim Should Be Dismissed With Prejudice

This is Move's second attempt at pleading a case.  In that time, Move has also filed two separate preliminary injunction motions based upon these same facts.  Move should not be entitled to plead these claims yet again.  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (dismissal with prejudice was justified due to a failure to satisfy pleading requirements "[d]espite repeated opportunities").

As detailed above, *see supra* at 5–6, Move initially filed a complaint based on the false claim that CoStar had misappropriated Move's trade secrets to replicate Move's News & Insights platform.  *See* Dkt. 1.  Move filed a preliminary injunction motion based on this same theory.  Dkt. 10-2.  Move then abandoned such claim under pressure from CoStar and filed the FAC based on a replacement—but just as false and even more tenuous—theory: That CoStar *could use* (but had not yet used) Move's documents to alter its SEO strategy and improve its website traffic. *See*

1  *generally* FAC.  The FAC also removed any direct allegations that CoStar *actually*

2  *had* the documents or information in its possession.  *Id.*

3      Move should not get an opportunity to amend its complaint a *third* time.  Not

4  only has it already taken the opportunity to make wholesale revisions to its pleading

5  —including substantive changes on 20 out of 35 pages of the redlined complaint—

6  but expedited discovery has taken place showing Move has no factual basis for its

7  claims against CoStar.  Dkt. 75.  CoStar demonstrated through forensic experts and

8  sworn testimony that CoStar does not have and has never had the five documents at

9  issue, has never heard of or relied upon the information therein, and never asked—

10  nor directed, condoned, or even asked about—Kaminsky's access.  And Kaminsky

11  himself did not use the documents or information for CoStar's benefit, and does not

12  work in a role that would give him the ability to do so.  Move knows the facts

13  undermine its case—this is why it refused to take any expedited discovery despite

14  CoStar's and Kaminsky's willingness to participate in a mutual discovery process.

15  The evidence, corroborated by Move's refusal to take discovery, underscores that

16  Move's claims against CoStar are baseless, and militate strongly against granting

17  Move a third bite of the apple.  Move's claims should be dismissed with prejudice.

18                        **<u>CONCLUSION</u>**

19      For the foregoing reasons, Move's claims under the CFAA and CDAFA

20  should be dismissed with prejudice.

21  Dated:  September 20, 2024          Respectfully submitted,

22

23                              **LATHAM & WATKINS LLP**

24                              By /s/
                                Nicholas J. Boyle, Admitted *Pro Hac Vice*
25                              Matthew W. Walch, Admitted *Pro Hac Vice*
                                Joseph D. Axelrad
26

27                              *Attorneys for Defendant*
                                CoStar Group, Inc.
28

COSTAR'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1

## __CERTIFICATE OF COMPLIANCE__

2      The undersigned, counsel of record for Defendant CoStar Group, Inc.,

3  certifies that this brief contains 6,729 words, which complies with the word limit of

4  L.R. 11-6.1.

5  Dated:  September 20, 2024          By: _/s/_ _____

6                                          Nicholas J. Boyle

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COSTAR'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT