JENNER & BLOCK LLP
Brent Caslin (SBN 198682)
bcaslin@jenner.com
David R. Singer (SBN 204699)
dsinger@jenner.com
Todd C. Toral (SBN 197706)
ttoral@jenner.com
Carolyn Small (SBN 304938)
csmall@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199
Tel.: 213-239-5100 | Fax: 213-239-5199

*Attorneys for Plaintiffs*

BROWN NERI SMITH KHAN LLP
Ethan J. Brown (SBN 218814)
ethan@bnsklaw.com
Patricia A. E. Tenenbaum (SBN 258916)
patricia@bnsklaw.com
11601 Wilshire Boulevard, Suite 2080
Los Angeles, CA 90025
Tel.: 310-593-9890 | Fax: 310-593-9980

*Attorneys for Defendant James Kaminsky*

LATHAM & WATKINS LLP
Nicholas J. Boyle (*pro hac vice*)
nicholas.boyle@lw.com
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel.: 202-637-2200 | Fax: 202-637-2201

LATHAM & WATKINS LLP
Matthew W. Walch (*pro hac vice*)
matthew.walch@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel.: 312-876-7700 | Fax: 312-993-9767

LATHAM & WATKINS LLP
Joseph D. Axelrad (SBN 274580)
joseph.axelrad@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Tel.: 213-485-1234 | Fax: 213-891-8763

*Attorneys for Defendant CoStar Group, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MOVE, INC., a Delaware corporation; MOVE SALES, INC., a Delaware corporation; REALSELECT, INC., a Delaware corporation,

Plaintiffs,

v.

COSTAR GROUP, INC., a Delaware corporation; JAMES KAMINSKY, an individual; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:24-cv-05607-GW-BFM

**JOINT RULE 26(f) REPORT**

Judge: The Honorable George H. Wu
Ctrm: 9D, 9th Floor
Date: October 24, 2024
Time: 8:30 a.m.

FAC filed: August 16, 2024

Plaintiffs Move, Inc., Move Sales, Inc., and RealSelect, Inc. (collectively, "Move"), and Defendants CoStar Group, Inc. ("CoStar") and James Kaminsky hereby submit this Joint Report following the conference of counsel required by Fed. R. Civ. P. 16(b) and 26(f), this Court's Civil L.R. 26-1, and this Court's Order Setting Scheduling Conference (ECF No. 100).

**RULE 26(f) SUBJECTS**

**A. Conference of Counsel**

Counsel for the Parties met and conferred telephonically on October 2, 2024, pursuant to FRCP 26(f), LR 26-1, and the Court's Order Setting Scheduling Conference. This Report is the result of the Parties' ongoing, good-faith efforts to agree on a proposed discovery plan and case schedule.

**B. Jurisdiction and Service**

Move has alleged that pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this action based on the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq., and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, as well as supplemental jurisdiction over the other claims pursuant to 28 U.S.C. § 1367. Defendants have not challenged this Court's jurisdiction. All Defendants have been served.

**C. Statement of the Case and Legal Issues**

**1. Move's Statement**

Move filed this lawsuit to redress the harm it suffered and is continuing to suffer based on CoStar employee James Kaminsky's repeated access to Move's computer systems and the misappropriation of Move's trade secrets. Move's original Complaint and First Amended Complaint ("FAC") allege the core facts. Move operates the online real estate listings service Realtor.com. One of Move's strategies to drive traffic to its site is creating, curating, and optimizing content for Realtor.com, including the News & Insights section of Realtor.com. Mr. Kaminsky was a content creator for Move for approximately ten years. He is now a content

creator for Move's direct competitor CoStar, which operates the online real estate listings service Homes.com. Defendants insist that Mr. Kaminsky's work at CoStar bears no relation to the work he did for a decade at Move, but for purposes of respondeat superior (relevant to the claims here), that is wrong. At both companies, Mr. Kaminsky's job was or is to create content to drive traffic to an online real estate listings site.

This case is about Mr. Kaminsky's unauthorized access to Move's documents relating to such content creation, including while Mr. Kaminsky worked for Move's direct competitor CoStar. After Mr. Kaminsky left Move, Move discovered that in his last days of work he sent confidential Move files from his work email to his Gmail account and used his Move credentials to grant that same personal account access to dozens of other files. Mr. Kaminsky then deleted more than 900 files and cleared the browser history from his Move laptop. He then secretly accessed Move's electronic files, acquiring Move's trade secrets, including repeatedly while working for CoStar, his new employer. It was a deliberate, targeted, and surreptitious strategy, not a mere ongoing or incidental access as Defendants suggest. Mr. Kaminsky's personal email account did not have access to the documents in question until his final days of work for Move, when he executed on his secret scheme.

