JENNER & BLOCK LLP
Brent Caslin (SBN 198682)
bcaslin@jenner.com
David R. Singer (SBN 204699)
dsinger@jenner.com
Todd C. Toral (SBN 197706)
ttoral@jenner.com
Carolyn Small (SBN 304938)
csmall@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199
Tel.: 213-239-5100 | Fax: 213-239-5199

*Attorneys for Plaintiffs*

LATHAM & WATKINS LLP
Nicholas J. Boyle (*pro hac vice*)
nicholas.boyle@lw.com
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel.: 202-637-2200 | Fax: 202-637-2201

LATHAM & WATKINS LLP
Matthew W. Walch (*pro hac vice*)
matthew.walch@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel.: 312-876-7700 | Fax: 312-993-9767

LATHAM & WATKINS LLP
Joseph D. Axelrad (SBN 274580)
joseph.axelrad@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Tel.: 213-485-1234 | Fax: 213-891-8763

*Attorneys for Defendant
CoStar Group, Inc.*

BROWN NERI SMITH KHAN LLP
Ethan J. Brown (SBN 218814)
ethan@bnsklaw.com
Patricia A. E. Tenenbaum (SBN 258916)
patricia@bnsklaw.com
11601 Wilshire Boulevard, Suite 2080
Los Angeles, CA 90025
Tel.: 310-593-9890 | Fax: 310-593-9980

*Attorneys for Defendant James Kaminsky*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOVE, INC., a Delaware corporation; MOVE SALES, INC., a Delaware corporation; REALSELECT, INC., a Delaware corporation,<br><br>     Plaintiffs,<br><br> v.<br><br>COSTAR GROUP, INC., a Delaware corporation; JAMES KAMINSKY, an individual; and DOES 1 through 10, inclusive,<br><br>     Defendants. | Case No. 2:24-cv-05607-GW-BFM<br><br>**JOINT STIPULATION FOR ENTRY OF AN ORDER ESTABLISHING A PROTOCOL FOR FORENSIC DISCOVERY OF CERTAIN FORENSIC IMAGES OF COSTAR GROUP, INC. DEVICES** |

Plaintiffs Move, Inc., Move Sales, Inc., and RealSelect, Inc. (together, "Move"), and Defendant CoStar Group, Inc. ("CoStar") and Defendant James Kaminsky ("Kaminsky") (collectively, the "Parties"), by and through their counsel of record, hereby stipulate and agree as follows to this Forensic Inspection Protocol (the "Protocol"):

**CUSTODY OF COSTAR-ISSUED KAMINSKY DEVICES AND FORENSIC IMAGES THEREOF**

1. This Protocol is intended to apply to the inspection of the forensic images that CoStar's forensics expert ("CoStar's Expert") obtained from the devices identified below:

   i) The forensic image made by CoStar's Expert of Mr. Kaminsky's CoStar-issued Dell Latitude 7430 laptop, SN# 7HBNHR3;

   ii) The forensic image that CoStar's Expert made of Mr. Kaminsky's CoStar-issued Dell Latitude 7430 laptop, SN# 1BKLHW3;

   iii) The forensic image that CoStar's Expert made of Mr. Kaminsky's CoStar-issued Apple MacBook Pro A2991 laptop, SN# YJDFX4Q9PJ; and

   iv) The forensic image that CoStar's Expert made of Mr. Kaminsky's CoStar-issued Apple MacBook Pro A2991 laptop, SN# YYNHVHPW45.

These devices are referred to herein as the "CoStar-Issued Kaminsky Devices" and the forensic images from such devices are referred to herein as the "Forensic Images." CoStar confirms that the CoStar-Issued Kaminsky Devices, in their original and unaltered state, have been forensically imaged and preserved in

accordance with appropriate practices in the industry at the time disclosed in CoStar's Opposition to Move's Preliminary Injunction Motion.

2. CoStar's Expert shall maintain the complete original, unaltered, forensically sound images of the CoStar-Issued Kaminsky Devices in a secure facility it operates and, except as directed otherwise by this Protocol, by joint stipulation of the Parties, or by order of the Court, shall retain custody of such images until the litigation has come to an end (*i.e.*, the case has been dismissed or final judgment has been rendered and all appeal rights have been exhausted) or the Parties otherwise agree.

