JENNER & BLOCK LLP
Brent Caslin (SBN 198682)
bcaslin@jenner.com
David R. Singer (SBN 204699)
dsinger@jenner.com
Todd C. Toral (SBN 197706)
ttoral@jenner.com
Carolyn Small (SBN 304938)
csmall@jenner.com
Elizabeth Baldridge (SBN 313390)
ebaldridge@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone:  +1 213 239 5100
Facsimile:  +1 213 239 5199
Tel.: 213-239-5100 | Fax: 213-239-5199

*Attorneys for Plaintiffs*

BROWN NERI SMITH KHAN LLP
Ethan J. Brown (SBN 218814)
ethan@bnsklaw.com
Patricia A. E. Tenenbaum (SBN 258916)
patricia@bnsklaw.com
11601 Wilshire Boulevard, Suite 2080
Los Angeles, CA 90025
Tel.: 310-593-9890 | Fax: 310-593-9980

*Attorneys for Defendant James Kaminsky*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOVE, INC., a Delaware corporation; MOVE SALES, INC., a Delaware corporation; REALSELECT, INC., a Delaware corporation,<br><br>                  Plaintiffs,<br><br>   v.<br><br>COSTAR GROUP, INC., a Delaware corporation; JAMES KAMINSKY, an individual; and DOES 1 through 10, inclusive,<br><br>                  Defendants. | Case No. 2:24-cv-05607-GW-BFM<br><br>**JOINT STIPULATION FOR ENTRY OF AN ORDER ESTABLISHING A PROTOCOL FOR FORENSIC INSPECTION OF CERTAIN DIGITAL MEDIA** |

Plaintiffs Move, Inc., Move Sales, Inc., and RealSelect, Inc. (together, "Move"), and Defendant James Kaminsky (collectively, the "Parties"), by and through their counsel of record, hereby stipulate and agree as follows to this Forensic Inspection Protocol (the "Protocol"):

**CUSTODY OF DIGITAL MEDIA**

1. The Parties confirm that this Protocol is intended to apply to the inspection of the below device and its contents (the "Kaminsky Device"). Mr. Kaminsky confirms that the Kaminsky Device listed herein, in its original and unaltered state, has been forensically imaged or preserved in accordance with appropriate practices in the industry.

- The forensic image made by Mr. Kaminsky's forensic experts ("Kaminsky's Expert") of Mr. Kaminsky's personal Apple MacBook Pro A2337 laptop, SN# FVFFH9QMQ6L5.

2. Kaminsky's Expert shall maintain the complete original, unaltered, forensically sound image or preservation copy of the Kaminsky Device in segregated duplicate in a secure facility they operate and, except as directed otherwise by this Protocol, by joint stipulation of the Parties or by order of the Court, shall retain custody of the forensically sound image or preservation copy of the Kaminsky Device until the litigation has come to an end (i.e., the case has been dismissed or final judgment has been rendered and all appeal rights have been exhausted).

3. Costs and expenses incurred by Kaminsky's Expert shall be the sole responsibility of Mr. Kaminsky.

**DISCOVERY**

4. As soon as practicable, and no later than seven business days following the execution of this Protocol, Kaminsky's Expert shall deliver the materials and information described in paragraphs 5-9 of this Protocol via secure FTP to Move's forensic expert ("Move's Expert") by e-mail transmission to Matthew.Moore@thinkbrg.com and AShiflett@thinkbrg.com.

5. Kaminsky's Expert shall run Magnet Axiom or a similar product across the forensic image of the Kaminsky Device and produce reports for each category Magnet Axiom finds in Excel format (e.g. Google Searches, Chrome Internet History, Quick Look Thumbnails, etc.). Kaminsky's Expert shall exclude any categories that could contain the content of user documents or emails that could be privileged, including "Excel Documents," "Gmail Fragments," or "iChat Messages," and provide a list of the suppressed categories as part of the privilege log described in paragraph 6.

6. In the Magnet Axiom reports that are produced that potentially reflect private or privileged information (including but not limited to email and text histories, Google Searches and browser histories), Mr. Kaminsky may withhold data that (1) predates January 10, 2024, or (2) post-dates January 10, 2024, but which relates exclusively to Mr. Kaminsky's private matters such as family health. For the avoidance of doubt, Mr. Kaminsky shall still produce all Magnet Axiom or similar reports reflecting information (including internet search histories) that post-dates January 10, 2024 and which relate to Move, CoStar, accessing Google Docs, file deletion, or any of the facts or issues raised in the complaint and answer, along with a log of withheld information, stating the reason why the particular search is being withheld.