Move has alleged with proof—and Mr. Kaminsky has admitted—that he accessed Move's trade secret material while a CoStar employee via Move's secure Google Docs system, constituting violations of each of the statutes asserted in Move's FAC. With that as a starting point, following the preliminary injunction phase, Move is actively pursuing discovery aimed at determining (among other things) what happened to Move's confidential and trade secret files and materials after Mr. Kaminsky wrongfully accessed them. Move propounded several sets of written discovery requests, including, again among other things, a request for the production of forensic images of relevant devices so that Move and its consultants may inspect them. These are the same forensic images that Defendants put directly

and concretely at issue in the Declaration of Kevin Negangard filed by CoStar in connection with CoStar's Opposition to Move's Preliminary Injunction Motion (ECF No. 75-5), at paragraphs 6, 7, 10, 11, and 13, and which their own retained experts have already inspected. Defendants' retained expert has already created those forensic images. Move has stated its readiness to engage with Defendants on logistics for the transfer of images, and requested that Defendants expedite the production and transfer, but Defendants have refused that request. Simultaneously, Defendants demand (outside of normal discovery guided by the Federal Rules of Civil Procedure) that Move provide certain metadata for the confidential documents Mr. Kaminsky wrongfully accessed, but Defendants refuse to serve an interrogatory to that effect, or even respond to Move's proposal for a mutual exchange of the images (from Defendants) and the metadata (from Move). Indeed, Move documented its request that the parties conduct discovery pursuant to the Federal Rules, and it also, as noted, proposed an expedited process that would have resulted in a mutual exchange of the forensic images and document metadata. Move objects to Defendants' one-sided discovery (and their effort to create a misleading record) through (a) their refusal to quickly provide Move with the requested forensic images of the relevant devices, and (b) their insistence on using certain metadata (hash values) to unilaterally search for Move's confidential information on CoStar's systems, while also preventing Move's experts from conducting their own forensic review of the evidence.

**2. CoStar's Statement**

CoStar owns Homes.com, and Move operates Realtor.com, both websites with home listings. Homes.com has surpassed Realtor.com in the marketplace. This case is Move's vain attempt to fight back. It has made a mountain out of a molehill, and waged a PR campaign on the back of false allegations against CoStar.

For years Realtor.com was second only to Zillow. But as a result of significant investment, a superior product, a billion dollar marketing campaign, and a better

business model—rather than auction leads to buyer brokers, as Move does, Homes.com uses an advertising model to help listing brokers sell homes—Homes.com has vaulted ahead. In the words of Move's CEO, Homes.com has become an existential threat to Realtor.com. So when Move noticed that a former employee, Jim Kaminsky—whom Move had let go in January of this year—had maintained access to some unsecure documents on its unsecure platform and had joined Homes.com (in a different role, which he disclosed to Move), Move saw an opportunity to try to use Kaminsky and his actions to tar its surging competitor. It filed a lawsuit, and engaged in a PR campaign, claiming that CoStar had hired Kaminsky to build a news division, and that CoStar was using Move trade secrets to compete against Move. Those claims were baseless. Worse, Move knew that. Kaminsky had told multiple managers at Move that he had been hired to edit and write descriptions of New York condos. And there was no evidence—because none exists—that Kaminsky or CoStar had used any of Move's documents, much less to build a rival news business.

As a result, CoStar sent Move a Rule 11 letter. Move, which had already milked its lawsuit in the press, then abandoned the core of its case and withdrew its allegations regarding CoStar's plans to use Kaminsky and Move's trade secrets to build a competitive news division (even though those allegations had been heard throughout the industry), and filed the FAC—this time, basing its claims on an even weaker, and equally baseless, theory. Move's FAC now alleges CoStar *might* alter its content and search engine optimization ("SEO") strategy to increase web traffic based on Kaminsky's access to purported Move trade secrets that he authored, and that he accessed fleetingly thereafter, and, with one immaterial exception, did not retain.

From one complaint to the next, Move's theory of the case has transformed—but the facts have not. What remains true is, among other things, that CoStar did not hire Mr. Kaminsky for a role related to news, but instead to manage a small group

focused on writing online descriptions of New York condominiums; Mr. Kaminsky does not have any strategic role or input at CoStar beyond the localized content he and his team are generating regarding New York condos; CoStar has a wholly separate residential real estate data and information team, run by a different editor; CoStar does not possess, and has never possessed, any of the documents Move has claimed allegedly contain trade secrets; and CoStar's management has not requested or sought to use any confidential Move information from Mr. Kaminsky to support or advance CoStar's business.