3. Costs and expenses incurred by CoStar's Expert shall be the sole responsibility of CoStar.

**REVIEW OF FORENSIC IMAGES**

4. The Parties hereby agree to the following Protocol to govern the review of the Forensic Images and the disclosure of information from those Forensic Images to Move and its counsel. Nothing in this Protocol shall be construed as an admission by CoStar of any intentional, improper conduct by CoStar.

5. While CoStar disputes the allegations in Move's pleadings, in the interests of compromise and to facilitate discovery, CoStar has agreed to provide the Forensic Images to BRG, an independent, third-party forensics expert engaged by Move for the purposes of this litigation at Move's sole expense ("Move's Expert").

6. Within five (5) business days of the entry of this Protocol by the Court, CoStar's Expert shall deliver a complete copy of the Forensic Images via encrypted storage media by overnight delivery or hand delivery to Move's Expert at the following address:

> Berkeley Research Group
> Attn: Matthew Moore
> 155 B Avenue
> Suite 240
> Lake Oswego, OR 97034
> 415.640.3385

7. Move's Expert may commence its forensic examination of all files, artifacts and metadata contained on the Forensic Images, including as contained in allocated and unallocated memory on the Forensic Images. As part of that process and prior to the disclosure of any information regarding such examination to Move and its counsel, Move's Expert shall create a file listing (the "File List") containing a list of all user-generated files (*e.g.*, Microsoft Office documents, emails, pdfs, photos, and/or video) on the Forensic Images and will provide the File List to Defendants' counsel so that Defendants' counsel can review to determine whether: (a) any of the information on the File List needs to be (i) redacted or withheld for privacy, privilege, or (ii) designated as Confidential or Outside Counsel Eyes Only pursuant to the Confidentiality Protective Order; or (b) whether CoStar intends to move for a separate protective order to preclude the disclosure of any such information to Move and/or its counsel. Defendants' counsel shall promptly review

the File List and shall identify and designate any information on the File List, if any, that implicates their clients' respective privacy or unique company confidentiality concerns or attorney-client privileged information in a written notice sent to Move's Expert within three (3) business days.  Defendants' counsel shall also identify in such notice any CoStar confidential or highly-confidential information on the File List that would require the File List to be designated according to the Confidentiality Protective Order (ECF No. 40) (the "Confidentiality Protective Order").  Should any scheduling conflicts arise that would prevent them from complying with this three (3) business day requirement, Defendants' counsel shall promptly notify Move's counsel about the conflict and seek an agreement on an alternate date to be set as promptly as practicable. Defendants' counsel shall communicate directly with Move's Expert about the potentially privileged or confidential or highly-confidential information on the File List in its notice.  Defendants' counsel shall, as applicable, provide Move's counsel with a log supporting the withholding or non-disclosure of any information on the File List on the basis of attorney-client privilege in the format required by Federal Rule of Civil Procedure 26(b)(5).  Withholding shall only be on the basis that the information on the File List is privileged; provided, however, CoStar reserves the right to move for a protective order with respect to any anticipated disclosure of non-privileged unique Company confidential information on the File List.  Upon completion of the foregoing review process, Move's Expert can share the File List (subject to any modifications required through the process set

forth in this Paragraph) to Move and/or its counsel as permitted by the Confidentiality Protective Order.

8. At the time Move's Expert provides Defendants' counsel with the File List or at any point until within thirty days of the close of fact discovery, Move's Expert may also notify such counsel of its intention to share some or all of the files, artifacts or metadata identified on the File List or forensic reports regarding the Forensic Images generated using forensic tools (such reports shall not include any independent expert reports or other summaries generated by Move's Expert) with Move or its counsel by identifying such files, artifacts or metadata or forensic reports in a written list (the "File Disclosure List") so that Defendants' counsel can determine whether (a) any of those files, artifacts, metadata or forensic reports need to be (i) redacted or withheld for privacy or privilege, (ii) designated as Confidential or Outside Counsel Eyes Only pursuant to the Confidentiality Protective Order; or (b) CoStar intends to move for a separate protective order to preclude the disclosure of any such files, artifacts, metadata or forensic reports to Move and/or its counsel. Defendants' counsel shall promptly review the File Disclosure List and shall identify and designate entire files, artifacts, metadata, forensic reports or specific information in the files, artifacts, metadata or forensic reports identified on the File Disclosure List that implicates privacy, unique company confidentiality concerns or attorney-client privileged information in a written notice that will be sent to Move's Expert within twenty-eight (28) calendar days or sooner. Defendants' counsel shall use best