7. Kaminsky's Expert shall also provide acquisition information for the Kaminsky Device, including the make, model, serial number, imaging date, and hash value of the created forensic image of the Kaminsky Device.

8. Kaminsky's Expert shall also generate a report listing how many APFS snapshots exist on the disk and the date of each. If none exist, Kaminsky's Expert shall provide a short statement to that effect.

9. Kaminsky's Expert shall also produce a list of files and folders contained in the forensic image of the Kaminsky Device via Cellebrite Inspector. The list shall be generated in the Browser tab "Save File Listing" option, to csv format. CSVs shall not be split based on size. All fields shall be produced, including:

    (a) File Path
    (b) File Name
    (c) File Size
    (d) Date Created
    (e) Date Modified
    (f) Date Accessed
    (g) Date Added
    (h) MD5 Hash
    (i) All Spotlight metadata

10. Within ten business days after providing the information described in paragraphs 5-9, Kaminsky's Expert shall also provide Move's Expert with the following artifacts, including data with folder structure in DMG format and Cellebrite Inspector for the export. These artifacts can be provided via secure FTP to the e-mail addresses listed in paragraph 4:

    (a) All non-UGD files containing these strings in the names:
        (i) MicrosoftRegistrationDb
        (ii) .bash_history
        (iii) .zsh_history
        (iv) com.apple.TimeMachine.plist
        (v) .AppleSetupDone

     (vi)  InstallHistory.plist

  (b) All non-UGD files containing these strings in the paths:

     (i)  .zsh

     (ii)  com.apple.QuickLook.thumbnailcache

     (iii)  .fseventsd

     (iv)  private\var\log (include any container file types that exist in this directory so long as those containers do not contain UGD)

     (v)  private\var\db\uuidtext

     (vi)  private\var\db\diagnostics

     (vii)  private\var\spool

     (viii)  Library\Preferences

     (ix)  Library\Logs

     (x)  .Spotlight-v100

     (xi)  .bash_sessions

  11. If Kaminsky's Expert determines (with the aid of Kaminsky's counsel) that artifacts listed in paragraphs 10(a)-10(b) would, if produced, risk disclosing personal (for example, health) or attorney-client privileged information, Kaminsky's Expert shall withhold those artifacts in the first instance and produce a log of the withheld artifacts, stating the reason why the particular artifact is being withheld.

  12. Kaminsky's Expert shall also withhold from the transmittal to Move's Expert all underlying Microsoft Office files, pdfs, photos, videos, and other files containing audio-visual content on the Kaminsky Device.

  13. Once Move's Expert has reviewed the full file listing and reports, Move will have the right to request specific files and/or artifacts for further forensic examination.

  14. Mr. Kaminsky will then have five business days to either object to Move's request or produce the requested underlying files or artifacts. If Mr.

Kaminsky fails or refuses to do so, or if either Party determines that a dispute over an objection pursuant to this Protocol cannot be resolved, the Parties have the right to seek assistance from the Court within one business day, according to the operative civil procedures for discovery disputes.

15. The Parties agree that the provision of the Forensic Images as described herein shall not constitute a waiver of any claim of attorney-client privilege, work product protection, or any other protection against disclosure, or any rights to claw back or to confidentiality under the Confidentiality Protective Order or otherwise. The Parties further agree that nothing in this stipulation shall constitute a waiver of Move's right to challenge an assertion of privilege or work product by Mr. Kaminsky or to challenge a designation under the Confidentiality Protective Order pursuant to its terms.

16. The Parties further agree that nothing in this stipulated Protocol is a waiver of Move's rights and protections under Federal Rule of Civil Procedure 26 concerning the exchange of expert information and reports. Moreover, compliance with this Protocol will not be deemed as a waiver of any work product or attorney-client privilege protections for retained experts' communications with counsel or those experts' drafts of reports.

Dated: January 15, 2025                    JENNER & BLOCK LLP

                                           By: /s/ Todd C. Toral
                                           _____
                                           Todd C. Toral
                                           Brent Caslin
                                           David R. Singer
                                           Carolyn Small
                                           Elizabeth Baldridge

                                           *Attorneys for Plaintiffs*

| | |
|---|---|
| Dated: January 15, 2025 | BROWN NERI SMITH KHAN LLP |
| | By: */s/ Ethan J. Brown* |
| | Ethan J. Brown |
| | Patricia A. E. Tenenbaum |
| | *Attorneys for Defendant James Kaminsky* |