Unlike a genuine trade secret plaintiff that seeks to quickly determine what happened to its documents, Move has sought to avoid the facts. Remarkably, faced with a court order allowing expedited discovery ahead of *Move's own motion* for a preliminary injunction, Move *refused* to take discovery. No wonder. Discovery pursued and evidence affirmatively provided by CoStar and Kaminsky, including a forensic report and a wealth of testimony, have underscored that Move's claims are meritless. CoStar does not have, and certainly has never made use of, the documents Move has claimed allegedly contain trade secrets. Kaminsky had no use for them in his role at CoStar, and in any event did not use them at CoStar. And Move never treated the documents as trade secrets—they were not marked as such, described as such, or secured. To the contrary, they were deliberately left unsecure to foster collaboration with external parties. And that is no surprise, because at their heart the documents concern discussions about celebrity gossip, home buying and lifestyle stories, through August 2024, that are stale and in any event could not be further removed from a secret formula.

Move's campaign of fact-avoidance has continued since its preliminary injunction ("PI") motion was denied. During PI discovery, CoStar served forensic expert reports that showed, among other things, that the five documents on which Move focused in its PI motion were not in CoStar's possession and Kaminsky had segregated and never accessed the one document he still had in his possession. To

reach that conclusion, the forensic expert firm, Alvarez & Marsal ("A&M"), searched for such files based on the limited information provided by Move in expedited discovery. After the PI denial, more than two weeks ago, CoStar asked Move for the MD5 hash values for the documents at issue and the rest of the documents that it has claimed are trade secrets. Those values, which could easily be provided by Move, would enable A&M to determine whether any of the remaining supposed trade secret documents are on any of Kaminsky's personal and CoStar devices, and whether Kaminsky provided any such documents to anyone at CoStar. For reasons that have become plain, Move has stalled, and failed to provide the hash values to enable to further searches to take place. In the parties' meet-and-confer exchanges, Move has offered various excuses for its delay, but none holds water. For example, Move has stated that it will not facilitate a search for its supposed trade secrets because CoStar has not agreed to permit Move to trawl through entirely unrelated files on devices owned by CoStar and Kaminsky. Put aside the fact that Move's fishing expedition request is unjustified—even if that were not true, why does Move's desire to engage in that detour justify, or even explain, a refusal to cooperate in a search for Move documents on CoStar's and Kaminsky's devices? It bears repeating: At every step of the dispute, Move has tried to *avoid* learning what happened to its purported trade secrets—it sat on its hands and did not contact Kaminsky prior to suit; it declined to take discovery at the outset of the case; and now it is erecting barriers to hinder an expanded search for its own documents. Move's tactics speak volumes about its (lack of) belief in the merits of its own case.

Move cannot escape the truth indefinitely. CoStar intends to pursue discovery from Move, including by way of formal requests to obtain the hash values that Move is refusing to disclose, in order to demonstrate that Move has no factual basis—nor did it ever—to support its claims against CoStar. CoStar will also respond to the reasonable discovery served by Move consistent with the applicable rules.

**3. Mr. Kaminsky's Statement**

Kaminsky was a news editor at Move's Realtor.com whose position was eliminated in a surprise mass layoff off in January 2024. Kaminsky, who had no plans to seek another job before his retirement, was blindsided by the layoff, and, in the 48 hours that he had left before he was forced to leave Move's offices, granted himself access at his personal Gmail account (Jim.Kaminsky@gmail.com) to documents which he believed would help him describe his accomplishments for his future job search. Despite Kaminsky's loyal service to Move for almost a decade, no one at Move ever bothered to contact Kaminsky about his access to the documents. Instead, Move developed a press strategy and initiated litigation to try to drag down its competitor (and Kaminsky's new employer), CoStar. Kaminsky is merely a pawn in Move's play against its fierce competitor. Move's false and reckless allegations against Kaminsky, which have dragged his name through the mud, are shameful.