efforts to complete the review of the File Disclosure List as soon as practicable and, if possible, in less than twenty-eight (28) days. With such notice, Defendants' counsel shall also identify whether any of the files, artifacts, metadata or forensic reports should be designated confidential or highly-confidential information according to the Parties' Confidentiality Protective Order. Should any scheduling conflicts arise that would prevent them from complying with this twenty-eight (28) calendar day requirement, Defendants' counsel shall promptly notify Move's counsel about the conflict and seek an agreement on an alternate date to be set as promptly as practicable. Defendants' counsel shall communicate directly with Move's Expert about the private, potentially privileged or CoStar confidential or highly-confidential information identified by them in the files, artifacts, metadata or forensic reports on the File Disclosure List. Defendants' counsel shall, as applicable, provide Move's counsel with a log supporting the withholding or non-disclosure of any files, artifacts, metadata or forensic reports on the File Disclosure List withheld on the basis of attorney-client privilege in the format required by Federal Rule of Civil Procedure 26(b)(5). Withholding shall only be on the basis that the file, artifacts, metadata or forensic reports are privileged in whole or part; provided, however, CoStar reserves the right to move for a protective order with respect to any anticipated disclosure of non-privileged CoStar confidential information identified on the File Disclosure List. Upon completion of the foregoing review process, Move's Expert can share the files, artifacts, metadata or forensic reports on the File

Disclosure List (subject to the withholding/redactions or designations made by any of the Defendants pursuant to the process set forth in this Paragraph) to Move and/or its counsel as permitted by the Confidentiality Order. Move's Expert will not share such files, artifacts, metadata or forensic reports with Move or its counsel until this process is completed.

9. If in Defendants' counsel's determination, certain materials need to be redacted for privilege, such counsel shall produce redacted versions of those materials directly to Move's counsel within three (3) business days of the service of the File List or twenty-eight (28) calendar days of the service of the File Disclosure List. Defendants' counsel shall use best efforts to produce redacted versions of material as soon as practicable.

10. Once Move's Expert and Defendants' counsel complete the process outlined in the preceding two paragraphs, Move's Expert may share with Move's outside counsel (and with Move, as permitted under the Confidentiality Protective Order) the non-privileged files, artifacts and metadata identified on the File Disclosure List that Defendants' counsel did not otherwise identify privacy or unique confidentiality concerns in their response to the File Disclosure List, with confidentiality designations as determined by Defendants' counsel.

11. The Parties agree that the provision of the Forensic Images as described herein shall not constitute a waiver of any claim of attorney-client privilege, work product protection, or any other protection against disclosure, or any rights to claw

back or to confidentiality under the Confidentiality Protective Order or otherwise. The Parties further agree that nothing in this stipulation shall constitute a waiver of Move's right to challenge an assertion of privilege or work product by CoStar or Mr. Kaminsky or to challenge a designation under the Confidentiality Protective Order pursuant to its terms.

12. The Parties further agree that nothing in this stipulated Protocol is a waiver of Move's rights and protections under Federal Rule of Civil Procedure 26 concerning the exchange of expert information and reports. Moreover, compliance with this Protocol will not be deemed as a waiver of any work product or attorney-client privilege protections for retained experts' communications with counsel or those experts' drafts of reports.

Dated: December 19, 2024         JENNER & BLOCK LLP

                                 By: */s/ Todd C. Toral*
                                     Todd C. Toral
                                     Brent Caslin
                                     David R. Singer
                                     Carolyn Small
                                     Elizabeth Baldridge

                                 *Attorneys for Plaintiffs*

| | |
|---|---|
| Dated: December 19, 2024 | LATHAM & WATKINS LLP |
| | By: */s/ Matthew W. Walch*<br>Nicholas J. Boyle<br>Matthew W. Walch |
| | *Attorneys for Defendant*<br>*CoStar Group, Inc.* |
| Dated: December 19, 2024 | BROWN NERI SMITH KHAN LLP |
| | By: */s/ Ethan J. Brown*<br>Ethan J. Brown<br>Patricia A. E. Tenenbaum |
| | *Attorneys for James Kaminsky* |