To be clear—and as Kaminsky has already declared under oath—Kaminsky has never, and will never, share any of Move's supposed trade secret documents with anyone. He did not use those documents in any way for his new job at CoStar, which is entirely different from the job he had at Move (and from which he is in any event on leave). Indeed, Move cut off Kaminsky's access to the documents months ago so he does not even have access to them, absent one (regarding employee salaries that Kaminsky himself set) that his counsel advised him to preserve for purposes of the litigation, but that Kaminsky has not accessed for months. Kaminsky has not, and will never, use any of the Move documents at CoStar. He is also contractually obligated with Move and CoStar not to use any of Move's confidential information in the course of his new job. In other words, Move was never harmed by Kaminsky's access to the documents, and it never will be. Moreover, the information contained in the documents is stale, widely disseminated at Move, inadequately protected, and of little, if any, relevance outside of Move, as more fully described in Mr. Kaminsky's extensive declarations filed in this action.

Move claims that Kaminsky "surreptitiously" and "repeatedly" accessed the documents while in the course of his new job at CoStar, but that is false and belied by the evidence. First, Kaminsky has an entirely different job at CoStar than he had at Move, so the Move documents are entirely irrelevant to his new work at CoStar writing and editing descriptions of high-end condominium buildings. Second, Kaminsky did not view any of the documents Move contends are trade secrets for his first nearly three months at Move. He viewed the most of the documents at issue briefly in May 2024 from his home computer, in his home office, as he was digging through old emails to resolve a tax withholding issue. If he had been intent on spying on Move for his new job at CoStar, he would not have waited nearly three months after starting the new job to access the documents when his access could have been terminated at any time by Move. Moreover, Kaminsky did not secretly access the documents; he did so by adding permissions for a personal email address that includes his name (Jim.Kaminsky@gmail.com), as Kaminsky had seen other employees do in the course of his years of employment at Move. Kaminsky contends that Move has suffered no injury from his brief access.

Finally, it is telling that Move has been unable to identify any manner in which it has been harmed by Kaminsky's limited access to the documents months ago. In declining the opportunity to take expedited discovery prior to the hearing on Move's preliminary injunction motion, the only possible inference is that Move knows Kaminsky did not use or disclose any of the alleged trade secrets and does not want to address that inconvenient truth.

**D. Procedural History**

Move filed its original complaint against Defendants on July 2, 2024, and it filed its FAC on August 16, 2024. Move also requested a preliminary injunction, which the Court denied without prejudice on September 23, 2024. CoStar has filed a Motion to Dismiss Move's CFAA and California Comprehensive Computer Data Access and Fraud Act ("CDAFA," Cal. Penal Code § 502) claims, set for hearing on

October 28, 2024, which Mr. Kaminsky joined. The Motion is fully briefed as of the date of the Parties submitting this joint statement.

**E. Parties and Non-Party Witnesses**.

Plaintiffs are Move, Inc., Move Sales, Inc., and RealSelect, Inc (collectively, "Move"). Move is not aware of significant non-party percipient witnesses at this time, although such witnesses might be identified in discovery.

Defendants are CoStar Group, Inc. ("CoStar") and James Kaminsky.

**DISCOVERY PLAN**

**F. Initial Disclosures**

Pursuant to FRCP 26(f)(3)(A), the Parties have conferred regarding the timing of Initial Disclosures under FRCP 26(a) and have agreed to serve their respective Initial Disclosures on or before October 23, 2024.

**G. ESI**

Pursuant to FRCP 26(F)(3), the Parties have discussed disclosure and discovery of electronically stored information and have agreed to work together to develop an efficient plan for the exchange of electronically stored information.

**H. Privilege Issues**

Pursuant to FRCP 26(f)(3)(D), the Parties have conferred and, pending further discovery, do not at this time anticipate significant privilege issues. The Parties reserve and do not waive any objections or other challenges to assertions of privilege or protection that are asserted in the future.

**I. Limitations on Discovery**

Pursuant to FRCP 26(f)(3)(E), the Parties have conferred on the discovery provided for in the Federal Rules. Defendants request (and the parties have agreed) that their expedited discovery requests not count toward applicable discovery limits, including the limits on interrogatories in FRCP 33(a)(1). Defendants will re-serve their expedited discovery requests on a non-expedited basis as part of ordinary merits-based discovery, modified to cover all of the alleged trade secrets instead of

just those at issue in Move's motion for a preliminary injunction. Move reserves the right to object to depositions and deposition testimony that are cumulative of the depositions Defendants have already taken in this action. To the extent that the Parties agree that any depositions will likely need to exceed the time limit set by FRCP 30(d), the Parties will make an application to the Court on a deposition-by-deposition basis. At this time, the Parties do not believe non-expert discovery should be conducted in phases.

**J. Protective Order**

The Parties have a Confidentiality Protective Order in place, issued by Magistrate Judge Mircheff (ECF No. 40).

**K. Discovery Plan and Expert Disclosures**

Pursuant to FRCP 26(f)(2)-(3), the Parties have conferred regarding a discovery plan, including a discovery cutoff date and the timing of expert witness disclosures. Their proposals are provided below.

**ADDITIONAL MATTERS ADDRESSED PURSUANT TO LOCAL RULES**

**L. Complex Litigation Manual**

Pursuant to L.R. 26-1(a), the Parties have conferred and agree that this case should not be designated as complex, and that the procedures of the Manual for Complex Litigation should not be utilized.

**M. Dispositive Motions**

Pursuant to L.R. 26-1(b), the Parties have discussed the filing of dispositive motions. All parties anticipate filing a motion for summary judgment as to some or all of the claims raised in the Complaint at an appropriate time, after discovery has progressed. Defendants have filed a motion to dismiss Move's CFAA and CDAFA claims under Federal Rule of Civil Procedure 12(b)(6), and have noticed a hearing on this motion for October 28, 2024. Dkt. Nos. 96, 97.

**N. ADR Procedures**

Pursuant to L.R. 26-1(c), the Parties have discussed the ADR Procedure

specified in L.R. 16-15.4. The Parties are amenable to ADR Procedure No. 3, a private dispute resolution proceeding with a mediator jointly selected by the Parties.

**O. Trial Estimates and Trial Counsel**

Pursuant to 26-1(d), the Parties estimate that trial of this case will require five to seven court days. Move's lead trial counsel will be Brent Caslin, David R. Singer and Todd C. Toral of Jenner & Block LLP. CoStar's lead trial counsel will be Nicholas J. Boyle and Matthew W. Walch of Latham & Watkins LLP. Mr. Kaminsky's lead trial counsel will be Ethan J. Brown of Brown Neri Smith Khan LLP.

**P. Additional Parties**

Pursuant to L.R. 26-1(e), the Parties have conferred regarding the need to name additional parties. No Party currently identifies any necessary party to be added. Move reserves its right to substitute its Doe Defendants with the names of additional parties, if identified in discovery.

**Q. Independent Examiner or Master**

Pursuant to this Court's Order Setting Scheduling Conference, the Parties have conferred and do not believe that the appointment of a special examiner or master is necessary for this case.

**R. Magistrate Judge**

The Parties do not mutually consent to have a Magistrate Judge preside over the entire action under 28 U.S.C. § 636.

**S. Damages and Insurance Coverage**

Move does not have an estimate of its actual damages or recoverable statutory damages at this time, and will seek material informing damages in discovery.

**T. Discovery and Pretrial Schedule**

Pursuant to LR 26-1(f) and this Court's Order Setting Scheduling Conference, the Parties have conferred on the timing of discovery, expert disclosures, and trial.

The parties propose to the Court the pretrial schedule set forth below:

| | |
|---|---|
| Last day to add parties: | June 9, 2025 |
| Fact discovery cutoff: | June 16, 2025 |
| Initial expert disclosures: (Where party bears burden of proof on issue) | September 8, 2025 |
| Rebuttal expert disclosures: (Where party bears burden of proof on issue) | October 6, 2025 |
| Expert discovery cutoff: | October 27, 2025 |
| ADR completion date: | November 3, 2025 |
| Dispositive motion (MSJ) cutoff: | December 15, 2025 |
| Dispositive motion hearing cutoff: | January 26, 2026 |
| Final Pre-Trial Conference: | March 2, 2026 |
| Trial: | March 23, 2026 |

Dated: October 21, 2024

JENNER & BLOCK LLP

By: */s/ Todd C. Toral*

Brent Caslin
David R. Singer
Todd C. Toral
Carolyn Small
Elizabeth Baldridge

*Attorneys for Plaintiffs*

Dated: October 21, 2024

LATHAM & WATKINS LLP

By: */s/ Nicholas J. Boyle*

Nicholas J. Boyle
Matthew W. Walch
Joseph D. Axelrad

*Attorneys for Defendant CoStar Group, Inc.*

Dated: October 21, 2024

BROWN NERI SMITH KHAN LLP

By: */s/ Ethan J. Brown*

Ethan J. Brown
Patricia A. E. Tenenbaum

*Attorneys for Defendant James Kaminsky*

ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, Todd C. Toral, am the ECF User whose ID and password are being used to file this Joint Rule 26(f) Report. In compliance with Local Rules 5-4.3.4(a)(2), I hereby attest that Nicholas J. Boyle and Ethan J. Brown have concurred with this filing.

Dated: October 21, 2024

*/s/ Todd C. Toral*

Todd C. Toral